IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI OF CALIFORNIA, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits the allegations contained in paragraph 2 to the extent supported by the stipulation cited, which is the best evidence of its contents. Otherwise, the allegations contained in paragraph 2 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in paragraph 3 to the extent supported by the stipulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 3.

4. Admits the allegations contained in paragraph 4 to the extent supported by the stipulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5 to the extent supported by the stipulation cited, which is the best evidence of its contents. Otherwise, the allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. Admits the allegations contained in paragraph 6 to the extent supported by the stipulation and exhibit cited, which are the best evidence of their contents. Otherwise, the allegations contained in paragraph 6 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. Admits the allegations contained in the first and last sentences of paragraph 7. Otherwise, admits the allegations contained in paragraph 7 to the extent supported by the opinion cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegation contained in the first sentence of paragraph 10 that plaintiff filed an action in the United States District Court for the District of Nevada to collect the Equal Access to Justice Act judgment that he was previously awarded; the remaining allegations contained in the first sentence of paragraph 10 are conclusions of law to which no response is required. Admits the remaining allegations contained in paragraph 10 to the extent supported by the exhibits cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegations contained in the first sentence of paragraph 11 to the extent supported by the mandate cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the check cited, which is

the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in paragraph 13 to the extent supported by the stipulation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits the allegations contained in paragraph 15 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 15.

16. Admits the allegations contained in paragraph 16 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. The allegations contained in the first and second sentences of paragraph 17 constitute conclusions of law and plaintiff's characterization of his case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 17 to the extent supported by the exhibit cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 17. Denies the allegations contained in the fourth sentence of paragraph 17. The allegations contained in the fifth and sixth sentences of paragraph 17 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. Admits the allegations contained in paragraph 18 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 18.

19. The allegations contained in the first sentence of paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the first and third items of the second sentence of paragraph 19. The allegations contained in the second item of the second sentence

of paragraph 19 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Admits the allegations contained in paragraph 20 to the extent supported by the exhibits cited, which are the best evidence of their contents. Otherwise, the allegations contained in paragraph 20 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. Admits the allegations contained in paragraph 21 to the extent supported by the statute cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits that the United States has not paid the Value Engineering Change Proposal, or VECP, awards directly to plaintiff; otherwise denies the allegations contained in the first sentence of paragraph 22. Admits the allegations contained in the second and third sentences of paragraph 22 to the extent supported by the correspondence cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 22, and denies the

existence of any material misrepresentations in the cited correspondence.

23. The allegations contained in paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. Admits the allegations contained in paragraph 25 to the extent supported by the exhibits cited, which are the best evidence of their contents. Otherwise, the allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. Admits the allegations contained in paragraph 27 to the extent supported by the exhibits cited, which are the best evidence of their contents. Otherwise, the allegations contained in paragraph 27 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. Denies the allegations contained in the first sentence of paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth of the matters asserted. Admits the remaining allegations contained in paragraph 28 to the extent supported by the exhibits cited, which are the best evidence of their contents. Otherwise, the remaining allegations contained in paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Admits the allegations contained in the first sentence of paragraph 29. Denies that Mark Melnick was an Assistant United States Attorney. Denies the allegations contained in the second sentence of paragraph 29. Admits the allegations contained in the third sentence of paragraph 29. Admits that Mark Melnick was aware of the payments that the Court ordered in Case No. 90-3961C; otherwise, the allegations contained in the fourth sentence of paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

30. The allegations contained in paragraph 30 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. Admits that the interpleader action was not withdrawn. Otherwise, the allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. Denies that Mark Melnick knowingly elected to wrongfully pay the Bank of America and maintain the interpleader action. Otherwise, the allegations contained in paragraph 32 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Admits the allegations contained in paragraph 34 to the extent supported by the amendment and judgment cited, which are the best evidence of their contents. Admits that plaintiff sought payment and that the United States withheld payment; otherwise, the allegations contained in the second sentence of paragraph 34 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied. Admits the allegations contained in the third sentence of paragraph 34.

35. Admits the allegations contained in the first sentence of paragraph 35 to the extent supported by the check cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 35. Admits the allegations contained in the second sentence of paragraph 35.

36. Admits the allegations contained in the first sentence of paragraph 36 to the extent supported by the judgment cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 36. The allegations contained in the second sentence of paragraph 36 constitute conclusions of law and plaintiff's characterization of his case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

37. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 36, or to any relief whatsoever.

38. Denies each and every allegation not previously admitted or otherwise qualified.

FIRST AFFIRMATIVE DEFENSE

39. Plaintiff's claim for $58,613.03, plus interest, arising from a February 10, 1993 VECP award is barred by the statute of limitations.

SECOND AFFIRMATIVE DEFENSE

40. Plaintiff's claim for $58,613.03, plus interest, arising from a February 10, 1993 VECP award is barred by defendant's payment of that award to plaintiff's assignee.

THIRD AFFIRMATIVE DEFENSE

41. Plaintiff's claim for $16,574.74, plus interest, arising from a December 28, 2000 VECP award is barred by defendant's payment of that award to plaintiff's assignee.

FOURTH AFFIRMATIVE DEFENSE

42. Any claim that plaintiff's assignments of contract payments to Bank of America National Trust and Savings Association are not valid is barred by collateral estoppel and res judicata.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

May 17, 2004 Attorneys for Defendant

Certificate of Filing

I hereby certify that on May 17, 2004, a copy of the foregoing Defendant's Answer and Affirmative Defenses was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL