IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STIPULATIONS OUTLINING
CHRONOLOGY, STATUS, AND IMPACT OF PREVIOUS, RELATED CASES

R. VAUGHN GOURLEY
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, NV 89130
Telephone:(702) 656-2355
Facsimile: (702) 656-2776

SCOTT CANTOR
Graziadei & Cantor
302 East Carson Street
Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 477-7733
Facsimile: (702) 477-0020

Attorneys for Plaintiff

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

Attorneys for Defendant

July 9, 2004

TABLE OF CONTENTS

PAGE

JOINT STIPULATIONS OUTLINING CHRONOLOGY, STATUS, AND IMPACT OF PREVIOUS, RELATED CASES . . . . . . . . . . . . . . . . . . . 1

1. U.S. Armed Services Board of Contract Appeals, ASBCA No. 26362, et al. . . . . . . . . . . . . . . . . . . 1

2. Bank of America v. United States, Bianchi, No. 90-3961C (Fed. Cl.), Nos. 93-5059, 93-5060 (Fed. Cir.) . . . . . . . . . . . . 4

3. U.S. Armed Services Board of Contract Appeals, ASBCA No. 36518 . . . . . . . . . . . . . . . . . . . . 7

4. Bianchi v. Perry, No. CV-94-00686-HDM (D. Nev.), No. 96-15869 (9th Cir.) . . . . . . . . . . . . . . . . 8

5. Bianchi v. Walker, No. CV-S-94-747-LDG (RJJ) (D. Nev.), No. 97-17024 (9th Cir.), No. 98-1860 (U.S.) . . . . . . . . . . . . . . . . . . 10

6. Bianchi v. United States, No. 98-794C (Fed. Cl.) . . . . . . . . . . . . . . . . 12

7. U.S. Armed Services Board of Contract Appeals, ASBCA No. 37029 . . . . . . . . . . . . . . . . . . . 12

PLAINTIFF'S INDEPENDENT STATEMENTS . . . . . . . . . . . . . 13

1. U.S. Armed Services Board of Contract Appeals, ASBCA No. 26362, et al. . . . . . . . . . . . . . . . . 13

2. Bank of America v. United States, Bianchi, No. 90-3961C (Fed. Cl.), Nos. 93-5059, 93-5060 (Fed. Cir.) . . . . . . . . . . . 14

3. U.S. Armed Services Board of Contract Appeals, ASBCA No. 36518 . . . . . . . . . . . . . . . . . . . 17

4. Bianchi v. Perry,
No. CV-94-00686-HDM (D. Nev.),
No. 96-15869 (9th Cir.) . . . . . . . . . . . . . . . . . 18

5. Bianchi v. Walker,
No. CV-S-94-747-LDG (RJJ) (D. Nev.),
No. 97-17024 (9th Cir.),
No. 98-1860 (U.S.) . . . . . . . . . . . . . . . . . . . 20

6. Bianchi v. United States,
No. 98-794C (Fed. Cl.) . . . . . . . . . . . . . . . . . 22

7. U.S. Armed Services Board of Contract Appeals,
ASBCA No. 37029 . . . . . . . . . . . . . . . . . . . . 22

DEFENDANT'S INDEPENDENT STATEMENTS . . . . . . . . . . . . . . 23

1. U.S. Armed Services Board of Contract Appeals,
ASBCA No. 26362, et al. . . . . . . . . . . . . . . . . 23

2. Bank of America v. United States, Bianchi,
No. 90-3961C (Fed. Cl.),
Nos. 93-5059, 93-5060 (Fed. Cir.) . . . . . . . . . . . 23

3. U.S. Armed Services Board of Contract Appeals,
ASBCA No. 36518 . . . . . . . . . . . . . . . . . . . . 24

4. Bianchi v. Perry,
No. CV-94-00686-HDM (D. Nev.),
No. 96-15869 (9th Cir.) . . . . . . . . . . . . . . . . . 24

5. Bianchi v. Walker,
No. CV-S-94-747-LDG (RJJ) (D. Nev.),
No. 97-17024 (9th Cir.),
No. 98-1860 (U.S.) . . . . . . . . . . . . . . . . . . . 25

6. Bianchi v. United States,
No. 98-794C (Fed. Cl.) . . . . . . . . . . . . . . . . . 26

7. U.S. Armed Services Board of Contract Appeals,
ASBCA No. 37029 . . . . . . . . . . . . . . . . . . . . 27

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

JOINT STIPULATIONS OUTLINING
CHRONOLOGY, STATUS, AND IMPACT OF PREVIOUS, RELATED CASES

Pursuant to the Court's June 25, 2004 order, the parties provide the following joint stipulations outlining the chronology, status, and impact of previous, related cases, including the cases disclosed in plaintiff's March 18, 2004 Notice of Related Cases, and how the previous cases are related to this case. Also pursuant to the Court's order, the parties independently discuss the impact of some of those cases upon this case. The parties state:

**1. U.S. Armed Services Board of Contract Appeals, ASBCA No. 26362, et al.**

Between 1979 and 1981, plaintiff, Maurice Bianchi, doing business as M. Bianchi of California, entered into contracts with the Defense Logistics Agency ("DLA") for the manufacture and shipping of military coats and jackets. Mr. Bianchi filed an appeal before the Armed Services Board of Contract Appeals ("ASBCA") pursuant to the Contracts Dispute Act, 41 U.S.C.

§ 605(c)(3) (2000), claiming certain cost overruns pursuant to the terms of the underlying contracts. The Government counterclaimed that Mr. Bianchi had defaulted upon two of the contracts. The case was settled by a Stipulation to Board Decision, which the parties signed on September 27, 1988, and which the ASBCA, on September 29, 1988, incorporated into the Decision of the ASBCA in the Appeal of M. Bianchi of California, ASBCA, 91-1 BCA ¶ 23445.

The Stipulation to Board Decision provides:

> The parties to the above-listed appeals agree to stipulate to the following decision by the Board:
>
> "1. The parties agree that Mr. Maurice Bianchi, as the successor to M. Bianchi of California, is entitled to recover $617,500.00 on his claims in the following appeals: ASBCA Nos. 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26523, 26642, 29932, 29933 and 29934; that the government is entitled to take nothing on its claims in the following appeals: ASBCA Nos. 2632, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933 and 29934; that Mr. Bianchi is entitled to interest computed in accordance with Clauses L78 (Disputes (1979 MAR)) of the contracts, at the rates prescribed by the Secretary of the Treasury, under the Renegotiation Act, Public Law 92-41, on the principal amount of $617,500, such interest to run from June 19, 1981 until the date of payment; and that the parties waive their rights to seek reconsideration of this stipulated decision of the Board or to appeal that stipulated decision;
>
> "2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with DPSC; and
>
> "3. This settlement is without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act to recover whatever legal fees and litigation expenses to which he may be entitled in connection with these claims and appeals. The parties stipulate that the issues of prevailing party and

> substantial justification will be decided on the basis of the record made at the first trial. The parties agree that the application for legal fees and litigation expenses under the Equal Access to Justice Act will be submitted within thirty days of receipt by Appellant of the agreed-upon settlement payment."
>
> Except as noted, above, Appellant and the government agree to stipulate to the dismissal of these appeals with prejudice.
>
> The ASBCA's September 29, 1988 decision further provides:
>
> DECISION
>
> It is the Board's decision, pursuant to 41 U.S.C. § 607(d), § 612(b), and the parties' stipulation and agreement, that the appeals are sustained. In the nature of a consent judgment the Board makes a monetary award in the amount of $617,500 with interest from 18 June 1981.

On September 20, 1990, the ASBCA awarded Mr. Bianchi $475,724.51 pursuant to the Equal Access to Justice Act ("EAJA") for litigation fees and expenses incurred in connection with ASBCA Case No. 26362.

The impact of ASBCA Case No. 26362 upon Case No. 04-440C (Fed. Cl.) is that it resulted in the September 27, 1988 Stipulation to Board Decision, which provided Mr. Bianchi with his right to pursue various other claims against the Government which were the subjects of the other related cases discussed below. Furthermore, the Stipulation to Board Decision set forth Mr. Bianchi's entitlements as provided and reserved to him in the settlement of his Contracts Dispute Act litigation. That settlement was inviolate, and was to be honored in all of its

terms and aspects.

**2. <u>Bank of America v. United States, Bianchi</u>, No. 90-3961C (Fed. Cl.), Nos. 93-5059, 93-5060 (Fed. Cir.)**

Pursuant to the Stipulation to Board Decision, the Government paid Mr. Bianchi $617,500, plus interest, for a total payment of $1,141,220.83. Pursuant to the reservation of rights set forth in that Stipulation, Mr. Bianchi pursued both his EAJA claim for litigation fees and expenses, and his claim to Value Engineering Change Proposal ("VECP") royalties.

Approximately two years after the Government paid Mr. Bianchi the $1,141,220.83, the Bank of America sued the United States in the Court of Federal Claims in Case No. 90-3961C. The Bank claimed that Mr. Bianchi had assigned to it his rights under his contracts with the Government and that, as a result, the Government should have paid the $617,500, plus interest, to the Bank rather than to Mr. Bianchi. The Government answered the Bank's Complaint and also brought a third-party claim against Mr. Bianchi in two counts.

Under the First Claim for Relief of the Third-Party Complaint, the Government alleged that it had paid Mr. Bianchi erroneously in that Mr. Bianchi was indebted to the Small Business Administration ("SBA") for a sum greater than that which the Government promised to pay him pursuant to the Stipulation To Board Decision of the Contracts Dispute Act litigation. In the

Second Claim for Relief, the Government alleged that if the United States Court of Federal Claims found it to be liable to the Bank for any sum whatsoever, the Government should have a judgment over and against Mr. Bianchi for the amount of any such judgment in favor of the Bank. All parties then brought motions for summary judgment. On October 16, 1992, the Court ruled in favor of the Government, upon both Mr. Bianchi's claims and the Bank's claims.

With respect to the Bank's claims, the Court held that the Bank had assigned Mr. Bianchi's assignments to it to the SBA, as part of the latter's guarantee of loans to Mr. Bianchi and, therefore, the Bank had no standing to bring its claims. As to Mr. Bianchi's claims, the Court held that the Government had paid Mr. Bianchi erroneously because Mr. Bianchi had been indebted to the SBA for an amount in excess of that which the Government had paid him pursuant to the Stipulation to Board Decision. Accordingly, the Court ordered that Mr. Bianchi repay the Government the $1,141,220.83 previously paid.

Both the Bank and Mr. Bianchi appealed the Court's decision to the United States Court of Appeals for the Federal Circuit, in Case No. 90-3961C. On April 29, 1994, the Federal Circuit reversed the judgment in the Government's favor against the Bank, and vacated the judgment in favor of the Government against Mr. Bianchi. The court denied the Government's petition for

rehearing on June 23, 1994.

Subsequent to the Federal Circuit's decision, Mr. Bianchi filed an EAJA application for litigation fees and expenses incurred in connection with the Federal Circuit case. On September 30, 1994, the Federal Circuit denied the application (other EAJA applications were granted and are distinguished from the EAJA application under discussion in that order) but, in so doing, took the opportunity to address the Government's contention that only one of its two third-party claims was before the court on appeal and that, therefore, the Government could proceed against Mr. Bianchi pursuant to the second claim under its third-party complaint. The court stated:

> On April 29, 1994, this court vacated the judgment of the Court of Federal Claims, No. 90-3961C, in favor of the government against Bianchi. Bank of America Nat. Trust & Sav. Ass'n v. United States, 23 F.3d 380, 385 (Fed. Cir. 1994). Based on a settlement agreement by which Bianchi agreed to settle his contract claims against the government in return for a payment of $1,141,220.83, this court held "that the government, having waived its right to challenge the settlement, [was] precluded from seeking to recover the settlement award through a third-party complaint filed in the Court of Federal Claims." Id. at 384. The government correctly argues that only its third-party claim, and not its contingent claim, was before us on appeal; it is clear from our decision, however, that the contingent claim must fail as well since it is based on identical grounds. Indeed, all that remains of the government's claims against Bianchi is the purely ministerial act of entering judgment against the government in the Court of Federal Claims. [citations omitted].

Upon remand of the case to this Court, the Court entered

judgment in favor of the Bank and against the Government in the amount of $342,140.05, and dismissed the third-party complaint against Mr. Bianchi.

The Bank subsequently then filed an "Unopposed Motion" seeking to amend the Judgment from $342,140.05 to $717,009.94, to ostensibly include interest (although an issue remained as to whether there was any statutory or contractual basis to allow the interest). The Government did not oppose the Motion and, on August 14, 1995, the Court issued a "Corrected Judgment" in favor of the Bank and against the United States in the sum of $717,009.94.

**3. U.S. Armed Services Board of Contract Appeals, ASBCA No. 36518**

On February 10, 1993, in ASBCA Case No. 36518, the Armed Services Board of Contract Appeals awarded Mr. Bianchi $58,613.03 plus interest from November 17, 1987, upon his VECP claim relating to Contract No. DLA100-80-C-2972. The impact of ASBCA Case No. 36518 upon Case No. 04-440C (Fed. Cl.), however, is that, if the Court possesses jurisdiction to entertain Mr. Bianchi's claim to the amount reflected by the ASBCA's 1993 award, and if the Government has failed to comply with paragraph 2 of the parties' September 27, 1988 stipulation, the Government owes Mr. Bianchi $58,613.03 plus interest from November 17, 1987.

**4. Bianchi v. Perry, No. CV-94-00686-HDM (D. Nev.), No. 96-15869 (9th Cir.)**

Mr. Bianchi exhausted his administrative remedies and attempts at collecting the ASBCA's September 29, 1990 $475,724.51 EAJA award for litigation fees and expenses incurred in connection with ASBCA Case No. 26362, without receiving payment from the Government. Accordingly, in Bianchi v. Perry, Mr. Bianchi brought a complaint against the United States, in the nature of mandamus, in the United States District Court for the District of Nevada. The Government answered and asserted an offset claim against Mr. Bianchi by which it claimed that Mr. Bianchi was indebted to the SBA for a sum in excess of the award in his favor.

The parties brought cross-motions for summary judgment and, on March 1, 1996, the district court granted summary judgment in favor of the Government and against Mr. Bianchi, finding that the Government could properly maintain its offset claims against Mr. Bianchi despite the ruling of the United States Court of Appeals for the Federal Circuit in Bank of America. Mr. Bianchi appealed to the United States Court of Appeals for the Ninth Circuit, in Case No. 96-15869. On April 9, 1998, the Ninth Circuit reversed the district court's grant of summary judgment in favor of the Government. The Ninth Circuit's opinion is reported at 140 F.3d 1294. The Ninth Circuit stated:

[The Stipulation to Board Decision] means Bianchi gets

> $617,500 plus interest, plus whatever he can win on his "Value Engineering Change Proposal claims," plus whatever he can win on his Equal Access to Justice Act claim. . . .
>
> It is apparent from a reading of the stipulation in its entirety that the parties did not mean that the government would only pay the $617,500, but dispute payment of what Mr. Bianchi was found to be entitled to as an EAJA award. . . . The only plausible reading we can see for the slight differences in phrasing are lack of careful editing for parallelism, not an expressed mutual intention that even if Bianchi won an EAJA award, it would not be paid without a fight. In the context of this dispute, the word "pursue" meant that Bianchi had to win an EAJA award, but once the award was established, the government would pay it. . . . Were an insurance defense lawyer to enter into such a settlement agreement on behalf of an insurance company, and then claim that they only promised to allow pursuit of the money, not to pay it, the best the lawyer and insurer could hope for would be long- term distrust, and more likely they could expect bad faith litigation. Giving the settlement agreement so strained construction would encourage sharp practice. Thus we conclude that there is no difference in whether the government agreed to pay the $617,500 and whether it agreed to pay the EAJA award, once Mr. Bianchi had won a liquidated amount. The setoff issue is the same as to both. To the extent that the government had a claim against Bianchi for his unpaid SBA loans, the settlement agreement no more allowed the government to lie in the weeds with a setoff against the EAJA award than with the $617,500.

The court went on to hold:

> Although the Federal Circuit decision [at 23 F.3d 380] dealt only with the $617,500, not the EAJA award, the reason for the Federal Circuit result does not allow for a distinction between the one and the other. With respect to the EAJA attorney's fees, as with the principal and interest, the government acted with its eyes open. It had full knowledge of the assignment of Bianchi's right to payment to his bank, and of the bank's assignment to the SBA. The Federal Circuit decision establishes that there was no fraud, and the government made a commitment to pay Bianchi the money

> despite its potential entitlements against him. If the government mistakenly overlooked its rights (and it may not have), then its own negligent error does not entitle it to renege on its commitment [citations omitted] . . . .
>
> Because its ratio decidendi does not allow for a distinction, we conclude that the Federal Circuit decision is res judicata. The decision established that the government was not entitled to a setoff against the $617,500 or the interest based on Bianchi's assignment to his bank and the bank's assignment to the SBA. <u>The reasoning of the decision establishes that the assignments could not entitle the government to a setoff against the settlement at all</u>. The meaning of that agreement, with respect to setoff, has already been conclusively determined by the Federal Circuit [citations omitted]. (Emphasis supplied).

On May 24, 1999, the court granted Mr. Bianchi's application for EAJA fees and expenses, in the amount of $67,961.24.

**5. <u>Bianchi v. Walker</u>, No. CV-S-94-747-LDG (RJJ) (D. Nev.), No. 97-17024 (9th Cir.), No. 98-1860 (U.S.)**

The September 27, 1988 Stipulation to Board Decision not only reserved to Mr. Bianchi his right to pursue an Equal Access to Justice Act claim for litigation fees and expenses, but a right to pursue his claim to royalties pursuant to Value Engineering Change Proposals. As with the entitlement to the EAJA fees and costs, the ASBCA ruled in favor of Mr. Bianchi, finding that he was entitled to $58,613.03 (ASBCA No. 36518).

After exhausting his administrative remedies, Mr. Bianchi then brought a Complaint in the United States District Court for the District of Nevada in the Nature of Mandamus, seeking an

order compelling the Government to pay him the award previously granted to him. The case, originally styled Bianchi v. Bousher, would eventually be styled Bianchi v. Walker. The Government answered and interpleaded the Bank of America National Trust & Savings Association, on the theory that the Government was obligated to pay either the Bank of America or Mr. Bianchi, but not both.

Again, all parties brought motions for summary judgment. On September 16, 1996, the district court granted summary judgment in favor of the Government and against Mr. Bianchi. On September 26, 1997, the district court denied Mr. Bianchi's motion for a new trial or, in the alternative, to alter and amend findings of facts. Mr. Bianchi appealed to the United States Court of Appeals for the Ninth Circuit, in Case No. 97-17024. On December 11, 1998, the Ninth Circuit affirmed, but held that although the district court possessed jurisdiction to entertain the interpleader action, the district court did not possess jurisdiction to entertain Mr. Bianchi's mandamus action. The court's opinion is reported at 163 F.3d 564. On February 17, 1999, the court denied rehearing and rehearing en banc. The United States Supreme Court denied certiorari on October 4, 1999. 528 U.S. 814.

**6. <u>Bianchi v. United States</u>, No. 98-794C (Fed. Cl.) (Firestone, J) (erroneously omitted from plaintiff's March 18, 2004 Statement of Related Cases)**

In Case No. 98-794C, Mr. Bianchi sought interest for the period that the Government withheld payment of the $475,724.51 Equal Access to Justice Act award. On February 14, 2000, the Court ruled in favor of the Government, holding that there was no statutory basis to award such interest, even assuming that the Government had wrongfully withheld the EAJA award payment. The Court's opinion is reported at 46 Fed. Cl. 363.

**7. U.S. Armed Services Board of Contract Appeals, ASBCA No. 37029**

On December 28, 2000, in ASBCA Case No. 37029, the Armed Services Board of Contract Appeals awarded Mr. Bianchi $16,574.74 plus interest from March 3, 1988, upon his VECP claim relating to Contract No. DLA100-80-C-2290.

The impact of ASBCA Case No. 37029 upon Case No. 04-440C (Fed. Cl.) is that, if the Government has failed to comply with paragraph 2 of the parties' September 27, 1988 stipulation, the Government owes Mr. Bianchi $16,574.74 plus interest from March 3, 1988.

**<u>Plaintiff, independently, states</u>**:

**1. U.S. Armed Services Board of Contract Appeals, ASBCA No. 26362, <u>et al.</u>**

The Stipulation to Board Decision set forth Mr. Bianchi's entitlements as provided and reserved to him in the settlement of his Contracts Dispute Act litigation.

While the government's position is that the case is closed, this case was brought pursuant to an integrated settlement agreement which reserves to Mr. Bianchi various rights, including the right to pursue the claims which are the subject of the instant litigation. Simply stating that the case is closed may give the false impression that the terms of the Stipulation To Board Decision are separate and distinct of one another, whereas it is the Plaintiff's view that they are part of an integrated settlement agreement.

Moreover, the government's position is that the ASBCA's September 20, 1990 EAJA Decision has no impact on the instant case. However, it is the Plaintiff's view that all cases are part of the Plaintiff's integrated settlement and, thus, each bears an impact on the other, or should be viewed as a constituent part of the comprehensive settlement agreement.

The Plaintiff believes that the stipulated statement regarding the nature of the September 27, 1988 Stipulation To Board Decision is incomplete. The Plaintiff asserts that the

terms of the Stipulation To Board Decision, to the extent that said terms are relevant to the case at bar, are bounded by the doctrines of res judicata, collateral estoppel and the law of the case.

**2. Bank of America v. United States, Bianchi, No. 90-3961C (Fed. Cl.), Nos. 93-5059, 93-5060 (Fed. Cir.)**

See comments regarding Case No. 1 above dealing with the integrated nature of the settlement agreement.

In regard to Mr. Bianchi's appeal, the Federal Circuit held that the Government entered into a stipulation to settle Mr. Bianchi's Contract Disputes Act litigation at arm's length; that the transaction was free of any fraud, concealment, or misdirection on Mr. Bianchi's part; that the Government was well-aware of Mr. Bianchi's assignments to the Bank, as they had been disclosed pursuant to the Assignment of Claims Act, as well as the SBA's claim that Mr. Bianchi was indebted to it. The Federal Circuit further ruled that the Government could not agree to pay Mr. Bianchi sums to settle the disputed litigation, on the one hand, and attempt to renege on that settlement by bringing an action in another forum seeking to recover the monies paid to him under the Stipulation to Board Decision in the Contracts Dispute Act litigation settlement.

As to the Bank's appeal, the Federal Circuit held that Mr. Bianchi's assignments to the Bank were disclosed pursuant to

the Assignment of Claims Act and that, for whatever reason it failed to protect itself, the Government was liable to pay Mr. Bianchi in settlement of the Contracts Dispute Act litigation, and in addition remained liable to the Bank under the terms of the disclosed assignments. Accordingly, the Federal Circuit held that Mr. Bianchi did not have to repay the $1,141,220.83 paid in settlement of the Contracts Dispute Act litigation and, at the same time, the Government had to pay the Bank upon Mr. Bianchi's assignments.

The inviolate nature of Bianchi's settlement with the Government was clearly illustrated by the language chosen by the Federal Circuit. The court's comment at 23 F.3d stated: "The Government does not challenge the validity of the enforceability of <u>the settlement</u>." (Emphasis supplied). Further, the court also stated:

> Whatever the reason for its failure to protect itself, the Government cannot now renege on its commitment to honor <u>its settlement</u> with Bianchi, into which it entered voluntarily and with full knowledge of the facts. (Emphasis supplied).

The court went on to note:

> To permit [the Government] to escape its obligation <u>under the settlement</u> would seriously decrease the willingness of parties to settle litigation on mutually agreeable terms and thus weaken the efficacy of settlements generally. (Emphasis supplied).

The court concluded:

> We therefore hold that the Government, having waived its right to challenge the settlement, was precluded from seeking to recover the settlement award through a third-party complaint filed in the Court of Federal Claims." (Emphasis supplied.)

The effect of the Judgment in favor of the Bank of America and against the United States was to completely extinguish the notes and assignments upon which the Bank's claims against Mr. Bianchi were predicated, pursuant to the provisions of 28 U.S.C. §2517 and 28 U.S.C. §2519.

In 23 F.3d 380, the Federal Circuit held that: the Government had incurred liability to both Mr. Bianchi and the Bank, although on different legal theories; and, that the Government was obligated to the Bank pursuant to the disclosed assignments, but also remained liable to Mr. Bianchi pursuant to the arm's length settlement entered into by the Stipulation To Board Decision of the Contract Disputes Act litigation. The effect of the Federal Circuit Decision was to establish that the arm's length settlement, achieved by the Government and Mr. Bianchi to and through the Stipulation To Board Decision in resolving the Contracts Dispute Act litigation was inviolate, that its terms had to be honored, and that the Government could not attempt to avoid its obligations under the settlement obtained through the Stipulation To Board Decision by attempting

to litigate or to bring claims in other forums or on different legal theories.

Thus, the Federal Circuit's September 30, 1994 decision clarified its decision at 23 F.3d 380. Not only was the payment of the monetary portion of Mr. Bianchi's settlement inviolate, but the settlement, in its entirety, was inviolate. The Government was therefore clearly prohibited from attempting to renege upon its settlement to any degree or for any reason.

Upon remand of the case to this Court, the Court held, on April 6, 1995, that the Bank was entitled to recover only those sums that the Bank could demonstrate were made available by the Bank for Mr. Bianchi's contract performance. Proofs were subsequently offered by the Bank, and the Court held that the Bank had made only $342,140.05 available for Bianchi's contract performance. The Court entered judgment in favor of the Bank and against the Government in the amount of $342,140.05, and dismissed the third-party complaint against Mr. Bianchi.

**3. U.S. Armed Services Board of Contract Appeal, ASBCA No. 36518**

While ASBCA Case No. 36518 was resolved in favor of Mr. Bianchi, the government’s current position that the case is closed, and such implies that the claims therein adjudicated were separate and independent claims, whereas it is the Plaintiff’s

view that the claims therein are part of an integrated and comprehensive settlement agreement.

**4. <u>Bianchi v. Perry</u>, No. CV-94-00686-HDM (D. Nev.), No. 96-15869 (9th Cir.)**

See comments to Case No. 1 above regarding the integrated settlement agreement.

The Ninth Circuit was critical of the Government's litigation position. The court stated:

> Any honest and competent lawyer would understand [the Stipulation to Board Decision] in the same way. It means Bianchi gets $617,500 plus interest, plus whatever he can win on his Value Engineering Change Proposal claims,' plus whatever he can win on his Equal Access to Justice Act claim . . . .
>
> For a lawyer to enter into such a settlement agreement, with the unstated intention that his client should not pay the money agreed to, would be sharp practice. . . .

The effect of this decision was to find the Federal Circuit's decision at 23 F.3d 380 to be res judicata as to the inviolate nature of Mr. Bianchi's arm's length Stipulation to Board Decision of September 27, 1988.

The Ninth Circuit Decision is relevant to the issue at bar because it establishes the res judicata effect of the Federal Circuit Decision in <u>Bank of America v. United States</u>, 23 F.3d 380. Succinctly, the Federal Circuit earlier ruled, and the Ninth Circuit subsequently found that ruling to be res judicata, as to the inviolability of the Government's earlier settlement

with Mr. Bianchi. The Government was required to honor its settlement with Mr. Bianchi irrespective of its other claims or defenses. Therefore, the meaning of that case, in relation to the case at bar, is that the Government had no right to withhold payment of the $58,613.03 award from Mr. Bianchi.

When read in conjunction with the Federal Circuit's Decision at 23 F.3d 380, the Stipulation to Board Decision of September 27, 1988 is inviolate. The Government must honor that settlement, in all of its respects. The award issued in ASBCA No. 36518 in the principal sum of $58,613.03 was a claim reserved to Mr. Bianchi in the September 27, 1988 Stipulation to Board Decision. Thus, the Government had no defense to paying Mr. Bianchi, and was obligated to pay the award to Mr. Bianchi irrespective of its obligation, if any, to pay the Bank of America a similar amount pursuant to the assignments.

Mr. Bianchi then brought another claim pursuant to the Equal Access to Justice Act for reimbursement of the litigation fees and expenses incurred in pursuing the $475,724.51 EAJA claim in the United States District Court for the District of Nevada and at the Ninth Circuit Court of Appeals. The Ninth Circuit Court of Appeals granted that subsequent EAJA claim, awarding Mr. Bianchi $67,961.24.

**5. Bianchi v. Walker, No. CV-S-94-747-LDG (RJJ) (D. Nev.), No. 97-17024 (9th Cir.), No. 98-1860 (U.S.)**

The Plaintiff contests the government's position and/or characterization that it refused to pay the award directly to Mr. Bianchi. The government maintained and continues to maintain that there is only one obligation for the payment of the $58,613.03, and that by payment of that amount to the Bank as Mr. Bianchi's assignee, the government is relieved of any further obligation or liability. The Plaintiff asserts that the effects of Bank of America vs. United States and Bianchi vs. Perry is that the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

See also comments under Case Nos. 4 and 5 above relating to the integrated settlement agreement, and the government's independent and distinct obligation to pay Mr. Bianchi under the terms of the Stipulation To Board Decision.

The Federal Circuit had previously rejected the theory that the Government was obligated to pay either the Bank of America or Mr. Bianchi, but not both. The Federal Circuit Decision of 23 F.3d 380 had established that the Government was indebted to

both Mr. Bianchi and to the Bank on separate and distinct legal theories.

On appeal, the Ninth Circuit Court of Appeals held that while the Bank was entitled to payment of the award pursuant to the assignments, Mr. Bianchi could not bring his claim in the United States District Court for the District of Nevada, but had to bring his claim in the United States Court of Federal Claims. The case at bar is the case now brought by Mr. Bianchi pursuant to, among other things, the directive of the Ninth Circuit in Bianchi v. Walker, supra.

During the pendency of the case at the United States District Court level, the Bank concluded its litigation against the United States in the United States Court of Federal Claims in Case No. 90-3961C, receiving a "Corrected Judgment" in the amount of $717,009.94. Pursuant to the terms of 20 U.S.C. §2517 and 28 U.S.C. §2519, that Judgment completely extinguished any and all underlying assignments and notes upon which the Bank's claim was based. Neither the Bank, nor the Government, informed the United States District Court for the District of Nevada of the resolution of the Court of Federal Claims action (from which Mr. Bianchi was effectively dismissed by the earlier Order of the United States Court of Appeals for the Federal Circuit).

**6. <u>Bianchi v. United States</u>, No. 98-794C (Fed. Cl.) (Firestone, J)**

See comments to Case Nos. 1-5 above relating to the integrated settlement agreement.

**7. U.S. Armed Services Board of Contract Appeals, ASBCA No. 37029**

The Plaintiff believes that this case should be correctly referred to as ASBCA Case No. 37029, et al, as the opinion by administrative Judge Shackleford on remand from the Court of Appeals for the Federal Circuit also resolved Case No. 37071 and 93-1 BCA ¶ 25,309.

See comments above referenced in Case Nos. 1-6 dealing with the integrated settlement agreement. Moreover, it is from the government's obligations to pay Mr. Bianchi $16,574.74, plus interest, that gave rise to the claims before this Court in the instant litigation.

The impact of ASBCA Case No. 37029, et al upon the instant case is that the case arose from the rights granted to Mr. Bianchi under the Stipulation To Board Decision and that the government owes Mr. Bianchi $16,574.74, plus interest from March 3, 1988 due to its non-compliance with the terms and conditions of the Stipulation To Board Decision, as that Stipulation has been upheld by the Federal and Ninth Circuit Courts of Appeal.

**<u>Defendant, independently, states</u>:**

**1. U.S. Armed Services Board of Contract Appeals, ASBCA No. 26362, <u>et al.</u>**

ASBCA Case No. 26362 is closed. The stipulation that the parties entered into on September 27, 1988, is a contract. That is, pursuant to 28 U.S.C. § 1491(a)(1) (2000), the stipulation is the source of the Court's jurisdiction to entertain Case No. 04-440C. The Court, subject to other limitations upon the Court's jurisdiction, possesses jurisdiction to entertain claims of breach of the September 27, 1988 stipulation.

The ASBCA's September 20, 1990 decision granting the $475,724.51 EAJA award has no impact upon Case No. 04-440C.

**2. <u>Bank of America v. United States, Bianchi</u>, No. 90-3961C (Fed. Cl.), Nos. 93-5059, 93-5060 (Fed. Cir.)**

The case <u>Bank of America</u> is closed. The <u>Bank of America</u> case has no impact upon Case No. 04-440 (Fed. Cl.). In <u>Bank of America</u>, the Federal Circuit held that the Government could not recoup a payment made to Mr. Bianchi pursuant to paragraph one of the settlement agreement, and could not offset that payment from Mr. Bianchi's debt to the United States, even though he assigned the rights to these funds to the Bank of America. Because Case No. 04-440 (Fed. Cl.) includes no claim by the Government to

recoup a payment or to set-off a payment against a debt to the Government, Bank of America has no impact upon Case No. 04-440.

**3. U.S. Armed Services Board of Contract Appeals, ASBCA No. 36518**

ASBCA Case No. 36518 is closed. The impact of ASBCA Case No. 36518 upon Case No. 04-440C (Fed. Cl.) includes that the February 11, 1993 award begins the running of the six-year statute of limitations upon Mr. Bianchi's claim to that award.

**4. Bianchi v. Perry, No. CV-94-00686-HDM (D. Nev.), No. 96-15869 (9th Cir.)**

The case Bianchi v. Perry is closed, and has no impact upon Case No. 04-440C (Fed. Cl.). In Bianchi v. Perry, the Ninth Circuit held that Bank of America v. United States, Bianchi, 23 F.3d 380 (Fed. Cir. 1994), was res judicata upon the issue of the Government's offset rights against Mr. Bianchi's EAJA award, and that the Government could not set-off that award against any debt owed by Mr. Bianchi to the Government. However, the Ninth Circuit later held in Bianchi v. Walker, 163 F.3d at 564, that Bianchi v. Perry did not involve the claim whether the Government was required to pay Mr. Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the bank's rights under its assignment agreement with Mr. Bianchi. Because Case No. 04-

440C involves the claim whether the Government was required to pay Mr. Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the bank's rights under its assignment agreement with Mr. Bianchi, Bianchi v. Perry has no impact upon Case No. 04-440C.

**5. Bianchi v. Walker, No. CV-S-94-747-LDG (RJJ) (D. Nev.), No. 97-17024 (9th Cir.), No. 98-1860 (U.S.)**

The case Bianchi v. Walker is closed. In Bianchi v. Walker, originally styled Bianchi v. Bousher, the Bank of America was held to be entitled to recover the 1993, $58,613.03 VECP award owed to Mr. Bianchi by the Government based on the assignment agreement between the bank and Mr. Bianchi. It was also held that Mr. Bianchi was barred by the collateral estoppel doctrine from contesting the validity of his assignment of the proceeds of his contracts to the bank. The Ninth Circuit also held that Bianchi v. Perry, 140 F.3d 1294 (9th Cir. 1998) did not involve the claim whether the Government was required to pay Mr. Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the bank's rights under its assignment agreement with Bianchi. The court also rejected Mr. Bianchi's claim that the $717,009.94 payment to the bank pursuant to the judgment in the Bank of America case discharged his contract assignments and

any further recovery by the bank. The court held that "the Bank's rights as assignee of the underlying contract" were not foreclosed.

The impact of Bianchi v. Walker upon Case No. 04-440C (Fed. Cl.), therefore, is that Mr. Bianchi is barred by the collateral estoppel doctrine from contending (1) that the Bank of America was not entitled to recover the $58,613.03 VECP award; (2) that Mr. Bianchi did not validly assign the proceeds of his contracts to the bank; (3) that the Ninth Circuit has held that the Government was required to pay Mr. Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the bank's rights under its assignment agreement with Mr. Bianchi; and (4) that the $717,009.94 payment to the bank pursuant to the judgment in the Bank of America case discharged the contract assignments and any further recovery by the bank. The impact of Bianchi v. Walker upon Case No. 04-440C is also, therefore, that the Bank of America was entitled to recover the 2000, $16,574.74 VECP award, pursuant to Mr. Bianchi's assignment of the proceeds of his contracts to the bank.

**6. Bianchi v. United States, No. 98-794C (Fed. Cl.)**

Case No. 98-794C is closed, and has no impact upon Case No. 04-440 (Fed. Cl.).

**7. U.S. Armed Services Board of Contract Appeals, ASBCA No. 37029**

ASBCA Case No. 37029 is closed.

Respectfully submitted,

s/R. Vaughn Gourley
R. VAUGHN GOURLEY
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, NV 89130
Telephone:(702) 656-2355
Facsimile: (702) 656-2776

s/Scott M. Cantor
SCOTT CANTOR
Graziadei & Cantor
302 East Carson Street
Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 477-7733
Facsimile: (702) 477-0020

Attorneys for Plaintiff

July 9, 2004

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

Attorneys for Defendant

July 9, 2004

Certificate of Filing

I hereby certify that on July 9, 2004, a copy of the foregoing Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail