4.

Bianchi v. Perry,
No. CV-94-00686-HDM (D. Nev.),
No. 96-15869 (9th Cir.)

ENTERED AND SERVED

MAR - 7 1996

U.S. DISTRICT COURT
DISTRICT OF NEVADA

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

MAR 5 8 51 AM '96

MAURICE BIANCHI fdba M. BIANCHI OF CALIFORNIA,

Plaintiff(s),

vs.

WILLIAM J. PERRY, Secretary of Defense, et al.,

Defendant(s).

CV-S-94-0686-HDM(RJJ)

MINUTES OF THE COURT

March 1, 1996

PRESENT: HONORABLE HOWARD D. McKIBBEN, U.S. DISTRICT JUDGE

Deputy Clerk: Bette Stewart Reporter/Recorder: Kathryn French

Counsel for Plaintiff(s): Scott M. Cantor & George E. Graziadei

Counsel for Defendant(s): Mark A. Melnick

PROCEEDINGS: Telephonic Hearing on:
Defendants' Renewed Motion for Summary Judgment (#44) and
Plaintiff's Motion for Summary Judgment (#47)

8:00 a.m. Court convenes.

The parties agree that this action should be resolved by summary judgment.

Arguments are presented.

Recess: 8:15 a.m. - 8:25 a.m. All present.

The court sets forth the findings and conclusions on the record.

IT IS ORDERED that Defendants' Renewed Motion for Summary Judgment (#44) is granted.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment (#47) is denied.

8:45 a.m. Court adjourns.

LANCE S. WILSON, CLERK

By: [signature]
Deputy Clerk

ENTERED AND SERVED

MAR - 1 1996

U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ***** DEPUTY

50 (Rev. 5/85) Judgment in a Civil Case

MAR 3 8 51 AM '96

# UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

## JUDGMENT IN A CIVIL CASE

MAURICE BIANCHI fdba
M. BIANCHI OF CALIFORNIA

CASE NUMBER: CV-S-94-686-HDM(RJJ)

V.

WILLIAM J. PERRY, Secretary
of Defense, et al.

__ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered it's verdict.

X **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

__ **Decision by Court.** This action came to be considered before the Court. The issues have been considered and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Defendants' Renewed Motion for Summary Judgment is granted. Summary judgment is entered in favor of the defendants and against the plaintiff.

March 1, 1996
Date

LANCE S. WILSON
Clerk

Bette Stewart
(By) Deputy Clerk

53

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

MAURICE BIANCHI FDBA M. BIANCHI OF CALIFORNIA,

PLAINTIFFS,

-VS-

WILLIAM J. PERRY, SECRETARY OF DEFENSE,

DEFENDANT.

NO. CV-S-94-686-HDM(RJJ)
UNITED STATES COURTHOUSE
300 BOOTH STREET
RENO, NEVADA
MARCH 1, 1996

COPY

TRANSCRIPT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE HONORABLE HOWARD D. MCKIBBEN

UNITED STATES DISTRICT JUDGE

<u>APPEARANCES</u>:

FOR THE PLAINTIFF: SCOTT M. CANTOR, ESQ.
GEORGE E. GRAZIADEI, ESQ.

FOR THE DEFENDANT: MARK A. MELNICK, ESQ.

PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY PRODUCED BY COMPUTER-AIDED TRANSCRIPT

OFFICIAL COURT REPORTER: KATHRYN M. FRENCH, CSR
NEVADA LICENSE NO. 392
CALIFORNIA LICENSE NO. 8536

---OOO---

(BACK ON THE RECORD WITH THE COURT AND COUNSEL, MR. MELNICK AND MR. CANTOR ONLY.)

THE CLERK: MR. CANTOR, YOU'RE WITH US NOW?

MR. CANTOR: YES, MA'AM.

THE CLERK: AND MR. MELNICK?

MR. MELNICK: YES, I'M HERE.

THE COURT: ALL RIGHT. THANK YOU VERY MUCH, COUNSEL. I APPRECIATE YOU'RE BEING WILLING TO TAKE A BRIEF RECESS. I CONCLUDED THE OTHER MATTER.

I HAVE CONSIDERED THE BRIEFS IN THIS CASE. IT IS THE COURT'S INTENTION NOT TO ADDRESS THE VERY FINAL ISSUE THAT WAS RAISED IN THE REPLY BRIEF. THAT HASN'T BEEN CONSIDERED BY OPPOSING COUNSEL, AND I THINK IT IS INAPPROPRIATE TO RAISE THAT ISSUE IN THE REPLY BRIEF. I'LL ADDRESS THAT IN A FEW MOMENTS.

I MAKE THE FOLLOWING FINDINGS AND CONCLUSIONS IN CONNECTION WITH THIS CASE WITH RESPECT TO WHAT I CONSTRUE TO BE THE MOTION AND CROSS-MOTIONS FOR SUMMARY JUDGMENT:

THE MAY 12TH ORDER OF THIS COURT SPECIFICALLY CONCLUDED THAT BIANCHI'S CLAIM FOR ATTORNEY'S FEES AND EXPENSES WERE SEPARATE AND DISTINCT FROM THE CLAIMS LITIGATED IN THE FEDERAL CIRCUIT. THAT'S THE LAW OF THE CASE AND I REAFFIRM THAT POSITION.

THE COURT ALSO CONCLUDED THAT THE AGREEMENT SETTLING

BIANCHI'S DEFAULT TERMINATION OF HIS CONTRACT WITH THE DLA, DOES NOT PRECLUDE THE GOVERNMENT FROM ASSERTING AN OFFSET CLAIM IN RESPONSE TO BIANCHI'S CLAIM FOR FOUR HUNDRED AND SEVENTY-FIVE THOUSAND, SEVEN HUNDRED AND TWENTY-FOUR DOLLARS AND FIFTY-ONE CENTS, THAT REPRESENTS ATTORNEY'S FEES AND EXPENSES, AND WHICH HE WAS AWARDED UNDER THE EAJA BY THE ARMED SERVICES BOARD OF CONTRACT APPEALS.

THE DLA HAS NOT PAID THE $475,724.51 EAJA JUDGMENT TO PLAINTIFF BASED UPON ITS CONTENTION THAT IT IS ENTITLED TO OFFSET THAT AMOUNT AGAINST SUPERIOR CLAIMS PLAINTIFF OWES TO THE GOVERNMENT.

NOW, THE GOVERNMENT HAS THE SAME RIGHT WHICH BELONGS TO EVERY CREDITOR TO APPLY THE UNAPPROPRIATED MONIES OF HIS DEBTOR IN HIS HANDS IN EXTINGUISHMENT OF THE DEBTS DUE HIM. THE GOVERNMENT CAN EXERCISE ITS RIGHT TO SET OFF, EVEN THOUGH IT HAS NOT REDUCED ITS CLAIM TO JUDGMENT. AND THE CITATIONS ARE UNITED STATES VERSUS MUNSEY TRUST CO., WHICH IS 332 U.S. 234, A 1947 DECISION; SHAY VERSUS AGRICULTURAL STABILIZATION AND CONSERVATION COMMITTEE FOR ARIZONA, 299 F.2D 516 AT 524. AND THAT'S A NINTH CIRCUIT DECISION, 1962.

THE COURT CONCLUDES THAT THE HOLDING IN SHAY IN EFFECT MAKES IRRELEVANT THE FACT THAT THE SBA IS NOW TIME-BARRED FROM SUING BIANCHI ON HIS INDEBTEDNESS.

IN ADDITION, 28 U.S.C. SECTION 2415(F), ENTITLES THE GOVERNMENT TO ASSERT ITS OFFSET AGAINST BIANCHI IN THESE

PROCEEDING. THAT SECTION IN PERTINENT PART PROVIDES AS FOLLOWS:

"A CLAIM OF THE UNITED STATES OR AN OFFICER OR AGENCY THEREOF, THAT DOES NOT ARISE OUT OF THE TRANSACTION OR OCCURRENCE THAT IS THE SUBJECT OF THE OPPOSING PARTY'S CLAIM MAY, IF TIME-BARRED, BE ASSERTED ONLY BY WAY OF OFFSET AND MAY BE ALLOWED IN AN AMOUNT NOT TO EXCEED THE AMOUNT OF THE OPPOSING PARTY'S RECOVERY."

THE COURT CONCLUDES THAT THE GOVERNMENT HAS THE RIGHT TO ASSERT AN OFFSET OF UP TO $475,724.51, THE AMOUNT OF PLAINTIFF'S CLAIM AT ISSUE IN THIS CASE.

THERE ARE SEVERAL ISSUES THAT THE COURT HAS TO RESOLVE HERE. ONE IS DOES BIANCHI OWE THE GOVERNMENT AN AMOUNT IN EXCESS OF HIS CLAIM FOR HIS EAJA AWARD?

IN THAT RESPECT, I DON'T THINK THERE'S A SUBSTANTIAL DISPUTE OF ANY KIND, AND CERTAINLY NOT ONE WHICH POSES AN ISSUE OF MATERIAL FACT FOR DECISION BY ANY FACT FINDER.

THE DEFENDANTS CORRECTLY POINT TO THE UNCONTRADICTED EVIDENCE WHICH ESTABLISHES THAT BIANCHI OWES THE GOVERNMENT IN EXCESS OF $475,724.51.

FIRST, BIANCHI EXECUTED $500,000 AND $50,000 LOAN OBLIGATIONS THAT WERE GUARANTEED BY THE SBA. IT'S ALSO CLEAR THAT THE PLAINTIFF DEFAULTED ON THE LOANS IN 1981. IT IS ALSO UNCONTROVERTED THAT THE SBA PAID OFF THE GUARANTEES TO THE BANK AND IN RETURN, THE BANK ASSIGNED ALL OF ITS RIGHTS IN

THE DEFAULTED LOANS TO THE SBA.

THE EVIDENCE ALSO ESTABLISHES -- AND I DON'T THINK THERE'S ANY DISPUTE -- CERTAINLY NOT A DISPUTE THAT WOULD RAISE AN ISSUE OF MATERIAL FACT FOR DECISION BEYOND THE SUMMARY JUDGMENT STAGE -- THAT THE TOTAL PAYMENT BY SBA TO THE BANK ON THE GUARANTEES WAS $593,791.86.

IT IS IT ALSO UNCONTROVERTED THAT THE PLAINTIFF DID NOT REPAY THE LOANS THAT WERE ASSIGNED TO SBA AND AS OF DECEMBER 6TH, 1994, THE OUTSTANDING BALANCE DUE ON THEM WHICH WOULD INCLUDE THE INTEREST, WAS $1,875,869.31. IN ADDITION, BIANCHI HAS NOT REPAID THE LOANS ASSIGNED TO SBA BY THE BANK.

AS OF JULY 26TH, 1995, THE OUTSTANDING BALANCE DUE ON THOSE OBLIGATIONS WAS $1,875,869.31, WHICH IS THE AMOUNT THAT I PREVIOUSLY MENTIONED.

BASED UPON WHAT THE COURT CONCLUDES IS UNCONTRADICTED EVIDENCE IN THIS CASE, THE COURT CONCLUDES THAT BIANCHI CURRENTLY OWES THE GOVERNMENT A SUM WHICH IS FAR IN EXCESS OF THE EAJA JUDGMENT FOR $475,724.

EVEN IF THE COURT WERE NOT TO CONSIDER ANY OF THE INTEREST IN MAKING THESE CALCULATIONS, THE PRINCIPAL ON THE TWO NOTES WOULD BE A SUM IN EXCESS OF THE $550,000. AND THAT WOULD EXCEED THE AMOUNT IN ISSUE IN THIS CASE.

NOW, BIANCHI CHALLENGES BOTH THE GOVERNMENT'S DEMONSTRATION THAT HE REMAINS INDEBTED TO SBA FOR THE ONE

POINT EIGHT PLUS MILLION DOLLARS, AND THAT THE GOVERNMENT HAS A RIGHT TO OFFSET THE AMOUNT OF THE SUPERIOR DEBT AGAINST HIS CLAIM.

BASICALLY HE RAISES FOUR ISSUES IN CONNECTION WITH THAT. I'LL ADDRESS EACH OF THOSE. ALTHOUGH ONE OF THEM I WILL NOT ADDRESS FULLY BECAUSE THE ISSUE WAS NOT RAISED UNTIL THE REPLY BRIEF WAS FILED.

THE FIRST ISSUE TO DECIDE IS WHETHER OR NOT BIANCHI'S DEBT TO THE SBA WAS SETTLED. AS I UNDERSTAND IT, BIANCHI CONTENDS THAT THE SEPTEMBER 1988 SETTLEMENT AGREEMENT SETTLED THE SBA CLAIMS AGAINST HIM, AND THAT THAT BARS THE GOVERNMENT FROM NOW ASSERTING AN OFFSET.

BIANCHI ATTEMPTS TO USE PAROL EVIDENCE IN CONNECTION WITH THE NEGOTIATIONS LEADING UP TO THE SETTLEMENT TO ESTABLISH HIS DEFENSE.

THE COURT CONCLUDES THAT EXTRINSIC EVIDENCE OF THE PARTY'S INTENT WITH REGARD TO LANGUAGE IN A CONTRACT IS ADMISSIBLE ONLY IF THE LANGUAGE IS AMBIGUOUS. THAT'S BASIC HORNBOOK LAW. IT'S ALSO SET FORTH THE CASE OF UNITED STATES VERSUS JOHNSON, 43 F.3D 1308 AT 1310. A NINTH CIRCUIT DECISION, 1995.

IF THE COURT WERE TO DETERMINE THAT THE LANGUAGE OF THE SETTLEMENT AGREEMENT IS UNAMBIGUOUS, THEN BIANCHI'S EVIDENCE IS BARRED BY THE PAROL EVIDENCE RULE.

ON SUMMARY JUDGMENT THE EVIDENCE MUST BE VIEWED OF

COURSE, IN THE LIGHT MOST FAVORABLE TO THE NON-MOVING PARTY -- ALTHOUGH, HERE, WE HAVE THE CROSS-CLAIMS. IN THIS CASE, I WOULD CONSTRUE IT IN THE LIGHT MOST FAVORABLE TO BIANCHI. HOWEVER, THAT DOES NOT PERMIT THE COURT TO DISREGARD OR IGNORE THE PAROL EVIDENCE RULE.

THE CONTRACT DISPUTE BETWEEN DLA AND BIANCHI LED BIANCHI TO INSTITUTE A SERIES OF CLAIMS BEFORE THE BOARD. THE SEPTEMBER 1988 SETTLEMENT AGREEMENT WHICH WAS INCORPORATED INTO A DECISION OF THE BOARD, SETTLED THE CLAIMS BETWEEN DLA AND BIANCHI. THE SETTLEMENT AGREEMENT LISTS THE THREE CONTRACT NUMBERS UNDER WHICH THE DISPUTE AROSE. AND THAT SETS FORTH IN RELEVANT PART, THE FOLLOWING:

"THE PARTIES TO THE ABOVE-LISTED APPEALS AGREE THAT BIANCHI IS ENTITLED TO RECOVER ON HIS CLAIMS IN THE FOLLOWING APPEALS: ASBCA NUMBERS 26362, -63, -64, -65, -66. AND THEN 26505, -506, 26513, 26642, 29932 AND -33 AND -34. AND, THAT THE GOVERNMENT IS ENTITLED TO TAKE NOTHING ON ITS CLAIMS IN THE FOLLOWING APPEALS: ASBCA NUMBERS 26362, -63, -64, -65, -66, 26505 AND -506, 26513, 26642, 29932, -33 AND -34."

THE COURT CONCLUDES THAT THE SETTLEMENT AGREEMENT UNAMBIGUOUSLY ADDRESSED ONLY THE ASBCA APPEALS RELATING TO THE CONTRACT DISPUTE BETWEEN DLA AND BIANCHI. THE AGREEMENT IS DEVOID OF REFERENCE TO BIANCHI'S INDEBTEDNESS TO THE SBA. MOREOVER, SBA WAS NOT A PARTY TO BIANCHI'S LITIGATION AGAINST DLA BEFORE THE BOARD, AND SBA HAS NOT RELEASED THE

INDEBTEDNESS TO IT.

THE COURT FINDS THERE IS NO AMBIGUITY TO IN THE AGREEMENT -- AND I'M REFERRING TO THE SEPTEMBER 1988 SETTLEMENT AGREEMENT -- REGARDING WHETHER IT SETTLED BIANCHI'S OUTSTANDING DEBT TO SBA. IT DID NOT.

IN THE ABSENCE OF ANY AMBIGUITY, THE COURT IS PRECLUDED UNDER THE PAROL EVIDENCE RULE FROM PERMITTING BIANCHI TO PRESENT ORAL EVIDENCE OUTSIDE THE RECORD OF THE AGREEMENT OR THE FOUR CORNERS OF THE DOCUMENT THAT MIGHT SUGGEST OTHERWISE. BECAUSE BIANCHI'S SUPERIOR DEBT TO THE SBA WAS NOT SETTLED IN THE SEPTEMBER 1988 SETTLEMENT AGREEMENT, IT STILL EXISTS AND MAY BE THE BASIS FOR OFFSET BY THE GOVERNMENT.

NOW, THE NEXT ISSUE IS WHETHER THE GOVERNMENT SHOULD BE EQUITABLY ESTOPPED FROM ASSERTING ITS OFFSET CLAIMS.

THE COURT CONCLUDES THAT BECAUSE BIANCHI HAS FAILED TO SHOW THAT HIS DEBT TO SBA WAS SETTLED, HE CANNOT DISPUTE THAT HE STILL OWES SBA AN AMOUNT FAR IN EXCESS OF THE $475,724 AND SOME CHANGE WHICH I'VE ALLUDED TO EARLIER, WHICH THE GOVERNMENT IS ENTITLED TO OFFSET.

BIANCHI THEN ARGUES THAT THE GOVERNMENT IS EQUITABLY ESTOPPED FROM ASSERTING ITS OFFSET CLAIMS. AND HE RELIES ON THE <u>SIMMONDS CASE, S-I-M-M-O-N-D-S, PRECISION PRODUCTS</u>, 546 F.2D 886, TO SUPPORT THIS CONTENTION.

IN THAT CASE, THE COURT OF CLAIMS RECOGNIZED THAT

THE GOVERNMENT MAY EQUITABLY ESTOPPED FROM ASSERTING A COUNTER-CLAIM UNDER SECTION 2415(F).

THAT DECISION, HOWEVER, DOES NOT STAND FOR THE PROPOSITION THAT THE GOVERNMENT MAY BE ESTOPPED FROM ASSERTING AN OFFSET UNDER SECTION 2415. THE GOVERNMENT CONTENDS THAT THERE IS NO BINDING PRECEDENT HOLDING THAT THE GOVERNMENT MAY BE EQUITABLY ESTOPPED FROM EXERCISING THE OFFSET PROVISIONS OF SECTION 2415(F). THE COURT IS INCLINED TO AGREE.

EVEN IF THE COURT WERE TO CONSIDER THE EQUITABLE ESTOPPEL DEFENSE, BIANCHI HAS THE OBLIGATION OF MEETING HIS BURDEN OF SHOWING MATERIAL FACTS ESTABLISHING THE ELEMENTS NECESSARY TO EQUITABLY ESTOP THE GOVERNMENT FROM OFFSETTING THE DEBT. THE NINTH CIRCUIT COURT OF APPEALS HAS CONSISTENTLY IMPOSED A HIGHER STANDARD UPON A PARTY SEEKING TO ESTOP THE GOVERNMENT.

IN UNITED STATES VERSUS JOHNSON, WHICH IS 43 F.3D 1308 AT 1311 CASE, NINTH CIRCUIT, 1995, THE NINTH CIRCUIT COURT OF APPEALS STATED: "FIRST, THE PARTY MUST SHOW AFFIRMATIVE MISCONDUCT BY THE GOVERNMENT GOING BEYOND MERE NEGLIGENCE."

"SECOND, THE PARTY MUST SHOW THAT THE GOVERNMENT'S WRONGFUL ACT WILL CAUSE A SERIOUS INJUSTICE, AND THE PUBLIC'S INTEREST WILL NOT SUFFER UNDUE DAMAGE BY IMPOSITION OF LIABILITY."

THE COURT OF COURSE HAS TO ADDRESS THE TWO ISSUES OR

ELEMENTS THAT HAVE BEEN SET FORTH SEPARATELY. THE COURT NEED NOT ADDRESS THE TRADITIONAL ELEMENTS OF ESTOPPEL BECAUSE BIANCHI HAS FAILED TO SATISFY THE HIGH THRESHOLD THE NINTH CIRCUIT HAS ESTABLISHED FOR APPLYING EQUITABLE ESTOPPEL AGAINST THE GOVERNMENT.

BIANCHI HAS FAILED TO PROVIDE ANY EVIDENCE OF AFFIRMATIVE MISCONDUCT WHICH INVOLVES ONGOING, ACTIVE MISREPRESENTATION OR PERVASIVE PATTERN OF FALSE PROMISES, WHICH WOULD BE REQUIRED UNDER THE <u>PURCELL</u> DECISION. AND THAT'S 1 F.3D 932 AT 939, A 1993 DECISION IN THE NINTH CIRCUIT COURT OF APPEALS. THERE IS NO EVIDENCE THAT THE GOVERNMENT EVER PROMISED BIANCHI THAT IT WOULD NOT OFFSET HIS EAJA FEES. INSTEAD, BIANCHI BASES HIS ARGUMENT FOR MISCONDUCT ON THE FACT THAT AT THE TIME THE GOVERNMENT ENTERED INTO THE SEPTEMBER 1988 SETTLEMENT AGREEMENT, IT DID NOT DISCLOSE TO HIM THAT IT WOULD ASSERT AN OFFSET CLAIM IF HE OBTAINED AN EAJA AWARD.

THAT THE GOVERNMENT DID NOT TELL BIANCHI IT MIGHT SEEK AN OFFSET, DOES NOT CONSTITUTE IN THE OPINION OF THIS COURT, ONGOING ACTIVE REPRESENTATION OR PERVASIVE PATTERN OR FALSE PROMISES, WHICH IS THE STANDARD SET FORTH IN <u>PURCELL</u>. WITHOUT ANY EVIDENCE OF AFFIRMATIVE MISCONDUCT, THEREFORE THE COURT CONCLUDES THAT BIANCHI'S EQUITABLE ESTOPPEL ARGUMENT MUST FAIL.

ASSUMING ARGUENDO THAT THE GOVERNMENT DID ACT

WRONGFULLY, BIANCHI HAS NOT MADE ANY SHOWING THAT THE GOVERNMENT'S WRONGFUL ACT WOULD CAUSE A SERIOUS INJUSTICE, AND THE PUBLIC'S INTEREST WILL NOT SUFFER UNDUE DAMAGE BY IMPOSITION OF LIABILITY.

IT IS CLEAR AND THE COURT FINDS, THAT THE PUBLIC INTEREST WOULD SUFFER UNDUE DAMAGE IF THE GOVERNMENT WERE ESTOPPED FROM OFFSETTING BIANCHI'S LONG DUE SUPERIOR DEBT TO THE PUBLIC COFFERS. SERIOUS INJUSTICE TO THE PUBLIC INTEREST WOULD RESULT IF BIANCHI WERE ALLOWED TO COLLECT THE EAJA AWARD WHILE HIS DEFAULTED DEBTS REMAINED UNPAID, AND HOLDING BIANCHI ACCOUNTABLE FOR THE CONTRACTUAL OBLIGATIONS HE ASSUMED WHEN HE ENTERED INTO THE LOAN TRANSACTIONS AND OBTAINED THE SBA GUARANTEES WOULD NOT INFLICT A SERIOUS INJUSTICE UPON HIM.

THEREFORE, THE COURT CONCLUDES THAT THIS ARGUMENT OF BIANCHI'S IS UNPERSUASIVE.

NEXT, DID THE GOVERNMENT WAIVE ITS OFFSET CLAIM?

BIANCHI ALSO CONTENDS THAT THE GOVERNMENT WAIVED ITS RIGHT TO ASSERT AN OFFSET AGAINST HIM. A WAIVER IS AN INTENTIONAL ABANDONMENT OF A KNOWN RIGHT OR PRIVILEGE. BIANCHI HAS FAILED TO PRODUCE ANY EVIDENCE DEMONSTRATING THE GOVERNMENT'S INTENTIONAL ABANDONMENT OF ITS RIGHT TO OFFSET AGAINST HIM. INSTEAD, HE CONTENDS THAT THE FOLLOWING CONSTITUTE A WAIVER BY THE GOVERNMENT:

FIRST, THE 1988 SETTLEMENT AGREEMENT WHICH PROVIDED

THAT IT DID NOT PREJUDICE HIS RIGHTS TO PURSUE AN EAJA CLAIM.

SECOND, THE GOVERNMENT'S FAILURE TO OFFSET HIS EAJA AWARD AS PART OF ITS ACTION AGAINST HIM IN THE COURT OF FEDERAL CLAIMS FOR THE RETURN OF THE $616,500, PLUS INTEREST, PAID TO HIM.

THIRD, THE GOVERNMENT'S FAILURE TO JUDICIALLY ASSERT ITS OFFSET UNTIL AFTER HE COMMENCED THE PRESENT ACTION.

AND FINALLY, THE GOVERNMENT'S FAILURE TO INITIATE A LAWSUIT AGAINST HIM WITHIN THE APPLICABLE STATUTE OF LIMITATIONS TO OBTAIN THE RECOVERY OF THE AMOUNTS HE OWES TO THE GOVERNMENT.

NONE OF THESE ARGUMENTS AMOUNT TO WHAT THE COURT WOULD CONCLUDE IS A SHOWING OF INTENTIONAL ABANDONMENT OF THE GOVERNMENT'S OFFSET RIGHT.

THE COURT'S MAY 12TH ORDER DISPOSED OF THE FIRST CLAIM ABOVE, BY SPECIFICALLY CONCLUDING THAT THE SETTLEMENT AGREEMENT DID NOT PRECLUDE THE GOVERNMENT FROM ASSERTING AN OFFSET OF BIANCHI'S EAJA AWARD. THE SECOND AND THIRD ARGUMENTS WHICH HAS BEEN RAISED BY BIANCHI, DO NOT PROPERLY ADDRESS THE FACT THAT BECAUSE THE GOVERNMENT NEED NOT REDUCE AN OFFSET TO JUDGMENT, IT WAS NOT REQUIRED TO PURSUE ANY ACTION AGAINST HIM TO OFFSET THE EAJA AWARD THAT IT HAD NOT PAID HIM.

ALSO IN THE COURT OF FEDERAL CLAIMS CASE, THE GOVERNMENT SOUGHT THE RETURN OF FUNDS IT ERRONEOUSLY HAD PAID