5.

Bianchi v. Walker,
No. CV-S-94-747-LDG (RJJ) (D. Nev.),
No. 97-17024 (9th Cir.),
No. 98-1860 (U.S.)

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Defendant. | Case No. CV-S-94-747-LDG (RJJ)<br><br>**ORDER** |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Counterdefendant. | ENTERED AND SERVED<br>SEP 17 1996<br>CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA<br>BY ___ DEPUTY |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Counterdefendant/Claimant in Interpleader. | |

Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) sues Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States

General Accounting Office (the Government), seeking to require the Government to pay him $58,613.03, plus interest, that the Armed Services Board of Contract Appeals (the Board) awarded to him. In its answer, the Government brings a counterclaim asserting that it is entitled to set-off certain Small Business Administration (SBA) loans upon which Bianchi defaulted. The Government further interplead Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association (the Bank), asserting that assignments Bianchi made to the Bank require the Government to pay the award to the Bank.

Presently, the following motions and papers are before the court for determination. The Bank moves for summary judgment (#19) against the Government. Bianchi opposes granting summary judgment in favor of the Bank and against the Government (#23), to which the Bank replied (#27).

Bianchi moves for summary judgment (#20) against the Government. The Bank opposes granting of summary judgment in favor of Bianchi and against the Government (#24), to which Bianchi replied (#35).

Bianchi also cross-moves for summary judgment against the Bank (#23). The Bank opposed (#27), and Bianchi replied (#35).

Finally, the Government filed its response to the above motions (#36), adopting the position of the Bank. In the alternative, the Government asserts that if the Bank is not entitled to the proceeds of the award, then the Government is entitled to offset the award with defaulted SBA loans. Bianchi filed its reply to the Government's response (#39).

Motions for Summary Judgment

In considering motions for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party

must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157

(1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The following facts are not disputed and are relevant to disposition of this matter.[1] In 1979 and 1980, the Government awarded Bianchi three contracts to produce clothing for the military, including the contract underlying this suit. Bianchi borrowed money from the Bank to perform these contracts, and assigned the proceeds of these contracts to the Bank as security for the loans. The Bank properly notified the contracting and disbursing officers of these assignments. Subsequently, two of the contracts were terminated for Bianchi's default, and Bianchi defaulted on his loans to the Bank.

Bianchi then began a series of claims, including a Value Engineering Change Proposal (VECP)[2] claim Bianchi had made concerning one of the contracts. In 1988, the parties stipulated and the Board entered this stipulation as a decision, settling Bianchi's claims arising from the contracts. The settlement, however, was without prejudice to Bianchi's right to pursue his VECP claims.[3] Bianchi pursued his VECP claims, and the Board ultimately awarded him $58,613.03. The parties do not dispute that this amount represents proceeds of the underlying government contract. The Government is currently holding this amount, to which both Bianchi and the Bank claim entitlement.

---

[1] A more complete recitation of facts underlying this suit is set forth in *Bank of America National Trust and Savings Assoc. v. United States*, 23 F.3d 380, 381-382 (Fed. Cir. 1994).

[2] A VECP permits a government contractor to share in the Government's savings caused by a contractor-proposed, and Government-accepted, change to an existing contract specification.

[3] The settlement was also without prejudice to Bianchi's right to pursue an application under the Equal Access to Justice Act to recover legal fees and expenses. The EAJA claim, however, is not at issue in this litigation.

The only issue that the Bank and Bianchi dispute is whether Bianchi's assignment of the proceeds of the contracts was valid. The court now finds that the Bank met its burden of showing that the assignments were valid. Further, as Bianchi failed to meet his burden of offering any evidence to the contrary, summary judgment is appropriate in favor of the Bank.

Initially, the court notes that Bianchi is collaterally estopped from arguing that the assignments were not valid. Under the doctrine of collateral estoppel a party is precluded from re-litigating, in a subsequent action an issue previously adjudicated in a prior action. Collateral estoppel requires that the issue at stake is identical to the one alleged in the prior litigation; that the issue was actually litigated in the prior litigation; and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In addition, application of collateral estoppel is appropriate only if legal principles have not changed significantly since the prior litigation and other special circumstances do not warrant an exception to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155 (1979).

As recited by the United States Court of Federal Claims, Bianchi alleged that his assignments to the Bank were not valid. Exhibit B to Government's Response, p. 3. The court decided this issue adversely to Bianchi, finding that he had failed to offer any facts showing that there was a genuine issue for trial. *Id.* The ruling was not disturbed on appeal. Rather, the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act, and had not transferred its rights under the original loan when it transferred its rights under the SBA loans to the Government. *Bank of America*, 28 F.3d at 384.

Second, the dispute before the court is whether the Government must pay the VECP award to Bianchi or to the Bank pursuant to the assignment. As such, this court must determine only if the assignments meet the requirements of 41 U.S.C. § 15(b), requiring the Government to pay the proceeds to the Bank. To be valid, an assignment of the proceeds of a

government contract must be to a bank, trust company, or other financial institution; the assignment must be for all amounts payable; and written notice of the assignment, together with a true copy of the instrument of assignment, has been provided to the contracting officer, the sureties upon the bonds connected to the contract, and the disbursing officer. If these elements are satisfied, then "[n]otwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this section shall constitute a valid assignment for all purposes." 41 U.S.C. § 15(c).

Bianchi has not offered any facts or argument suggesting that his assignments do not meet the requirements of 41 U.S.C. §15(b). Rather, as found by the Federal Circuit, "Bianchi assigned the proceeds and rights associated with each contract to the bank as security for loans to finance Bianchi's performance of the contracts. The bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988)." As the assignments were valid, summary judgment is appropriate in favor of the Bank and the court need not determine whether the Government is entitled to set-off its SBA claims. The Government must honor the assignment and pay the proceeds of the VECP award to the Bank.

Therefore,

IT IS **ORDERED** that the Bank's motion for summary judgment (#19) is GRANTED;

IT IS FURTHER **ORDERED** that Bianchi's motion for summary judgment (#20) is DENIED;

IT IS FURTHER **ORDERED** that Bianchi's cross-motion for summary judgment (#23) is DENIED.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge



0(

121

SEP 16 10 05 AM '96

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BY ________

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

**JUDGMENT**

ENTERED AND SERVED
SEP 11 1996
CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA
BY ________ DEPUTY

Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings

Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge





AO 72
Rev 8/82)

FILED
SEP 26 1997
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ______ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 29 1997
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ______ DEPUTY

RECEIVED
U.S. ATTORNEY'S
SEP 30 12 29 PM '97
LAS VEGAS

Having read and considered Plaintiff Maurice Bianchi fdba M. Bianchi of California's Motion for a New Trial or, in the alternative, to Alter and Amend Findings of Fact,

cc M. Melnick

145-121

Conclusions of Law and to Amend Judgment (## 45, 46), Counterdefendant and Claimant in Interpleader Bank of America's response (#47), and Bianchi's reply (#49),

THE COURT **ORDERS** that Plaintiff's Motion is DENIED.

DATED this 26 day of September, 1997.

Lloyd D. George
Chief United States District Judge





AO 72