163 F.3d 564
98 Cal. Daily Op. Serv. 9019, 98 Daily Journal D.A.R. 12,635
**(Cite as: 163 F.3d 564)**


**H**

United States Court of Appeals,
Ninth Circuit.

**Maurice BIANCHI, f/d/b/a M. Bianchi of California, Plaintiff-counter-defendant-Appellant,**
**v.**
**David M. WALKER, [FN1] Comptroller General of the United States General Accounting Office, Defendant-counter-claimant-Appellee,**

FN1. David M. Walker is substituted for Charles Bousher, former Comptroller General of the United States General Accounting Office, pursuant to Fed. R.App. P. 43(c)(1).

**v.**
**Bank of America National Trust & Savings Association, Counter-defendant/claimant in Interpleader-Appellee.**

**No. 97-17024.**

Argued and Submitted Nov. 5, 1998.
Decided Dec. 11, 1998.

Government contractor filed complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA). Government filed counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. The United States District Court for the District of Nevada, Lloyd D. George, J., entered summary judgment for bank on its claim in interpleader. Contractor appealed. The Court of Appeals, Alarcon, Circuit Judge, held that: (1) district court lacked jurisdiction over contractor's complaint for writ of mandamus, but it did have jurisdiction over government's counterclaim for interpleader; (2) Court of Appeals had jurisdiction over appeal of district court's grant of summary judgment to bank on its claim in interpleader; and (3) prior Ninth Circuit and Federal Circuit opinions were not res judicata as to bank's claim to money owed to contractor under value engineering change proposal (VECP) provisions of his contracts with federal government.

Affirmed.

See also: 23 F.3d 380, 140 F.3d 1294.

West Headnotes

**[1] Federal Courts ⚿973**
170Bk973 Most Cited Cases

In context of government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), district court had jurisdiction over government's counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. 28 U.S.C.A. § 1345; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[2] Federal Courts ⚿1139**
170Bk1139 Most Cited Cases

District court lacked subject matter jurisdiction over government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), since contractorsought damages totalling more than $10,000 based on settlement agreement, such that complaint for writ of mandamus should have been filed instead in the Court of Federal Claims. 28 U.S.C.A. §§ 1346(a)(2), 1491(a)(1).

**[3] Federal Courts ⚿776**
170Bk776 Most Cited Cases

Appellate review of district court's order granting or denying summary judgment is de novo. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[4] Federal Courts ⚿759.1**
170Bk759.1 Most Cited Cases

On appeal of summary judgment order, Court of Appeals may affirm judgment of district court on any basis established by the record.

**[5] Federal Courts ⚿542**
170Bk542 Most Cited Cases

Though district court lacked subject matter jurisdiction over government contractor's mandamus

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

complaint, seeking to compel United States to pay amounts awarded by Armed Services Board of Contract Appeals (ASBCA), Court of Appeals nonetheless had jurisdiction over appeal of district court's grant of summary judgment to bank on its interpleader claim, since trial court had jurisdiction to consider merits of bank's claim that, as contractor's assignee, it was entitled to the amount owing to contractor, and court's decision that bank was entitled to proceeds of ASBCA award disposed of the only issues that were properly before it. 28 U.S.C.A. § 1346(a)(2).

[6] Judgment ⚿735
228k735 Most Cited Cases

Assignee-bank's claim to money owed to government contractor under value engineering change proposal (VECP) provisions of his contracts with federal government was not barred by prior appellate decision regarding parties' rights in monies awarded to contractor in his appeals before the Armed Services Board of Contract Appeals (ASBCA), since prior appellate decision did not reach question whether government was liable to pay amounts sought on VECP claims.

[7] Federal Courts ⚿766
170Bk766 Most Cited Cases

[7] Federal Courts ⚿802
170Bk802 Most Cited Cases

On appeal of order granting summary judgment, Court of Appeals must determine, viewing evidence in light most favorable to nonmoving party, whether there are any genuine issues of material fact and whether district court correctly applied relevant substantive law. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

[8] Judgment ⚿707
228k707 Most Cited Cases

Prior appellate decision, issued in connection with government contractor's action to collect fees and expenses he was awarded under Equal Access to Justice Act (EAJA) in accordance with settlement agreement with government, was not res judicata on question whether bank, as contractor's assignee, was entitled to recover amount owing on certain claim under government contract pursuant to assignment agreement, since bank was not party or privy to prior EAJA action; bank and government were not in privity, but were adverse parties. 28 U.S.C.A. § 2412.

[9] Judgment ⚿540
228k540 Most Cited Cases

Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim.

*566 Gerson B. Kramer, Braude & Margulies, Washington, DC; Scott Michael Cantor and George E. Graziadei (on the briefs), Graziadei & Cantor, Ltd., Las Vegas, Nevada, for the plaintiff-counter-defendant-appellant.

Mark A. Melnick, Assistant Director and David M. Cohen, Director (on the briefs), United States Department of Justice, Washington, DC, for the defendant-counter-claimant-appellee.

Dennis L. Olson and Diana L. Sullivan (on the briefs), Jones Vargas, Las Vegas, Nevada, for the counter-defendant-claimant-appellee.

Appeal from the United States District Court for the District of Nevada; Lloyd D. George, District Judge, Presiding. D.C. No. CV-94-00747-LDG.

Before: ALARCON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.

ALARCON, Circuit Judge:

Maurice Bianchi, formerly doing business as M. Bianchi of California, ("Bianchi") appeals from the order granting summary judgment in favor of Bank of America ("Bank"), and the denial of his motions for summary judgment against the Bank and Charles Bousher, Comptroller General of the United States of America, the United States of America, and the United States General Accounting Office ("Government") and his motion for a new trial or, in the alternative, to alter and amend findings of facts and conclusions of law, and to amend the judgment. Bianchi contends that the district court erred in ruling that the Bank was entitled to recover the money owed to Bianchi by the Government based on the assignment agreement between the Bank and Bianchi. We affirm because we conclude that Bianchi was barred by the collateral estoppel doctrine from contending that the assignment agreement was not valid.

I

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

A recitation of the factual and procedural background of this case is essential to understanding the issue before this court. This dispute arose out of the contracts between Bianchi and the Government. Prior to the filing of this action, this same dispute spawned three separate actions, two in the federal courts and one in a California state court. In 1979 and 1980, Bianchi was awarded three contracts by the Defense Personnel Support Center to produce clothing for the military. These contracts were assigned to the Bank by Bianchi as collateral for money loaned to Bianchi. The Bank properly notified the Government of this assignment under the Assignment of Claims Act. During 1980, the Bank loaned Bianchi additional money on these contracts which was guaranteed by the Small Business Administration ("SBA").

A dispute arose regarding Bianchi's performance of certain of these contracts. Bianchi filed appeals before the Armed Services Board of Contract Appeals ("ASBCA") in ASBCA case numbers 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934 ("the ASBCA claims"). These appeals did *not* include Bianchi's Value Engineering Change Proposal ("VECP") claims.

On September 27, 1988, the Government and Bianchi entered into an agreement to settle the ASBCA claims. The settlement provided for a monetary award to Bianchi of $617,500 plus interest for a total of $1,141,330.83. The settlement contract expressly reserved Bianchi's right to pursue his VECP claims, and to apply for an award of Bianchi's legal fees and expenses under the Equal *567 Access to Justice Act. [FN2]

FN2. The settlement agreement provides:
1. The parties agree that Mr. Maurice Bianchi, as the successor to M. Bianchi of California is entitled to recover $617,500.00 on his claims in the following appeals: ASBCA Nos. 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934; that Mr. Bianchi is entitled to interest ... at the rates prescribed by the Secretary of the Treasury ... and that the parties waive their rights to seek reconsideration of this stipulated decision of the Board or to appeal that stipulated decision;
2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with DPSC; and 3. This settlement is without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act to recover whatever legal fees and litigation expenses to which he may be entitled in connection with these claims and appeals ...
It is the Board's decision pursuant to 41 U.S.C. § 607(d), § 612(b), and the parties' stipulation and agreement, that the appeals are sustained. In the nature of a consent judgment the Board makes a monetary award in the amount of $617,500 with interest from 18 June 1981.

The settlement agreement was integrated in the decision of the ASBCA. The Government paid Bianchi $1,141,220.83 to settle each of the claims identified in the settlement agreement. This amount did not include any payment to satisfy Bianchi's VECP claims.

On November 21, 1990, the Bank filed an action in the United States Court of Federal Claims against the Government in which it alleged that under its assignment agreement with Bianchi, it was entitled to be paid the amount of $1,141,220.83 awarded to Bianchi by the ASBCA. *See Bank of America Nat'l. Trust and Sav. Ass'n. v. United States,* 23 F.3d 380, 382 (Fed.Cir.1994) ( "*Bank of America*"). In its answer, the Government denied liability to the Bank based on its contention that the SBA had a superior security interest in the proceeds of the ASBCA claims. The Government also filed a third-party claim against Bianchi to recover the $1,141,220.83 it had paid to him. *See id.*

The United States Court of Federal Claims granted the Government's motion for a summary judgment. It held that the SBA had a superior security interest in money owing to Bianchi to that asserted by the Bank. The Court of Federal Claims also ordered Bianchi to return the $1,141,220.83 to the Government. *See Bank of America,* 23 F.3d at 382.

The Federal Circuit reversed the judgment of the Court of Federal Claims. It held that the Bank was entitled to be paid the amount awarded by the ASBCA pursuant to its rights under the assignment. The Federal Circuit also determined that Bianchi was entitled to retain the money paid to him by the Government under the terms of the settlement agreement. The court further held that the SBA's security interests in the ASBCA claims were subordinate to the Bank's rights under the assignment. *Id.* at 384. In addition, the Federal Circuit decided that the Government could not set off Bianchi's debt to the SBA because Bianchi's right to receive the total amount awarded to him pursuant to

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

the settlement agreement was independent of any liability to the SBA. *Id.* at 385.

Bianchi initiated this action by filing a complaint in the nature of a writ of mandamus for an order to compel the United States to pay the amount awarded to him by the ASBCA. The ASBCA determined that the Government was liable to Bianchi in the amount of $58,613.03 under a VECP provision of an express contract. The Government refused to make payment.

The Government filed an answer and a counterclaim for interpleader. In its counterclaim, the Government requested that the district court determine whether the Bank should be awarded the amount owed to Bianchi on the VECP claim pursuant to the assignment agreement between the Bank and Bianchi. The Government requested that if the court determined that the Bank was entitled to the amount due under the ASBCA decision, the Government should be discharged from any liability to Bianchi. The Government further requested that, if the district court concluded that the Bank was not entitled to the amounts due under the ASBCA decision, the court should offset the amount Bianchi owes to the SBA from the *568 $58,613.03 sought by Bianchi in his complaint for a writ of mandamus.

In its claim, the Bank asserted that "the Bank's claim to the interpleader stake is prior to any other claim and that the Bank is entitled to all funds at issue held by the Government." In his answer to the Bank's claim in interpleader, Bianchi asserted that the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America* "speaks for itself" regarding the Bank's claim that under the assignment agreement it was entitled to the amount owing to Bianchi.

The Bank moved for summary judgment. It argued that it was entitled to the money held by the Government because, under the doctrine of collateral estoppel, Bianchi was precluded from relitigating the question whether the assignments were valid.

Bianchi filed a motion for summary judgment against the Government. He asserted that he was entitled to the $58,613.03 because the Government had agreed to pay the VECP claim as part of a stipulated agreement that was integrated into the decision of the ASBCA. Bianchi also requested summary judgment on the Government's claim that it was entitled to an offset.

Bianchi also filed a cross-motion for a summary judgment against the Bank. In the court below, Bianchi argued that he was entitled to summary judgment on the Bank's claim in interpleader because the Bank breached the terms of the assignment agreement. However, subsequent to the denial of his motion for summary judgment and prior to his motion for a new trial, the California Court of Appeals found that the Bank had not breached the assignment agreement. *See Bianchi v. Bank of America Nat'l. Trust and Savings Ass'n.*, G014893 (Cal.Ct.App.1997) (unpublished). Bianchi now asserts that he is entitled to recovery on two different grounds: (1) the Federal Circuit's decision in *Bank of America* establishes that he is entitled to recover on the settlement agreement regardless of whether the Government remains liable to the Bank; and (2) the Bank's recovery in *Bank of America* was in full settlement of the assignment agreement and, therefore, the assignment was discharged. Bianchi no longer contends that the Bank breached the assignment agreement.

The district court granted the Bank's motion for a summary judgment. It also denied Bianchi's motion for summary judgment against the Government and his cross-motion for a summary judgment against the Bank.

In explaining its decision, the district court reasoned that the Bank was entitled to summary judgment because "Bianchi is collaterally estopped from arguing that the assignments were not valid." The court stated that precise issue had been resolved against Bianchi in *Bank of America,* 23 F.3d at 384.

The district court's judgment reads as follows:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

The court's judgment is silent regarding Bianchi's complaint for a writ of mandamus.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

Bianchi filed a motion for a new trial or, in the alternative, to alter and amend findings of fact, conclusions of law, and to amend judgment. The district court denied these motions and this timely appeal followed. This motion makes no reference to Bianchi's complaint for a writ of mandamus.

II

Before discussing the merits of this appeal, we have a duty to determine *sua sponte* whether the district court entered a final decision in this matter. The parties have represented that we have jurisdiction pursuant to 28 U.S.C. § 1291. None of the parties have argued before this court that the district court's judgment did not encompass a *569 disposition of Bianchi's complaint for a writ of mandamus.

[1] The district court had jurisdiction over the Government's counterclaim for interpleader in this matter pursuant to 28 U.S.C. § 1345 and Rule 22 of the Federal Rules of Civil Procedure. A person who is subject to claims from more than one claimant may require them to interplead their claims to avoid multiple liability. Fed.R.Civ.P. 22. A defendant exposed to liability from more than one claimant may obtain interpleader relief by filing a counterclaim. *Id.*

[2] The question we must address is whether this order was final as to Bianchi's claim for a writ of mandamus. There is no express indication in the record of the district court's disposition of the petition for a writ of mandamus.

[3][4] Our review of a district court'sorder granting or denying summary judgment is *de novo*. *See Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). "We may affirm the judgment of a district court on any basis established by the record." *DELTA v. Humane Soc. of U.S., Inc.,* 50 F.3d 710, 712 (9th Cir.1995).

The record shows that the district court lacked subject matter jurisdiction over Bianchi's complaint for a writ of mandamus. A district court has jurisdiction over an action filed against the United States arising out of a contract dispute where the amount in dispute does not exceed $10,000. 28 U.S.C. § 1346(a)(2). The United States Court of Federal Claims has jurisdiction over any claim against the United States concerning an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). Because Bianchi seeks damages totalling more than $10,000 based on the settlement agreement, the complaint for a writ of mandamus should have been filed in the Court of Federal Claims. *See id.*

[5] We conclude that we have jurisdiction over this appeal. The district court had subject matter jurisdiction to consider the merits of the Bank's claim that it was entitled to the amount owing to Bianchi under the assignment. It lacked subject matter jurisdiction to consider a claim, however disguised, that the Government owed Bianchi in excess of $10,000 based on the VECP provisions of the contract. The district court's decision that the Bank was entitled to the proceeds of the VECP award disposed of the only issues that were properly before it.

III

[6][7] Bianchi contends that the Bank's claim to the money owed to Bianchi under the VECP provisions of his contracts with the Government as Bianchi's assignee is barred by the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America.* A grant of summary judgment is reviewed *de novo.* *See Margolis,* 140 F.3d at 852. Our review is governed by the same standard used by the trial court under Federal Rules of Civil Procedure 56(c). *See Ghotra v. Bandila Shipping, Inc.,* 113 F.3d 1050, 1054 (9th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998); *Parker v. United States,* 110 F.3d 678, 681 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Margolis,* 140 F.3d at 852; *see also Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir.1997).

Bianchi's contention that the Government was required to pay the money due on the VECP claims was not presented to the Court of Federal Claims or the Federal Circuit in *Bank of America.* Therefore, Bianchi's reliance on the doctrine of res judicata is misplaced.

The Federal Circuit's decision was limited to an analysis ofBianchi's right to retain the amount the Government agreed to pay to settle the pending ASBCA claims pursuant to the first paragraph of the settlement agreement. It did not determine whether the Government was required to pay Bianchi any

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the Bank's rights under its assignment ***570** agreement with Bianchi. The question whether the Government is liable to pay Bianchi the $58,613.03 Bianchi seeks to recover under its VECP claims has not been presented in the United States Court of Federal Claims in an action against the Government as required pursuant to 28 U.S.C. § 1491(a)(1), nor has this issue been reviewed by the Federal Circuit.

IV

[8][9] Bianchi also maintains that this court's decision in *Bianchi v. Perry,* 140 F.3d 1294 (9th Cir.1998) is res judicata on the question whether the Bank is entitled to recover the amount owing on the VECP claim pursuant to the assignment agreement. This contention lacks merit. *Bianchi v. Perry* cannot serve as a bar to the Bank's claim because it was not a party or privy to that action. [FN3] Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim. *See In Re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997). The Bank and the Government are not in privity, they are adverse parties. Accordingly, neither *Bank of America* nor *Bianchi v. Perry* bars the Bank's rights under the assignment agreement.

FN3. We note also that *Bianchi v. Perry* did not involve the claim presented in this matter. The issue presented in *Bianchi v. Perry* was whether the Government was entitled to set off the debt owed to the United States against Bianchi's right to statutory fees and expenses under the EAJA. *Id.* at 1299.

V

Bianchi also asserts that the district court erred in denying his motion for a new trial, or in the alternative, his motion to alter or amend the district court's findings of fact and conclusions of law. The district court did not err in denying Binachi's motion because his contentions are without merit.

Bianchi claims that the district court was not aware of the prior judgment in the Bank of America case in which the Government was held liable to the Bank for a certain sum. Bianchi claims that this payment discharged the assignment and any further recovery by the Bank would put it in a position to receive double recovery.

Bianchi's arguments are without merit. The Bank's award in *Bank of America* was based on Bianchi's compromise of certain contract claims in the settlement agreement. As stated above, the VECP provision was not included in this compromise. Therefore, just as Bianchi's rights to pursue this award were not foreclosed, neither were the Bank's rights as assignee of the underlying contract.

VI

We conclude that the district court was not precluded from determining that the Bank was entitled, as Bianchi's assignee, to be awarded the amount owed by the Government on the VECP contracts. The claim presented in this matter was not presented to the Federal Circuit in *Bank of America.* This court's decision in *Bianchi v. Perry* is not res judicata regarding the Bank's right to recover on its assignment because the Bank was not a party to the action, nor in privity with the litigants, and the rights of the Bank, under the assignment agreement were not reviewed in that matter.

Bianchi's claim against the Government is based on his express contracts with the Government. The amount in controversy concerning that dispute exceeds $10,000. Accordingly, the district court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) to determine whether the Government is liable to pay Bianchi $58,613.03. Only the Court of Federal Claims can resolve that dispute.

AFFIRMED.

END OF DOCUMENT

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works

NOT FOR PUBLICATION

FILED

FEB 17 1999

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAURICE BIANCHI, fdba
M. Bianchi of California,

Plaintiff-counter-
defendant - Appellant,

v.

CHARLES BOUSHER, Comptroller
General of the United States
General Accounting Office,

Defendant-counter-
claimant - Appellee,

v.

BANK OF AMERICA NATIONAL TRUST
& SAVINGS ASSOCIATION,

Counter-defendant/claimant
in interpleader - Appellee.

No. 97-17024
D.C. No. CV-94-00747-LDG

**ORDER**

Before: ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

The panel as constituted in the above case has voted unanimously to deny the petition for rehearing. Judges O'Scannlain and Fernandez voted to reject the petition for a rehearing en banc. Judge Alarcón recommend the rejection of the petition for a rehearing en banc.

The full court has been advised of the petition for en banc hearing, and no judge of the court has requested a vote on the petition for rehearing en banc. Fed. R. App. P. 35(b).

The petition for rehearing is denied and the petition for a rehearing en banc is rejected.

**H**

Briefs and Other Related Documents

Supreme Court of the United States

**Maurice BIANCHI, fdba M. Bianchi of California, petitioner,**
**v.**
**David M. WALKER, Comptroller General of the United States, et al.**

**No. 98-1860.**

Oct. 4, 1999.

Case below, 163 F.3d 564.

Petition for writ of certiorari to the United States Court of Appeals for the Ninth Circuit denied.

120 S.Ct. 50 (Mem), 528 U.S. 814, 145 L.Ed.2d 44, 67 USLW 3718, 68 USLW 3217, 68 USLW 3223

Briefs and Other Related Documents (Back to top)

. 1999 WL 33639985T2 (Appellate Filing) Reply to Brief in Opposition (Aug. 03, 1999)Original Image of this Document with Appendix (PDF)

. 1999 WL 33639977T2 (Appellate Filing) Brief for the Federal Respondents in Opposition (Jul. 19, 1999)Original Image of this Document (PDF)

. 1999 WL 33639968T2 (Appellate Filing) Petition for Writ of Certiorari (May. 18, 1999)Original Image of this Document with Appendix (PDF)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works