NOTICE O[illegible] SIGNMENT OF CLAIMS UNDER GOVER[illegible] [illegible]T CONTRACT
(Before filling out this notice, read carefully instructions on reverse side.)

Date February 19, 1980

TO: (a) Lamar M. Greschen

(b) DCASMA Santa Ana, CA

(c)

RE CONTRACT NUMBER DLA 10080C2290
MADE BY THE UNITED STATES OF AMERICA

Defense Personnel Support Center DEPARTMENT

DIVISION

WITH M. Bianchi of California, a sole proprietor of
(Name and Address of Contractor)
Maurice L. Bianchi

FOR cutting and sewing 27,000 womens Air Force coats

DATED 07 Nov 1979

PLEASE TAKE NOTICE that monies due or to become due under the contract described above have been assigned to the undersigned pursuant to the provisions of the Assignment of Claims Act of 1940 as amended.

A true copy of the instrument of assignment is attached hereto.

Payments due or to become due under such contract should be made to the assignee, at the Office and address indicated below.

Please return to the undersigned the three enclosed copies of this notice with appropriate notations showing the date and hour of receipt and duly signed by the person acknowledging receipt on behalf of the addressee.

Very truly yours,
BANK OF AMERICA
NATIONAL TRUST AND SAVINGS ASSOCIATION

by [signature]
(Name and title of signing officer)
John Caputo Manager

2001 S. Main St. Santa Ana, CA 92707
(Office Name and Address)

Receipt is hereby acknowledged of the above notice and a copy of the above mentioned instrument of assignment. These were received at ______ a.m. on 1 April, 1980.
p.m.

[signature]
(Signature)

on behalf of C. PEDERSEN
LCDR, SC, USN
Accounting and Finance Officer
(Name and title of addressee of notice)

N-296 2-73

ACKNOWLEDGMENT: FOR INDIVIDUALS

STATE OF CALIFORNIA
COUNTY OF Orange } ss.

On this 22 day of February 1980 before me, Leonor E. Pinedo, a Notary Public in and for said Orange County, personally appeared MAURICE C. BIANCHI

known to me to be the person....whose name.... subscribed to the within instrument, and acknowledged that ........he.... executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
LEONOR E PINEDO
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires JAN 6, 1984

Leonor E. Pinedo
Notary Public in and for said Orange County and State.

ACKNOWLEDGMENT: FOR CORPORATION IF SIGNED BY PRESIDENT OR SECRETARY OR BOTH

STATE OF CALIFORNIA
COUNTY OF } SS.

On this........day of........19......, before me, ........, a Notary Public in and for said........County, personally appeared........

known to me to be the........

of the corporation that executed the within instrument, and acknowledged to me that such corporation executed the same.

WITNESS my hand and official seal.

........
Notary Public in and for said........County and State.

ACKNOWLEDGMENT: FOR CORPORATION IF SIGNED BY OTHER THAN PRESIDENT OR SECRETARY OR BOTH

STATE OF CALIFORNIA
COUNTY OF } SS.

On this........day of........19......, before me, ........, a Notary Public in and for said........County, personally appeared........

known to me to be the person....who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the same.

WITNESS my hand and official seal.

........
Notary Public in and for said........County and State.

ACKNOWLEDGMENT: FOR PARTNERSHIP

STATE OF CALIFORNIA
COUNTY OF } SS.

On this........day of........19......, before me, ........, a Notary Public in and for said........County, personally appeared........

known to me to be one of the partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

........
Notary Public in and for said........County and State.

For VALUE RECEIVED, the undersigned, M. Bianchi of California, (1) a sole proprietorship of Maurice L. Bianchi (hereinafter referred to as "Assignor") hereby assigns, transfers and sets over unto Bank of America National Trust and Savings Association, a National Banking Association having its principal place of business in San Francisco, California, and branches throughout the State of California, (hereinafter referred to as "Bank"), all the moneys now due or hereinafter to become due from the United States of America under

Contract No DLA10080C2290 (2)

Letter Contract No. ---- (2) and any superseding Definitive Contract of the same number dated ---- for cutting and sewing of 27,000 coats (3) executed by Assignor and Defense Personnel Support Center (4).

Any married woman who signs as Assignor below hereby expressly assents to the liability of her separate property.

Assignor hereby constitutes and appoints said Bank the true and lawful attorney, irrevocable, of Assignor, to demand, receive and enforce payments and to give receipts, releases and satisfactions, either in the name of Assignor or in the name of the Bank, in the same manner and with the same effect as Assignor could do if this assignment had not been made.

Assignor covenants that Assignor will receive all moneys advanced hereunder by the Bank as a trust fund to be first applied to the payment of claims of laborers, materialmen, sub-contractors, and of other expenditures arising out of the performance of said contract, and until such payments have been made Assignor will not use any part of said advances for any other purpose; and the said Assignor does hereby represent and warrant unto said Bank that no payments have been received on account of said contract, and that Assignor has not heretofore alienated or assigned said contract or any rights or interest therein or thereto.

This assignment is made pursuant to the Assignment of Claims Act of 1940.

IN WITNESS WHEREOF, Assignor has executed this assignment in several originals this 22 day of February, 1980.

Maurice L. Bianchi

(5) M. Bianchi of California a sole proprietorship of Maurice L. Bianchi

## INSTRUCTIONS

(1) Insert name of Assignor and whether a corporation, partnership, or individual doing business under a trade name. Name must correspond with that in the contract.

(2) Insert number of contract; delete line not applicable.

(3) Insert object of contract.

(4) Insert name of contracting party whether the United States or agency or department thereof.

(5) Signature of Assignor must correspond with that in contract. If a corporation, affix corporate seal.

Signature of Assignor should be acknowledged before a Notary Public. See forms of acknowledgement on the reverse hereof.

A true copy of this assignment must accompany each original copy of the notice of assignment. For form of written notice and the names of the parties with whom such notice must be filed, see accompanying form "Notice of Assignment."

N-295 8-72

cc: Chuck Hill
FCCD-A

R34 2700 31 N/o III

DEFENSE LOGISTICS AGENCY
DEFENSE CONTRACT ADMINISTRATION SERVICES MANAGEMENT AREA, SANTA ANA
34 CIVIC CENTER PLAZA
P.O. BOX C-12700
SANTA ANA, CALIFORNIA 92712

IN REPLY REFER TO DCRL-GACB-D2 (AV 873-2731/jbg) 25 Aug 80

SUBJECT: Notice of Assignment on Contract DLA100-80-C-2972, M. Bianchi of California

TO: Commander
ATTN: DPSC-TP/J. Wandlass
Defense Personnel Support Center
2800 South 20th Street
Philadelphia, PA 19101

This letter will serve as notice that subject contract DLA100-80-C-2972 with M. Bianchi of California, 1201 Wakeham Avenue, Santa Ana, CA 92705, has been assigned to Bank of America National Trust and Savings Association, South Santa Ana #451, 2001 S. Main Street, Santa Ana, CA 92707, pursuant to DAR 7-103.8.

FOR THE COMMANDER:

Original Signed By
LAMAR M. GRESHAM
Administrative Contracting Officer
LAMAR M. GRESHAM
Administrative Contracting Officer

cc: DCRL-FA/Disbursing Officer
w/2 copies of Notice of Assignment

Mr. John Caputo
Manager
Bank of America
Santa Ana #451
2001 S. Main Street
Santa Ana, CA 92707
w/1 copy of Notice of Assignment

Mr. Caputo:
The attached original of the Assignment is returned for your use - I have the true copy which is all that is required.
LMG

NOTICE OF ASSIGNMENT OF CLAIMS UNDER GOVERNMENT CONTRACT

(Before filling out this notice, read carefully instructions on reverse side.)

Date August 14, 1980

TO: (a) Lamar M. Gresham A.C.O.
DCASMA Santa Ana, CA
(b) 34 Civic Center Drive
(c) Santa Ana, CA 92707

RE CONTRACT NUMBER DLA100-80-C-2972
MADE BY THE UNITED STATES OF AMERICA

Defense Personnel Support Center DEPARTMENT

DIVISION

WITH M. Bianchi of California, a Sole Proprietorship
(Name and Address of Contractor)
of Maurice L. Bianchi

FOR Cutting and sewing 125,240 coats, all weather, mens black with removable liner

DATED June 23, 1980

PLEASE TAKE NOTICE that monies due or to become due under the contract described above have been assigned to the undersigned pursuant to the provisions of the Assignment of Claims Act of 1940 as amended.

A true copy of the instrument of assignment is attached hereto.

Payments due or to become due under such contract should be made to the assignee, at the Office and address indicated below.

Please return to the undersigned the three enclosed copies of this notice with appropriate notations showing the date and hour of receipt and duly signed by the person acknowledging receipt on behalf of the addressee.

Very truly yours,

BANK OF AMERICA
NATIONAL TRUST AND SAVINGS ASSOCIATION

by [signature]
John Caputo (Name and title of signing officer)
South Santa Ana #451

2001 S. Main Street, Santa Ana, CA 92707
(Branch Name and Address)

Receipt is hereby acknowledged of the above notice and a copy of the above mentioned instrument of assignment. These were received at a.m. on 19
29 Sept 80

(Signature) [signature]

on behalf of M. DRINKWATER, for Disbursing Officer
(Name and title of addressee of notice)

N 296 12-78

(Before filling out this notice, read carefully instructions on reverse side)

Date [illegible]

TO: (a) Lamar M. Gresham A.C.O.
DCASMA Santa Ana, CA
(b) 34 Civic Center Drive
(c) Santa Ana, CA 92707

RE CONTRACT NUMBER DLA100-80-C-2972
MADE BY THE UNITED STATES OF AMERICA

Defense Personnel Support Center DEPARTMENT

DIVISION

WITH M. Bianchi of California, a Sole Proprietorship
*(Name and Address of Contractor)*
of Maurice L. Bianchi

FOR Cutting and sewing 125,240 coats, all weather, mans black with removable liner

DATED June 23, 1980

PLEASE TAKE NOTICE that monies due or to become due under the contract described above have been assigned to the undersigned pursuant to the provisions of the Assignment of Claims Act of 1940 as amended.

A true copy of the instrument of assignment is attached hereto.

Payments due or to become due under such contract should be made to the assignee, at the Office and address indicated below.

Please return to the undersigned the three enclosed copies of this notice with appropriate notations showing the date and hour of receipt and duly signed by the person acknowledging receipt on behalf of the addressee.

Very truly yours,

BANK OF AMERICA
NATIONAL TRUST AND SAVINGS ASSOCIATION

by [signature]
John Caputo *(Name and title of signing officer)*
South Santa Ana #451

2001 S. Main Street, Santa Ana, CA 92707
*(Branch Name and Address)*

Receipt is hereby acknowledged of the above notice and a copy of the above mentioned instrument of assignment. These were received at 10:24 a.m. on August 21, 1980.
~~p.m.~~

[signature]
*(Signature)*
LAMAR M. GRESHAM, Adm. Contracting Officer

on behalf of DCASMA Santa Ana
34 Civic Center Plaza, P.O. Box C-12700
Santa Ana, CA 92712
*(Name and title of addressee of notice)*

91-296-78-78

# ASSIGNMENT OF CLAIMS UNDER GOVERNMENT CONTRACT

For VALUE RECEIVED, the undersigned, M. Bianchi of California (1)

a Sole Proprietorship of Maurice L. Bianchi
(hereinafter referred to as "Assignor") hereby assigns, transfers and sets over unto Bank of America National Trust and Savings Association, a National Banking Association having its principal place of business in San Francisco, California, and branches throughout the State of California, (hereinafter referred to as "Bank"), all the moneys now due or hereinafter to become due from the United States of America under

Contract No. DLA 100-80-C-2972 (2)

Letter Contract No. -- (2) and any superseding Definitive Contract of the same number dated June 23, 1980 for mens black with removable liner C.M.T. 125:240 each, Govt. all weather (3) executed by Assignor and Defense Personnel Support Center (4).

Any married woman who signs as Assignor below hereby expressly assents to the liability of her separate property.

Assignor hereby constitutes and appoints said Bank the true and lawful attorney, irrevocable, of Assignor, to demand, receive and enforce payments and to give receipts, releases and satisfactions, either in the name of Assignor or in the name of the Bank, in the same manner and with the same effect as Assignor could do if this assignment had not been made.

Assignor covenants that Assignor will receive all moneys advanced hereunder by the Bank as a trust fund to be first applied to the payment of claims of laborers, materialmen, sub-contractors, and of other expenditures arising out of the performance of said contract, and until such payments have been made Assignor will not use any part of said advances for any other purpose; and the said Assignor does hereby represent and warrant unto said Bank that no payments have been received on account of said contract, and that Assignor has not heretofore alienated or assigned said contract or any rights or interest therein or thereto.

This assignment is made pursuant to the Assignment of Claims Act of 1940.

IN WITNESS WHEREOF, Assignor has executed this assignment in several originals this 14th day of August, 1980.

(5) Maurice L. Bianchi DBA
M. Bianchi of California

## INSTRUCTIONS

(1) Insert name of Assignor and whether a corporation, partnership, or individual doing business under a trade name. Name must correspond with that in the contract.

(2) Insert number of contract; delete line not applicable.

(3) Insert object of contract.

(4) Insert name of contracting party whether the United States or agency or department thereof.

(5) Signature of Assignor must correspond with that in contract. If a corporation, affix corporate seal.

Signature of Assignor should be acknowledged before a Notary Public. See forms of acknowledgements on the reverse hereof.

A true copy of this assignment must accompany each original copy of the notice of assignment. For form of written notice and the names of the parties with whom such notice must be filed, see accompanying form "Notice of Assignment."

N-288 8-74

STATE OF CALIFO... IA
COUNTY OF Orange } SS.

On this 20th day of August 1980, before me, Leonor E. Pinedo, a Notary Public in and for said Orange County, personally appeared Maurice L. Bianchi - - - - - - - - - - - - - - - - - - - - - - - - - - -

known to me to be the person....whose name.... subscribed to the within instrument, and acknowledged that ......he.... executed the same.

WITNESS my hand and official seal.

OFFICIAL SEAL
LEONOR E PINEDO
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires JAN 6, 1984

Leonor E Pinedo

Notary Public in and for said Orange County and State.

**ACKNOWLEDGMENT: FOR CORPORATION IF SIGNED BY PRESIDENT OR SECRETARY OR BOTH**

STATE OF CALIFORNIA
COUNTY OF............ } SS.

On this............day of............19......, before me, ............, a Notary Public in and for said............County, personally appeared............

known to me to be the............

of the corporation that executed the within instrument, and acknowledged to me that such corporation executed the same.

WITNESS my hand and official seal.

............

Notary Public in and for said............County and State.

**ACKNOWLEDGMENT: FOR CORPORATION IF SIGNED BY OTHER THAN PRESIDENT OR SECRETARY OR BOTH**

STATE OF CALIFORNIA
COUNTY OF............ } SS.

On this............day of............19......, before me, ............, a Notary Public in and for said............County, personally appeared............

known to me to be the person....who executed the within instrument on behalf of the corporation therein named, and acknowledged to me that such corporation executed the same.

WITNESS my hand and official seal.

............

Notary Public in and for said............County and State.

**ACKNOWLEDGMENT: FOR PARTNERSHIP**

STATE OF CALIFORNIA
COUNTY OF............ } SS.

On this............day of............19......, before me, ............, a Notary Public in and for said............County, personally appeared............

known to me to be one of the partners of the partnership that executed the within instrument, and acknowledged to me that such partnership executed the same.

WITNESS my hand and official seal.

............

Notary Public in and for said............County and State.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 17 1996
CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA
BY ___ DEPUTY

Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) sues Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States





AO 72 (Rev 8/82)

General Accounting Office (the Government), seeking to require the Government to pay him $58,613.03, plus interest, that the Armed Services Board of Contract Appeals (the Board) awarded to him. In its answer, the Government brings a counterclaim asserting that it is entitled to set-off certain Small Business Administration (SBA) loans upon which Bianchi defaulted. The Government further interplead Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association (the Bank), asserting that assignments Bianchi made to the Bank require the Government to pay the award to the Bank.

Presently, the following motions and papers are before the court for determination. The Bank moves for summary judgment (#19) against the Government. Bianchi opposes granting summary judgment in favor of the Bank and against the Government (#23), to which the Bank replied (#27).

Bianchi moves for summary judgment (#20) against the Government. The Bank opposes granting of summary judgment in favor of Bianchi and against the Government (#24), to which Bianchi replied (#35).

Bianchi also cross-moves for summary judgment against the Bank (#23). The Bank opposed (#27), and Bianchi replied (#35).

Finally, the Government filed its response to the above motions (#36), adopting the position of the Bank. In the alternative, the Government asserts that if the Bank is not entitled to the proceeds of the award, then the Government is entitled to offset the award with defaulted SBA loans. Bianchi filed its reply to the Government's response (#39).

Motions for Summary Judgment

In considering motions for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party

must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157

(1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The following facts are not disputed and are relevant to disposition of this matter.[1] In 1979 and 1980, the Government awarded Bianchi three contracts to produce clothing for the military, including the contract underlying this suit. Bianchi borrowed money from the Bank to perform these contracts, and assigned the proceeds of these contracts to the Bank as security for the loans. The Bank properly notified the contracting and disbursing officers of these assignments. Subsequently, two of the contracts were terminated for Bianchi's default, and Bianchi defaulted on his loans to the Bank.

Bianchi then began a series of claims, including a Value Engineering Change Proposal (VECP)[2] claim Bianchi had made concerning one of the contracts. In 1988, the parties stipulated and the Board entered this stipulation as a decision, settling Bianchi's claims arising from the contracts. The settlement, however, was without prejudice to Bianchi's right to pursue his VECP claims.[3] Bianchi pursued his VECP claims, and the Board ultimately awarded him $58,613.03. The parties do not dispute that this amount represents proceeds of the underlying government contract. The Government is currently holding this amount, to which both Bianchi and the Bank claim entitlement.

---

[1] A more complete recitation of facts underlying this suit is set forth in *Bank of America National Trust and Savings Assoc. v. United States*, 23 F.3d 380, 381-382 (Fed. Cir. 1994).

[2] A VECP permits a government contractor to share in the Government's savings caused by a contractor-proposed, and Government-accepted, change to an existing contract specification.

[3] The settlement was also without prejudice to Bianchi's right to pursue an application under the Equal Access to Justice Act to recover legal fees and expenses. The EAJA claim, however, is not at issue in this litigation.

The only issue that the Bank and Bianchi dispute is whether Bianchi's assignment of the proceeds of the contracts was valid. The court now finds that the Bank met its burden of showing that the assignments were valid. Further, as Bianchi failed to meet his burden of offering any evidence to the contrary, summary judgment is appropriate in favor of the Bank.

Initially, the court notes that Bianchi is collaterally estopped from arguing that the assignments were not valid. Under the doctrine of collateral estoppel a party is precluded from re-litigating, in a subsequent action an issue previously adjudicated in a prior action. Collateral estoppel requires that the issue at stake is identical to the one alleged in the prior litigation; that the issue was actually litigated in the prior litigation; and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In addition, application of collateral estoppel is appropriate only if legal principles have not changed significantly since the prior litigation and other special circumstances do not warrant an exception to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155 (1979).

As recited by the United States Court of Federal Claims, Bianchi alleged that his assignments to the Bank were not valid. Exhibit B to Government's Response, p. 3. The court decided this issue adversely to Bianchi, finding that he had failed to offer any facts showing that there was a genuine issue for trial. *Id.* The ruling was not disturbed on appeal. Rather, the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act, and had not transferred its rights under the original loan when it transferred its rights under the SBA loans to the Government. *Bank of America*, 28 F.3d at 384.

Second, the dispute before the court is whether the Government must pay the VECP award to Bianchi or to the Bank pursuant to the assignment. As such, this court must determine only if the assignments meet the requirements of 41 U.S.C. § 15(b), requiring the Government to pay the proceeds to the Bank. To be valid, an assignment of the proceeds of a

government contract must be to a bank, trust company, or other financial institution; the assignment must be for all amounts payable; and written notice of the assignment, together with a true copy of the instrument of assignment, has been provided to the contracting officer, the sureties upon the bonds connected to the contract, and the disbursing officer. If these elements are satisfied, then "[n]otwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this section shall constitute a valid assignment for all purposes." 41 U.S.C. § 15(c).

Bianchi has not offered any facts or argument suggesting that his assignments do not meet the requirements of 41 U.S.C. §15(b). Rather, as found by the Federal Circuit, "Bianchi assigned the proceeds and rights associated with each contract to the bank as security for loans to finance Bianchi's performance of the contracts. The bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988)." As the assignments were valid, summary judgment is appropriate in favor of the Bank and the court need not determine whether the Government is entitled to set-off its SBA claims. The Government must honor the assignment and pay the proceeds of the VECP award to the Bank.

Therefore,

IT IS **ORDERED** that the Bank's motion for summary judgment (#19) is GRANTED;

IT IS FURTHER **ORDERED** that Bianchi's motion for summary judgment (#20) is DENIED;

IT IS FURTHER **ORDERED** that Bianchi's cross-motion for summary judgment (#23) is DENIED.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

SEP 16 10 05 AM '96

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BY ______ ejm

| | |
|---|---|
| MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Defendant. | Case No. CV-S-94-747-LDG (RJJ)<br><br>**JUDGMENT** |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Counterdefendant. | ENTERED AND SERVED<br>SEP 11 1996<br>CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA<br>BY ejm DEPUTY |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Counterdefendant/Claimant in Interpleader. | |

Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings

Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

GEORGE E. GRAZIADEI, ESQ.
Nevada Bar Number 001775
SCOTT MICHAEL CANTOR, ESQ.
Nevada Bar Number 001713
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
(702) 477-7733
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE BIANCHI fdba M. BIANCHI OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES BOUSHER, Comptroller General of the United States of America, et a.,<br><br>Defendants. | CASE NO. CV-S-94-00747-LDG (RJJ)<br><br>MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER AND AMEND FINDINGS OF FACT, CONCLUSIONS OF LAW AND TO AMEND JUDGMENT<br><br>(ORAL ARGUMENT REQUESTED) |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>vs.<br><br>MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Counterdefendant. | |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>vs.<br><br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Counterdefendant/ Claimant in Interpleader. | |

79

**MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER AND AMEND FINDINGS OF FACT, CONCLUSIONS OF LAW AND TO AMEND JUDGMENT**

COMES NOW, the Plaintiff, MAURICE BIANCHI, fdba M. BIANCHI OF CALIFORNIA, by and through his counsel, GRAZIADEI & CANTOR, LTD., and moves this Court for a new trial pursuant to the provisions of Federal Rule of Civil Procedure 59 or, in the alternative, to alter and amend Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52 and to alter and amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rules of Civil Procedure 60(b)(5) and 60(b)(6).

This Motion is made and based upon the records and pleadings herein, the Points and Authorities hereto and such argument as may be entertained by the Court at the time of the hearing of the Motion.

DATED this 27 of September, 1996.

GRAZIADEI & CANTOR, LTD.

BY: [signature]

GEORGE E. GRAZIADEI, ESQ.
SCOTT MICHAEL CANTOR, ESQ.
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
Attorneys for Plaintiff
MAURICE BIANCHI

I.

POINTS AND AUTHORITIES

A. Introduction

On September 17, 1996, this Court entered its findings and decision upon the parties' various Motions and Crossmotions for Summary Judgment and entered its Order in favor of Bank of America, requiring the Government of the United States to pay to Bank of America the $58,613.03 due to Maurice Bianchi, upon the grounds that the Government proved to the satisfaction of the Court that its assignments were valid and that it, the Bank, was entitled to payment.

This Honorable Court's decision was made without the benefit of knowing that the Government of the United States and Bank of America resolved the issue of the Bank's entitlements to money pursuant to the assignment in an action pending in the United States Court of Federal Claims and that, because of the resolution of that action, the assignments forming the basis of the Court's decision in the instant case have been extinguished. It further appears that the Court, while giving preclusive effect to a portion of the decision of the United States Court of Appeals for the Federal Circuit favoring the Bank in Bank of America National Trust & Savings Association v. United States, 23 F.3d 380 (1994), failed to give preclusive effect to that portion of the judgment in favor of the Plaintiff, Maurice Bianchi.

/ / /

/ / /

/ / /

81

B. **Federal Rules Of Civil Procedure**

Federal Rule of Civil Procedure 52 provides, in relevant portion, as follows:

> "(b) **Amendment.** On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings-or make additional findings-and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59. When findings of fact are made in actions tried without a jury, the sufficiency of the evidence supporting the findings may be later questioned whether or not in the District Court the party raising the question objected to the findings, moved to amend them, or moved for partial findings."

Federal Rule of Civil Procedure 59 provides, in relevant portion, as follows:

> "**New Trials; Amendment of Judgments**
>
> (a) **Grounds.** A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trial have heretofore been granted in actions at law in the courts of the United States; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States. ON a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.
>
> (b) **Time for Motion.** Any motion for a new trial shall be filed no later than 10 days after entry of the judgment.
>
> (e) **Motion to Alter or Amend Judgment.** Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."

Federal Rule of Civil Procedure 60 provides, in relevant portion, as follows:

/ / /

/ / /

> "(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.**
> ....(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment...."

**C. In An Action Resolved Subsequent To This Matter Being Taken Under Submission, The Assignments Which Form The Basis Of This Court's Judgment Were Extinguished By An Action In The United States Court Of Federal Claims**

As appears in Bank of America National Trust & Savings Association v. United States, supra, an action was brought by Bank of America National Trust & Savings Association against the Government of the United States in the United States Court of Federal Claims, (then the United States Claims Court), claiming that the Government paid money owing to the Bank to Bianchi. Maurice Bianchi, formerly doing business as M. Bianchi of California, was made a Third-Party Defendant in that action by the United States of America, which claimed that it had erroneously paid settlement monies to Mr. Bianchi or, in the alternative, that the monies paid to Bianchi should have been paid to Bank of America and Bianchi should reimburse the Government.

The United States Claims Court, upon Crossmotions for Summary Judgment, granted summary judgment in favor of the Government against Bank of America and in favor of the Government against Maurice Bianchi. The Decision was then appealed to the United States Court of Appeals for the Federal Circuit and, in the published decision, ibid, the United States Court of Appeals for the Federal Circuit vacated the judgment

against Mr. Bianchi and reversed the judgment in favor of the Government of the United States against Bank of America and remanded the matter for further proceedings. As further appears by the records of this case, on or about October 6, 1995, the United States Court of Appeals for the Federal Circuit, in an order issued in an unrelated EAJA application, stated that, although only the Government's first Third-Party claim was before it on the time of appeal, the second Third-Party claim against Mr. Bianchi would fail upon the same grounds as the Court disposed of the First Claim for Relief in its published decision. See Order October 6, 1995, Exhibit "1". Accordingly, Mr. Bianchi was vacated from the Court of Federal Claims action.

After remand, Bank of America and the Government of the United States continued to litigate the issues between them. Specifically, and as appears by the published decision of the United States Court of Appeals for the Federal Circuit, ibid, despite the fact the Government, having failed to protect itself against the interest of the Bank, entered into a binding settlement with Mr. Bianchi requiring the Government to pay Bianchi the monies which the Bank claimed were due to it by assignment. Judgment entered July 28, 1995, and Mr. Bianchi was finally dismissed from the Court of Federal Claims litigation. A copy of that Judgment is attached hereto and made a part hereof as Exhibit "2".

Attached hereto and made a part hereof as Exhibit "3" is the Opinion and Order of the United States Court of Federal Claims filed April 6, 1995, granting, in part, the Motion of Bank of America National Trust & Savings Association for summary

judgment as to its entitlement under the assignments from Bianchi to Bank of America. In reliance on <u>First National City Bank v. United States</u>, 212 Ct.Cl. 357 (1957) and <u>America National Bank & Trust Company of Chicago v. United States</u>, 22 Ct.Cl. 7 (1990), the Court of Federal Claims held that the Bank was limited to recovering loan proceeds that were used in the completion of the underlying Government contracts and that it was the burden of Bank of America to show that it loaned money or made money available for contract performance. The Court held that, if Bank of America did not loan money for performance of the contract, the assignment was not valid. United States Court of Federal Claims Opinion and Order filed April 6, 1995, page 4. [1]

The United States Court of Federal Claims allowed the Bank of America to provide evidence of the amount owed on the qualified loans as of November 1988, and legal basis for its claim of interest. In other words, the Bank was allowed to demonstrate to the Court of Federal Claims that the monies to which the Bank claimed it was entitled by assignment were, in

[1] Despite the ruling of the United States Court of Appeals for the Federal Circuit, on appeal from the United States Court of Federal Claims, ruling that Mr. Bianchi was not "erroneously" paid funds from the Government but paid funds from the Government pursuant to a binding agreement and Stipulation entered into by the parties at arm's length, the Court of Federal Claims continued to refer to the payment to Bianchi as "erroneous" or as being "erroneously paid." The Federal Circuit Court of Appeals found that, "[W]hatever the reason for its failure to protect itself, the Government cannot now renege upon its commitment to honor its settlement with Bianchi, into which it entered voluntarily and with full knowledge of the facts." <u>Bank of America National Trust & Savings Association v. United States</u>, supra at 383. Therefore, Bianchi was <u>not</u> erroneously paid.

fact, used for contract performance.

As appears by the judgment dismissing Bianchi from the remaining Court of Claims litigation, Exhibit "2" hereto, the Court of Federal Claims ordered that Bank of America would "recover of and from the United States the sum of $342,140.05...."

With the advanced agreement of the Government of the United States, the Bank of America brought an Unopposed Motion for Reconsideration, a copy of which is attached hereto and made a part hereof as Exhibit "4", arguing that the Court of Federal Claims computation of its award in the amount of $342,140.05 was erroneous and that it was entitled to $717,009.94. Based upon the unopposed nature of the submission, the United States Court of Federal Claims granted the Unopposed Motion for Reconsideration and, by Order filed August 14, 1995, a copy of which is attached hereto and made a part hereof as Exhibit "5", corrected its judgment in favor of Bank of America and awarded it $717,009.94. A copy of the corrected Judgment is attached hereto and made a part hereof as Exhibit "6".

28 U.S.C. Section 2517 provides, as follows:

> "2517. **Payment of Judgments.**
>
> (a) Except as provided by the Contract Disputes Act of 1978, every final judgment rendered by the Court of Claims against the United States shall be paid out of any general appropriation therefor, on presentation to the General Accounting Office of a certification of the judgment by the Clerk and Chief Judge of the Court.
>
> (b) Payment of any such judgment and of interest thereon shall be a full discharge to the United States of all claims and demands arising out of the matters involved in the case or controversy, unless the judgment is designated a partial judgment, in which event only the matters described therein shall be

discharged."

87

28 U.S.C. Section 2519 provides, as follows:

> "2519. **Conclusiveness Of Judgment.**
>
> A final judgment of the Court of Claims against any plaintiff shall forever bar any further claim, suit, or demand against the United States arising out of the matters involved in the case or controversy."

The resolution of the dispute between Bank of America and the United States before the United States Court of Federal Claims, as evidenced by the Orders attached hereto, constitutes a satisfaction of the Bank of America's claims pursuant to the assignments which it claims form the basis of its claim for relief here. The assignments which form the basis of the Bank's claim for summary judgment in this Court have been fully satisfied by the award rendered in the Bank's favor in the United States Court of Federal Claims. Those assignments, therefore, are now fully satisfied and discharged and the judgment in favor of the Bank of America against the United States constitutes conclusive satisfaction of its claims and demands arising out of those assignments. Boruski v. United States, 493 F.2d 301 (2nd Cir. 1974); cert. den. 419 U.S. 808 (1974) and 421 U.S. 1013 (1975).

These facts were within the knowledge of both Bank of America and the Government of the United States, the parties litigant remaining in the United States Court of Federal Claims action. However, neither the Government, nor Bank of America, saw fit to advise this Court of the disposition in the United States Court of Federal Claims, thus, leading the Court to the erroneous belief that the Bank's claims remained viable and unsatisfied.

The actions undertaken by the Bank of America and the United States in the United States Court of Federal Claims and the final disposition of the United States Court of Federal Claims in favor of Bank of America, constitutes newly discovered evidence within the meaning of Federal Rule of Civil Procedure 59 and facts in disposition well within the knowledge of both the Government of the United States and Bank of America prior to this matter being resolved upon submission.

The claims of Bank of America, having been extinguished by the judgment in its favor rendered by the United States Court of Federal Claims, the Bank no longer may maintain any claims against the Government of the United States arising out of those assignments.

Further, and independently of the proscriptions of 28 U.S.C. Section 2517 and 28 U.S.C. Section 2519, the disposition of the United States Court of Federal Claims in favor of Bank of America precludes the issue of the assignments being relitigated in this forum and precludes double recovery in favor of the Bank. The Order of the United States Court of Federal Claims granting judgment upon the assignments in favor of Bank of America is res judicata and bars the Bank from here asserting a claim or cause of action if that claim or cause of action had been finally resolved by a Court of competent jurisdiction in a final judgment on the merits in a claim in a previous action involving the same parties or their privies. In re: International Neutronics, Inc., 28 F.3d 965 (9th Cir. 1994); In re: Jenson, 980 F.2d 1254 (9th Cir. 1992). The res judicata doctrine bars not only the prior claims actually asserted but

precludes recovery on all claims and grounds for recovery which could have been asserted, whether they were or not, in the prior suit between the same parties on the same transaction. Clark v. Bear Sterns & Company, 966 F.2d 1318 (9th. Cir. 1992). The res judicata doctrine provides not only claim preclusion but issue preclusion once the merits of the claims or causes of action have once been considered and determined between the same parties or their privies in a Court of competent jurisdiction. Robi v. Five Platters, Inc., 838 F.2d 318 (9th Cir. 1988); Greater Los Angeles Counsel, etc. v. Baldridge, 827 F.2d 1353 (9th Cir. 1983).

Accordingly, this Court should grant a new trial on this issue or, upon the preclusive effect of the decision of the United States Court of Federal Claims, grant summary judgment in favor of Bianchi and against the Government of the United States and Bank of America on the claims of the United States and Bank of America pursuant to the assignments at issue.

D. The Court Has Given Preclusive Effect To Only A Portion Of The Federal Circuit's Decision; The Federal Circuit Decision Mandates Judgment In Bianchi's Favor In This Action

This Court correctly determined that the decision of the United States Court of Federal Claims in Bank of America National Trust & Savings Association v. United States, supra, is entitled to preclusive effect. This Court found, at page 5, commencing at line 19 of its Decision and Order entered September 17, 1996, that the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act and had not transferred its rights under the original loan when it

transferred its right under the SBA loans to the Government, citing Bank of America National Trust & Savings Association v. United States, 28 F.3d at 384. However, the Federal Circuit Court also ruled in favor of Bianchi against the claims of the United States that the payment to Bianchi was erroneous or that the money should be returned or that, because of the claims of the Small Business Administration, the Government of the United States was entitled to offset the SBA claims against the monies due to Bianchi. Dismissing the Government's claims that it paid Bianchi erroneously or that it was entitled to reimbursement from Bianchi because of the superior assignment claims of Bank of America, the United States Court of Appeals for the Federal Circuit held:

> "...In return for Bianchi's agreement to discontinue his action against the Government, the Government agreed to settle his claims and voluntarily relinquished its right to disturb the settlement. Bianchi, accordingly, ceased pursuing his contract claims and the Government must likewise be held to its end of the bargain....
>
> The Government does not challenge the validity or the enforceability of the settlement...The Government certainly had adequate knowledge of the various financial arrangements associated with the contracts in view of the fact that the assignments from Bianchi to the Bank were made pursuant to the assignment of claims Act, which was designed to protect the Government from secret assignments...
>
> The Government could easily have taken appropriate steps to avoid incurring any liability to the Bank. For example, the Government could have insisted that any settlement award be paid to the Bank in view of the Bank's asserted security interest [the assignments]. The Government did not do so, perhaps because Bianchi would not have agreed to that arrangement or because the Government presumed that the Bank retained an inferior interest. Whatever the reason for its failure to protect itself, the Government cannot now renege on its commitment to honor its settlement with Bianchi, into which it

> entered voluntarily and with full knowledge of the facts. `To permit [the Government] to escape its obligation under the settlement would seriously decrease the willingness of parties to settle litigation on mutually agreeable terms and thus weaken the efficacy of settlements generally'....
>
> Although the Government waived its right to challenge the Board's decision awarding payment to Bianchi, it attempts to do just that by means of a Third-Party Complaint filed in another forum. The Government should not be allowed to do indirectly what it is prohibited from doing directly. We therefore hold that the Government, having waived its right to challenge the settlement, is precluded from seeking to recovery the settlement award through a Third-Party Complaint filed in the Court of Federal Claims."

<u>Bank of America National Trust & Savings Association v. United States</u>, supra at 383-384.

The plain meaning of the holding of the United States Court of Appeals for the Federal Circuit is that, even if the Government of the United States is required to pay Bank of America pursuant to its assignments, the Government is, nonetheless, required to honor its settlement with Bianchi. That settlement includes the VECP claim at issue here. Therefore, even if Bank of America recovers the full amount of its claims against the Government in the proceedings before the United States Court of Federal Claims, (or here), the Government of the United States is still honored and duty bound by its agreement with Bianchi to pay Bianchi the VECP award.

No other interpretation of the Federal Circuit's Opinion is possible other than that the Government, by its failure to protect itself, has incurred double liability to both Bianchi and the Bank. Therefore, this Court's findings of fact and conclusions of law should be amended, accordingly, and Bianchi should be awarded the VECP award, plus interest.

II.

CONCLUSION

Accordingly, the summary judgment in favor of Bank of America should be set aside and vacated; summary judgment should be entered in favor of Bianchi.

DATED this 27 day of September, 1996.

Respectfully submitted,

GRAZIADEI & CANTOR, LTD.

GEORGE E. GRAZIADEI, ESQ.
SCOTT MICHAEL CANTOR, ESQ.
302 East Carson, Suite 400
Las Vegas, Nevada 89101
(702) 477-7733
Attorneys for Plaintiff

III.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **MOTION FOR A NEW TRIAL OR, IN THE ALTERNATIVE, TO ALTER AND AMEND FINDINGS OF FACT, CONCLUSIONS OF LAW AND TO AMEND JUDGMENT** was served by U.S. Mail this 27th day of September, 1996, upon the following:

MARK MELNICK, ESQ.
United States Department of Justice
Commercial Litigation Branch
Civil Division
Attn: Classification Unit
1100 L Street, N.W., 8th Floor
Washington, D.C. 20530

DIANA L. SULLIVAN, ESQ.
Jones, Jones, Close & Brown
3773 Howard Hughes Parkway, 3rd Floor
Las Vegas, Nevada 89101

An employee of GRAZIADEI & CANTOR, LTD.

NOTE: Pursuant to Fed. Cir. R. 47.6, this order is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

93-5059,-5060

RECEIVED
OCT 05 1994
Ans'd.......

BANK OF AMERICA NATIONAL TRUST and
SAVINGS ASSOCIATION,

Plaintiff/Cross-Appellant,

v.

THE UNITED STATES,

Defendant/Third Party
Plaintiff-Appellee,

v.

MAURICE L. BIANCHI,

Third Party Defendant-Appellant.

Before RICH, MAYER, and LOURIE, Circuit Judges.

## O R D E R

Under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (1988) (EAJA), Maurice L. Bianchi requests an award of attorney fees and expenses incurred in defending against the government's third party claim. The government has moved to dismiss the application as untimely, asserting that there is not yet a final judgment in Bianchi's favor.

On April 29, 1994, this court vacated the judgment of the Court of Federal Claims, No. 90-3961C, in favor of the government against Bianchi. Bank of America Nat. Trust & Sav. Ass'n v. United States, 23 F.3d 380, 385 (Fed. Cir. 1994). Based on a settlement

agreement by which Bianchi agreed to settle his contract claims against the government in return for a payment of $1,141,220.83, this court held "that the government, having waived its right to challenge the settlement, [was] precluded from seeking to recover the settlement award through a third-party complaint filed in the Court of Federal Claims." Id. at 384. The government correctly argues that only its third party claim, and not its contingent claim, was before us on appeal; it is clear from our decision, however, that the contingent claim must fail as well since it is based on identical grounds. Indeed, all that remains of the government's claims against Bianchi is the purely ministerial act of entering judgment against the government in the Court of Federal Claims. See Gavette v. Office of Personnel Management, 808 F.2d 1456, 1459 (Fed. Cir. 1986) (in banc); Skip Kirchdorfer, Inc., v. United States, 803 F.2d 711, 712 (Fed. Cir. 1986).

The government's time for filing a petition for a writ of certiorari has now passed; the judgment is therefore final for EAJA purposes and the government's motion to dismiss is denied. See Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."); Skip Kirchdorfer, Inc., 803 F.2d at 712. We now consider the merits of Bianchi's application for attorney fees.

Under the EAJA, as a prevailing party Bianchi is entitled to an award of attorney fees and expenses "unless the Court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). This court will deny an award

under this section if the government "was clearly reasonable in asserting its position . . . in view of the law and the facts." Gavette, 808 F.2d at 1467 (emphasis in original); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988). In this case, the government was not unreasonable in its position that it had an absolute right to recover money erroneously paid to Bianchi, and the Court of Federal Claims agreed. Although we ruled against the government, we cannot conclude that its position did not satisfy the statutory standard.

Accordingly, it is ORDERED that Bianchi's application for attorney fees and expenses is DENIED.

FOR THE COURT

9/30/94
Date

Francis X. Gindhart
Francis X. Gindhart
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT
SEP 30 1994
FRANCIS X. GINDHART
CLERK

96

No. 90-3961 C

BANK OF AMERICA NATIONAL TRUST
AND SAVINGS ASSOCIATION,

*Plaintiff,*

v.

THE UNITED STATES

**JUDGMENT**

*Defendant and Third Party Plaintiff,*

v.

FILED JUL 28 1995

MAURICE L. BIANCHI,

*Third Party Defendant.*

Pursuant to the court's order of July 26, 1995,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff recover of and from the United States the sum of $342,140.05. The third party complaint against Bianchi is dismissed. No costs.

David A. Lampen
Clerk of Court

July 28, 1995

By:

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 72, re number of copies and listing of all plaintiffs. Filing fee is $105.00



EXHIBIT "2"

000458

# In the United States Court of Federal Claims

No. 90-3961C

(Filed: April 6, 1995)

* * * * * * * * *

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, *

Plaintiff, *

v. *

UNITED STATES OF AMERICA, *

Defendant and Third-Party Plaintiff, *

v. *

MAURICE L. BIANCHI, *

Third Party Defendant. *

* * * * * * * * *

THIS OPINION WILL NOT BE PUBLISHED

Michael L. Burack, Washington, D.C., for plaintiff.

Mark A. Melnick, United States Department of Justice, Washington, D.C., for defendant.

Robert A. Brunette, La Canada Flintridge, California, for third party defendant.

## OPINION & ORDER

HODGES, Judge.

Bank of America seeks to recover money that defendant erroneously paid third party defendant contrary to Bank of America's assignment rights. This case is before the court

on remand from the Federal Circuit.[1] The parties filed cross motions for summary judgment after that decision, and defendant seeks to reopen discovery. We deny defendant's motions and grant plaintiff's motion in part.

## FACTS

In 1979 and 1980 the Defense Logistics Agency awarded three contracts to Bianchi to manufacture coats and jackets. Bianchi assigned the rights to the proceeds of the contracts to the Bank of America after award. The Bank notified the contracting officer and the disbursing officer in accordance with the Assignment of Claims Act. 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988).

Later in 1980, the Bank sought to restructure its relationship with Bianchi, and received 90% loan guarantees from the Small Business Administration to support its loans. Bianchi defaulted on his loans in 1981 and SBA paid the guaranteed amounts. In return for the SBA payments, the Bank assigned its interest in the guaranteed loan agreement with Bianchi to SBA.

Bianchi's Defense Logistics Agency contracts were either completed or terminated by July 8, 1981. The events surrounding the contract terminations led Bianchi to institute a series of claims against DLA. In September 1988, Bianchi's claims against the Government were settled for $617,000 plus interest from June 18, 1981 until payment. The

[1] See Bank of America National Trust and Savings Association v. United States v. Bianchi, 23 F.3d 380 (Fed. Cir. 1994).

Armed Services Board of Contract Appeals issued a decision pursuant to the settlement and that decision was forwarded to the General Accounting Office (GAO) for payment.

Defendant paid Bianchi $1,141,220 in November 1988 despite the Bank's assignment rights. In June 1990, the Bank demanded the settlement amount erroneously paid to Bianchi. The Government requested repayment from Bianchi, but Bianchi refused.

Bank of America filed suit in this court seeking the settlement monies. We ruled that the Bank had no claim against defendant because it had assigned its rights to SBA in exchange for the 90% loan guarantee. SBA later paid Bank of America the 90% when Bianchi defaulted. The Court of Appeals for the Federal Circuit held defendant liable to the Bank for the settlement paid to Bianchi by mistake. Bank of America, 23 F.3d at 385.

The Bank loaned money to Bianchi for contract performance before his contracts were terminated. After termination, it financed Bianchi's prosecution of his claims against the Government. Bianchi's indebtedness to the Bank related to performance loans as of November 1994 totals $1,094,421, including interest.

## DISCUSSION

Summary judgment is appropriate in this matter. Defendant has had ample opportunity for discovery but has not shown that material facts are in dispute. It is clear that defendant is liable to the Bank for money it erroneously paid to Bianchi. See Bank of America, 23 F.3d at 385. Facts and issues in California state court proceedings between the Bank and Bianchi do not affect this case. The sole issue is the amount of the Bank's damages.

The Bank has produced affidavits which set forth the amount of money loaned to Bianchi during contract performance. The amounts loaned remained unpaid through November 1988 when defendant erroneously paid Bianchi pursuant to the parties' settlement and ASBCA decision.

The intent of the Assignment of Claims Act is to facilitate performance of government contracts by making contractors' assignments independent of other financial agreements. Central Bank v. United States, 345 U.S. 639 (1953). Bianchi's debt to Bank of America exceeds the $1,141,220 settlement improperly paid to Bianchi by the Government. However, the Bank's rights to the assigned proceeds are limited under the Assignment of Claims Act. 31 U.S.C. § 3727, 41 U.S.C. § 15. Loans used for purposes other than contract performances are not protected by the Act. Coleman v. United States, 158 Ct. Cl. 490, 496 (1962). The Act specifically prohibits assignments that do not comply with its provisions. American Nat. Bank & Trust Co. of Chicago v. United States, 22 Cl. Ct. 7, 16 (1990).

An assignment is defeated if the lender has reason to know that the loan proceeds will not be used in completion of the government contract. First National City Bank v. United States, 212 Ct. Cl. 357 (1977). To prove the existence of a valid statutory assignment, a bank must show that it loaned money or made money available for contract performance. If Bank of America did not loan money for performance of the contract, the assignment is not valid. American Nat. Bank, 22 Cl. Ct. at 16 (citations omitted). The Bank can recover only the contract-related loans it made to Bianchi. When the Government erroneously pays the contractor instead of the assignee, the assignee may recover only that

P 01

amount which was disbursed to the contractor-assignor in contravention of the valid assignment. See Maryland Small Business Fin. Auth. v. United States, 4 Cl. Ct. 76, 80 (1983).

Bank of America loaned money to Bianchi before his government contracts had ended. These loans satisfied the statutory requirements for a valid assignment, and the Bank may recover these amounts. When the Bank loaned money to Bianchi after the contract period was completed, it knew that such loans were not available for use in contract performance. That money was used to prosecute Bianchi's legal claims against the Government. Such assignments did not comply with the Act, and the Bank cannot recover those amounts from defendant.

Because the validity of the Bank's assignments was limited, it was not entitled to recover the full amount of the $1.14 million contract proceeds settlement from DLA in 1988. The Bank may collect from that settlement only the amount that it can trace to loans made before contract termination.

Bank of America seeks recovery of accrued interest, but it cites no contract or statutory provision permitting it to collect interest. Interest on a claim against the United States is permissible only pursuant to a contract or an Act of Congress expressly providing for such payments. 28 U.S.C. § 2516(a); First National City Bank, 212 Ct. Cl. at 371. The United States is immune from an interest award in absence of express congressional intent. Library of Congress v. Shaw, 478 U.S. 310, 314 (1986). To recover interest on an implied or express contract, the Bank must prove that the Government agreed to assume liability for accrued interest. See Maryland Small Business Fin. Auth., 4 Cl. Ct. at 80. The Bank has

provided no evidence of such assumption of liability by defendant. Bank of America is not entitled to the full $1.09 million that it estimates had accrued as of November 1994 because this figure includes more than six years' interest.

## CONCLUSION

The Bank will provide evidence of the amount owed on qualified loans as of November 1988 and the legal basis for its claim of interest no later than April 17. Defendant's response will be due on or before April 28.

Plaintiff's motion for summary judgment is GRANTED-IN-PART. Defendant's cross motion for summary judgment is DENIED. Defendant's motion to reopen discovery is DENIED.

Robert H. Hodges, Jr.
Judge

RECEIVED
AUG 1 1 199[illegible]

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Plaintiff, v. UNITED STATES OF AMERICA, Defendant/ Third-Party Plaintiff, v. MAURICE L. BIANCHI, Third-Party Defendant. | ) | No. 90-3961C (Judge Hodges) |

UNNOPOSED MOTION OF BANK OF AMERICA FOR RECONSIDERATION

Pursuant to RUSCC 83.2(f), Bank of America hereby moves the Court to reconsider Part II of its order of July 26, 1995 awarding $342,140.05 to Bank of America and, upon reconsideration, to enter an order awarding the Bank the sum of $717,009.94. We are authorized to represent that the Government does not oppose this motion.

The grounds for the motion are as follows:

1. The award of $342,140.05 represents a position that no party to the case advanced, either in writing or orally, and that the Court adopted *sua sponte* without allowing it to be subjected to the test of briefing or argument. The award disallows any recovery by the Bank on account of interest that has accrued on the "qualified loans" (as that term has been used in this case) made by the Bank to Bianchi. By contrast, the Government's position was that the Bank *is* entitled to recover

beyond) the ... Bianchi. Accordingly, the Government agreed to the entry of an order awarding the Bank $717,009.94.[1] By this motion for reconsideration, the Bank seeks the entry of such an order.[2]

2. In its decision, the Court stated, correctly, that the Government's obligations to the Bank in this case "arise solely from the Assignment of Claims Act." This fact is entirely consistent with, and supports, the Bank's entitlement to recover from the Government on account of interest accrued under Bianchi's qualified loans. By their terms, Bianchi's assignments to the Bank covered all moneys due under Bianchi's contracts. The assignments were security for Bianchi's payment of his indebtedness to the Bank. That indebtedness includes not only the principal that the Bank lent to Bianchi, but also interest that has accrued on that principal. Nothing in the Act, or in any of the cases cited by the Court, precludes an assignee from recovering moneys subject to an assignment on the ground that the moneys are for repayment of the accrued interest portion of the secured indebtedness. Yet that is what this Court has held.

3. The analysis of the cases in Part II of the Court's order is incorrect. Both <u>Chelsea Factors</u> and <u>Continental</u>

---

[1] Defendant's Supplemental Submission in Response to the Court's Inquiry During the May 30 Hearing, dated June 2, 1995.

[2] By moving for reconsideration on this ground, the Bank reserves, and does not waive, the right to appeal the Court's judgment on other grounds as well if this motion is denied.

Bank expressly state that an assignee may recover from the Government on account of interest accrued under loans subject to an assignment, as well as on account of the principal. 181 F. Supp. at 693; 416 F.2d at 1302. The Court's order acknowledges that the such interest is recoverable by the assignee where the Government has not made an erroneous payment. The Court holds, however, that such interest is not recoverable were the Government has made an erroneous payment, and the Court distinguishes Chelsea Factors and Continental Bank on the ground that there the Government had not made erroneous payments, whereas here it had. But the line the Court has drawn is contrary to the settled legal principle -- emphasized by the Federal Circuit's earlier opinion in this very case -- that a prior erroneous payment by the Government is no bar to the assignee's right to be paid. 23 F.3d at 384-85. As for Central National Bank of Richmond, it is not a precedent for, and provides no support for, the Court's decision here.[1] The opinion in that case does not mention accrued interest. Nothing in the opinion indicates that the plaintiff sought to recover on account of accrued interest, and there is nothing in the opinion -- no discussion, analysis, citation or reference -- to suggest that the court considered the question.

---

[1] To the contrary, Central National Bank emphasizes that "where an erroneous payment is made by the Government it is no bar to the rightful claimant." 91 F. Supp. at 741.

United States may not be awarded in the absence of statutory authorization does not defeat the Bank's entitlement. The issue before the Court does not involve interest on a claim against the United States. It involves interest that has accrued on the Bank's claim against Bianchi pursuant to the terms of Bianchi's notes. See Continental Bank, 416 F.2d at 1302 (distinguishing between interest accruing under the loan documents and statutory interest against the Government on the amount of the recovery).

5. Granting this motion for reconsideration would put an end to this lengthy litigation. If the Court grants this motion, the Bank will seek no further appeal with respect to the remainder of the $1.14 million settlement payment.

## CONCLUSION

For the foregoing reasons, the Court should reconsider Part II of its order awarding $342,140.05 to Bank of America and, upon reconsideration, should enter an order awarding the Bank the sum of $717,009.94.

Respectfully submitted,

Michael L. Burack /s/ ERM

MICHAEL L. BURACK
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037-1420
Phone: (202) 663-6029

Attorney of Record for Bank of America

OF COUNSEL:

ERIC R. MARKUS
WILMER, CUTLER & PICKERING
2445 M Street, N.W.
Washington, D.C. 20037-1420

Dated: August 7, 1995

# In the United States Court of Federal Claims

* * * * * * * * * *

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant and Third Party Plaintiff,

v.

MAURICE L. BIANCHI,

Third Party Defendant.

* * * * * * * * *

No. 90-3961C

Filed: August 14, 1995

ORDER

The amount of recovery indicated in the July 26 order was in error. The Clerk will enter a corrected judgment in the amount of $717,009.94. No costs.

John P. Wiese

John P. Wiese, Judge, for
Robert H. Hodges, Jr., Judge



EXHIBIT "5"

000470

RECEIVED
AUG 2 2 1995

# In the United States Court of Federal Claims

No. 90-3961 C

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

*Plaintiff,*

v.

THE UNITED STATES

*Defendant and Third Party Plaintiff,*

v.

MAURICE L. BIANCHI,

*Third Party Defendant.*

CORRECTED JUDGMENT

FILED AUG 22 1995

Pursuant to the court's order of August 14, 1995,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff recover of and from the United States the sum of $717,009.94. The third party complaint against Bianchi is dismissed. No costs.

David A. Lampen
Clerk of Court

By: 
Deputy Clerk

August 22, 1995

110

NOTE: As to appeal, 60 days from this date, see RCFC 72, re number of copies and listing of all plaintiffs. Filing fee is $105.00. EXHIBIT "6"

FILED
SEP 26 1997
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ________ DEPUTY

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 29 1997
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ________ DEPUTY

Having read and considered Plaintiff Maurice Bianchi fdba M. Bianchi of California's Motion for a New Trial or, in the alternative, to Alter and Amend Findings of Fact,





AO 72
(Rev 8/82)

Conclusions of Law and to Amend Judgment (## 45, 46), Counterdefendant and Claimant in Interpleader Bank of America's response (#47), and Bianchi's reply (#49),

THE COURT **ORDERS** that Plaintiff's Motion is DENIED.

DATED this 26 day of September, 1997.

Lloyd D. George
Chief United States District Judge

112





AO 72
(Rev 8/82)

**H**

Briefs and Other Related Documents

United States Court of Appeals,
Ninth Circuit.

**Maurice BIANCHI, f/d/b/a M. Bianchi of California, Plaintiff-counter-defendant-Appellant,**
**v.**
**David M. WALKER, [FN1] Comptroller General of the United States General Accounting Office, Defendant-counter-claimant-Appellee,**

FN1. David M. Walker is substituted for Charles Bousher, former Comptroller General of the United States General Accounting Office, pursuant to Fed. R.App. P. 43(c)(1).

**v.**
**Bank of America National Trust & Savings Association, Counter-defendant/claimant in Interpleader-Appellee.**

**No. 97-17024.**

Argued and Submitted Nov. 5, 1998.
Decided Dec. 11, 1998.

Government contractor filed complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA). Government filed counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. The United States District Court for the District of Nevada, Lloyd D. George, J., entered summary judgment for bank on its claim in interpleader. Contractor appealed. The Court of Appeals, Alarcon, Circuit Judge, held that: (1) district court lacked jurisdiction over contractor's complaint for writ of mandamus, but it did have jurisdiction over government's counterclaim for interpleader; (2) Court of Appeals had jurisdiction over appeal of district court's grant of summary judgment to bank on its claim in interpleader; and (3) prior Ninth Circuit and Federal Circuit opinions were not res judicata as to bank's claim to money owed to contractor under value engineering change proposal (VECP) provisions of his contracts with federal government.

Affirmed.

See also: 23 F.3d 380, 140 F.3d 1294.

West Headnotes

**[1] Federal Courts 973**
170Bk973
In context of government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), district court had jurisdiction over government's counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. 28 U.S.C.A. § 1345; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[2] Federal Courts 1139**
170Bk1139
District court lacked subject matter jurisdiction over government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), since contractor sought damages totalling more than $10,000 based on settlement agreement, such that complaint for writ of mandamus should have been filed instead in the Court of Federal Claims. 28 U.S.C.A. §§ 1346(a)(2), 1491(a)(1).

**[3] Federal Courts 776**
170Bk776
Appellate review of district court's order granting or denying summary judgment is de novo. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[4] Federal Courts 759.1**
170Bk759.1
On appeal of summary judgment order, Court of Appeals may affirm judgment of district court on any basis established by the record.

**[5] Federal Courts 542**
170Bk542
Though district court lacked subject matter jurisdiction over government contractor's mandamus complaint, seeking to compel United States to pay amounts awarded by Armed Services Board of Contract Appeals (ASBCA), Court of Appeals nonetheless had jurisdiction over appeal of district court's grant of summary judgment to bank on its interpleader claim, since trial court had jurisdiction to consider merits of bank's claim that, as contractor's assignee, it was entitled to the amount owing to contractor, and court's decision that bank was entitled

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

to proceeds of ASBCA award disposed of the only issues that were properly before it. 28 U.S.C.A. § 1346(a)(2).

**[6] Judgment 735**
228k735
Assignee-bank's claim to money owed to government contractor under value engineering change proposal (VECP) provisions of his contracts with federal government was not barred by prior appellate decision regarding parties' rights in monies awarded to contractor in his appeals before the Armed Services Board of Contract Appeals (ASBCA), since prior appellate decision did not reach question whether government was liable to pay amounts sought on VECP claims.

**[7] Federal Courts 766**
170Bk766
**[7] Federal Courts 802**
170Bk802
On appeal of order granting summary judgment, Court of Appeals must determine, viewing evidence in light most favorable to nonmoving party, whether there are any genuine issues of material fact and whether district court correctly applied relevant substantive law. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[8] Judgment 707**
228k707
Prior appellate decision, issued in connection with government contractor's action to collect fees and expenses he was awarded under Equal Access to Justice Act (EAJA) in accordance with settlement agreement with government, was not res judicata on question whether bank, as contractor's assignee, was entitled to recover amount owing on certain claim under government contract pursuant to assignment agreement, since bank was not party or privy to prior EAJA action; bank and government were not in privity, but were adverse parties. 28 U.S.C.A. § 2412
.

**[9] Judgment 540**
228k540
Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim.

***566** Gerson B. Kramer, Braude & Margulies, Washington, DC; Scott Michael Cantor and George E. Graziadei (on the briefs), Graziadei & Cantor, Ltd., Las Vegas, Nevada, for the plaintiff-counter-defendant-appellant.

Mark A. Melnick, Assistant Director and David M. Cohen, Director (on the briefs), United States Department of Justice, Washington, DC, for the defendant-counter-claimant-appellee.

Dennis L. Olson and Diana L. Sullivan (on the briefs), Jones Vargas, Las Vegas, Nevada, for the counter-defendant-claimant-appellee.

Appeal from the United States District Court for the District of Nevada; Lloyd D. George, District Judge, Presiding. D.C. No. CV-94-00747-LDG.

Before: ALARCON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.

ALARCON, Circuit Judge:

Maurice Bianchi, formerly doing business as M. Bianchi of California, ("Bianchi") appeals from the order granting summary judgment in favor of Bank of America ("Bank"), and the denial of his motions for summary judgment against the Bank and Charles Bousher, Comptroller General of the United States of America, the United States of America, and the United States General Accounting Office ("Government") and his motion for a new trial or, in the alternative, to alter and amend findings of facts and conclusions of law, and to amend the judgment. Bianchi contends that the district court erred in ruling that the Bank was entitled to recover the money owed to Bianchi by the Government based on the assignment agreement between the Bank and Bianchi. We affirm because we conclude that Bianchi was barred by the collateral estoppel doctrine from contending that the assignment agreement was not valid.

I

A recitation of the factual and procedural background of this case is essential to understanding the issue before this court. This dispute arose out of the contracts between Bianchi and the Government. Prior to the filing of this action, this same dispute spawned three separate actions, two in the federal courts and one in a California state court. In 1979 and 1980, Bianchi was awarded three contracts by the Defense Personnel Support Center to produce clothing for the military. These contracts were assigned to the Bank by Bianchi as collateral for money loaned to Bianchi. The Bank properly notified the Government of this assignment under the Assignment of Claims Act. During 1980, the Bank loaned Bianchi additional money on these contracts which was guaranteed by the Small Business Administration ("SBA").

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

A dispute arose regarding Bianchi's performance of certain of these contracts. Bianchi filed appeals before the Armed Services Board of Contract Appeals ("ASBCA") in ASBCA case numbers 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934 ("the ASBCA claims"). These appeals did *not* include Bianchi's Value Engineering Change Proposal ("VECP") claims.

On September 27, 1988, the Government and Bianchi entered into an agreement to settle the ASBCA claims. The settlement provided for a monetary award to Bianchi of $617,500 plus interest for a total of $1,141,330.83. The settlement contract expressly reserved Bianchi's right to pursue his VECP claims, and to apply for an award of Bianchi's legal fees and expenses under the Equal ***567** Access to Justice Act. [FN2]

FN2. The settlement agreement provides:

1. The parties agree that Mr. Maurice Bianchi, as the successor to M. Bianchi of California is entitled to recover $617,500.00 on his claims in the following appeals: ASBCA Nos. 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934; that Mr. Bianchi is entitled to interest ... at the rates prescribed by the Secretary of the Treasury ... and that the parties waive their rights to seek reconsideration of this stipulated decision of the Board or to appeal that stipulated decision;

2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with DPSC; and

3. This settlement is without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act to recover whatever legal fees and litigation expenses to which he may be entitled in connection with these claims and appeals ...

It is the Board's decision pursuant to 41 U.S.C. § 607(d), § 612(b), and the parties' stipulation and agreement, that the appeals are sustained. In the nature of a consent judgment the Board makes a monetary award in the amount of $617,500 with interest from 18 June 1981.

The settlement agreement was integrated in the decision of the ASBCA. The Government paid Bianchi $1,141,220.83 to settle each of the claims identified in the settlement agreement. This amount did not include any payment to satisfy Bianchi's VECP claims.

On November 21, 1990, the Bank filed an action in the United States Court of Federal Claims against the Government in which it alleged that under its assignment agreement with Bianchi, it was entitled to be paid the amount of $1,141,220.83 awarded to Bianchi by the ASBCA. *See Bank of America Nat'l. Trust and Sav. Ass'n. v. United States,* 23 F.3d 380, 382 (Fed.Cir.1994) ( "*Bank of America*"). In its answer, the Government denied liability to the Bank based on its contention that the SBA had a superior security interest in the proceeds of the ASBCA claims. The Government also filed a third-party claim against Bianchi to recover the $1,141,220.83 it had paid to him. *See id.*

The United States Court of Federal Claims granted the Government's motion for a summary judgment. It held that the SBA had a superior security interest in money owing to Bianchi to that asserted by the Bank. The Court of Federal Claims also ordered Bianchi to return the $1,141,220.83 to the Government. *See Bank of America,* 23 F.3d at 382.

The Federal Circuit reversed the judgment of the Court of Federal Claims. It held that the Bank was entitled to be paid the amount awarded by the ASBCA pursuant to its rights under the assignment. The Federal Circuit also determined that Bianchi was entitled to retain the money paid to him by the Government under the terms of the settlement agreement. The court further held that the SBA's security interests in the ASBCA claims were subordinate to the Bank's rights under the assignment. *Id.* at 384. In addition, the Federal Circuit decided that the Government could not set off Bianchi's debt to the SBA because Bianchi's right to receive the total amount awarded to him pursuant to the settlement agreement was independent of any liability to the SBA. *Id.* at 385.

Bianchi initiated this action by filing a complaint in the nature of a writ of mandamus for an order to compel the United States to pay the amount awarded to him by the ASBCA. The ASBCA determined that the Government was liable to Bianchi in the amount of $58,613.03 under a VECP provision of an express contract. The Government refused to make payment.

The Government filed an answer and a counterclaim for interpleader. In its counterclaim, the Government requested that the district court determine whether the Bank should be awarded the amount owed to Bianchi

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

on the VECP claim pursuant to the assignment agreement between the Bank and Bianchi. The Government requested that if the court determined that the Bank was entitled to the amount due under the ASBCA decision, the Government should be discharged from any liability to Bianchi. The Government further requested that, if the district court concluded that the Bank was not entitled to the amounts due under the ASBCA decision, the court should offset the amount Bianchi owes to the SBA from the ***568** $58,613.03 sought by Bianchi in his complaint for a writ of mandamus.

In its claim, the Bank asserted that "the Bank's claim to the interpleader stake is prior to any other claim and that the Bank is entitled to all funds at issue held by the Government." In his answer to the Bank's claim in interpleader, Bianchi asserted that the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America* "speaks for itself" regarding the Bank's claim that under the assignment agreement it was entitled to the amount owing to Bianchi.

The Bank moved for summary judgment. It argued that it was entitled to the money held by the Government because, under the doctrine of collateral estoppel, Bianchi was precluded from relitigating the question whether the assignments were valid.

Bianchi filed a motion for summary judgment against the Government. He asserted that he was entitled to the $58,613.03 because the Government had agreed to pay the VECP claim as part of a stipulated agreement that was integrated into the decision of the ASBCA. Bianchi also requested summary judgment on the Government's claim that it was entitled to an offset.

Bianchi also filed a cross-motion for a summary judgment against the Bank. In the court below, Bianchi argued that he was entitled to summary judgment on the Bank's claim in interpleader because the Bank breached the terms of the assignment agreement. However, subsequent to the denial of his motion for summary judgment and prior to his motion for a new trial, the California Court of Appeals found that the Bank had not breached the assignment agreement. *See Bianchi v. Bank of America Nat'l. Trust and Savings Ass'n.,* G014893 (Cal.Ct.App.1997) (unpublished). Bianchi now asserts that he is entitled to recovery on two different grounds: (1) the Federal Circuit's decision in *Bank of America* establishes that he is entitled to recover on the settlement agreement regardless of whether the Government remains liable to the Bank; and (2) the Bank's recovery in *Bank of America* was in full settlement of the assignment agreement and, therefore, the assignment was discharged. Bianchi no longer contends that the Bank breached the assignment agreement.

The district court granted the Bank's motion for a summary judgment. It also denied Bianchi's motion for summary judgment against the Government and his cross-motion for a summary judgment against the Bank.

In explaining its decision, the district court reasoned that the Bank was entitled to summary judgment because "Bianchi is collaterally estopped from arguing that the assignments were not valid." The court stated that precise issue had been resolved against Bianchi in *Bank of America,* 23 F.3d at 384.

The district court's judgment reads as follows:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

The court's judgment is silent regarding Bianchi's complaint for a writ of mandamus.

Bianchi filed a motion for a new trial or, in the alternative, to alter and amend findings of fact, conclusions of law, and to amend judgment. The district court denied these motions and this timely appeal followed. This motion makes no reference to Bianchi's complaint for a writ of mandamus.

## II

Before discussing the merits of this appeal, we have a duty to determine *sua sponte* whether the district court entered a final decision in this matter. The parties have represented that we have jurisdiction pursuant to 28 U.S.C. § 1291. None of the parties have argued before this court that the district court's

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

judgment did not encompass a ***569** disposition of Bianchi's complaint for a writ of mandamus.

[1] The district court had jurisdiction over the Government's counterclaim for interpleader in this matter pursuant to 28 U.S.C. § 1345 and Rule 22 of the Federal Rules of Civil Procedure. A person who is subject to claims from more than one claimant may require them to interplead their claims to avoid multiple liability. Fed.R.Civ.P. 22. A defendant exposed to liability from more than one claimant may obtain interpleader relief by filing a counterclaim. *Id.*

[2] The question we must address is whether this order was final as to Bianchi's claim for a writ of mandamus. There is no express indication in the record of the district court's disposition of the petition for a writ of mandamus.

[3][4] Our review of a district court's order granting or denying summary judgment is *de novo*. *See Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998). "We may affirm the judgment of a district court on any basis established by the record." *DELTA v. Humane Soc. of U.S., Inc.,* 50 F.3d 710, 712 (9th Cir.1995).

The record shows that the district court lacked subject matter jurisdiction over Bianchi's complaint for a writ of mandamus. A district court has jurisdiction over an action filed against the United States arising out of a contract dispute where the amount in dispute does not exceed $10,000. 28 U.S.C. § 1346(a)(2). The United States Court of Federal Claims has jurisdiction over any claim against the United States concerning an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). Because Bianchi seeks damages totalling more than $10,000 based on the settlement agreement, the complaint for a writ of mandamus should have been filed in the Court of Federal Claims. *See id.*

[5] We conclude that we have jurisdiction over this appeal. The district court had subject matter jurisdiction to consider the merits of the Bank's claim that it was entitled to the amount owing to Bianchi under the assignment. It lacked subject matter jurisdiction to consider a claim, however disguised, that the Government owed Bianchi in excess of $10,000 based on the VECP provisions of the contract. The district court's decision that the Bank was entitled to the proceeds of the VECP award disposed of the only issues that were properly before it.

III

[6][7] Bianchi contends that the Bank's claim to the money owed to Bianchi under the VECP provisions of his contracts with the Government as Bianchi's assignee is barred by the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America.* A grant of summary judgment is reviewed *de novo.* *See Margolis,* 140 F.3d at 852. Our review is governed by the same standard used by the trial court under Federal Rules of Civil Procedure 56(c). *See Ghotra v. Bandila Shipping, Inc.,* 113 F.3d 1050, 1054 (9th Cir.1997), *cert. denied,* --- U.S. ----, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998); *Parker v. United States,* 110 F.3d 678, 681 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Margolis,* 140 F.3d at 852; *see also Summers v. A. Teichert & Son, Inc.,* 127 F.3d 1150, 1152 (9th Cir.1997).

Bianchi's contention that the Government was required to pay the money due on the VECP claims was not presented to the Court of Federal Claims or the Federal Circuit in *Bank of America.* Therefore, Bianchi's reliance on the doctrine of res judicata is misplaced.

The Federal Circuit's decision was limited to an analysis of Bianchi's right to retain the amount the Government agreed to pay to settle the pending ASBCA claims pursuant to the first paragraph of the settlement agreement. It did not determine whether the Government was required to pay Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the Bank's rights under its assignment ***570** agreement with Bianchi. The question whether the Government is liable to pay Bianchi the $58,613.03 Bianchi seeks to recover under its VECP claims has not been presented in the United States Court of Federal Claims in an action against the Government as required pursuant to 28 U.S.C. § 1491(a)(1), nor has this issue been reviewed by the Federal Circuit.

IV

[8][9] Bianchi also maintains that this court's decision in *Bianchi v. Perry,* 140 F.3d 1294 (9th

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Cir.1998) is res judicata on the question whether the Bank is entitled to recover the amount owing on the VECP claim pursuant to the assignment agreement. This contention lacks merit. *Bianchi v. Perry* cannot serve as a bar to the Bank's claim because it was not a party or privy to that action. [FN3] Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim. *See In Re Schimmels,* 127 F.3d 875, 881 (9th Cir.1997). The Bank and the Government are not in privity, they are adverse parties. Accordingly, neither *Bank of America* nor *Bianchi v. Perry* bars the Bank's rights under the assignment agreement.

FN3. We note also that *Bianchi v. Perry* did not involve the claim presented in this matter. The issue presented in *Bianchi v. Perry* was whether the Government was entitled to set off the debt owed to the United States against Bianchi's right to statutory fees and expenses under the EAJA. *Id.* at 1299.

V

Bianchi also asserts that the district court erred in denying his motion for a new trial, or in the alternative, his motion to alter or amend the district court's findings of fact and conclusions of law. The district court did not err in denying Binachi's motion because his contentions are without merit.

Bianchi claims that the district court was not aware of the prior judgment in the Bank of America case in which the Government was held liable to the Bank for a certain sum. Bianchi claims that this payment discharged the assignment and any further recovery by the Bank would put it in a position to receive double recovery.

Bianchi's arguments are without merit. The Bank's award in *Bank of America* was based on Bianchi's compromise of certain contract claims in the settlement agreement. As stated above, the VECP provision was not included in this compromise. Therefore, just as Bianchi's rights to pursue this award were not foreclosed, neither were the Bank's rights as assignee of the underlying contract.

VI

We conclude that the district court was not precluded from determining that the Bank was entitled, as Bianchi's assignee, to be awarded the amount owed by the Government on the VECP contracts. The claim presented in this matter was not presented to the Federal Circuit in *Bank of America.* This court's decision in *Bianchi v. Perry* is not res judicata regarding the Bank's right to recover on its assignment because the Bank was not a party to the action, nor in privity with the litigants, and the rights of the Bank, under the assignment agreement were not reviewed in that matter.

Bianchi's claim against the Government is based on his express contracts with the Government. The amount in controversy concerning that dispute exceeds $10,000. Accordingly, the district court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) to determine whether the Government is liable to pay Bianchi $58,613.03. Only the Court of Federal Claims can resolve that dispute.



Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.