no longer contends ... the assignment ag...

...rt granted the Bank's m... y judgment. It also den... for summary judgm... rnment and his cross-m... judgment against the Ba...

...ts decision, the district co... e Bank was entitled to ... because "Bianchi is colla... rom arguing that the assig... valid." The court stated ... ad been resolved against Bia... of America, 23 F.3d at ...

court's judgment reads as fo...

o this Court's Order, JUD... entered in favor of Countercl... imant in Interpleader Bank ... ational Trust and Savings As... d against Plaintiff Maurice Bia... s M. Bianchi of California (Bian... d Defendant/Counterclaim... r, Comptroller General ... d States General Accounting ... nt/Counterclaimant Charl... pay to the Bank of Ameri... Trust and Savings Association ... of $58,613.03, plus interest ... vember 17, 1987.

...'s judgment is silent regarding ... omplaint for a writ of mandam...

i filed a motion for a new trial ... native, to alter and amend findin... conclusions of law, and to ame... it. The district court denied the ... and this timely appeal followed ... otion makes no reference to Bianchi... int for a writ of mandamus.

II

...re discussing the merits of this appe... ve a duty to determine *sua spon*... er the district court entered a fi... on in this matter. The parties hav... sented that we have jurisdiction purs... 28 U.S.C. § 1291. None of the parties ... argued before this court that the di... s judgment did not encompass disposition of Bianchi's complaint for a writ of mandamus.

[1] The district court had jurisdiction over the Government's counterclaim for interpleader in this matter pursuant to 28 U.S.C. § 1345 and Rule 22 of the Federal Rules of Civil Procedure. A person who is subject to claims from more than one claimant may require them to interplead their claims to avoid multiple liability. Fed. R.Civ.P. 22. A defendant exposed to liability from more than one claimant may obtain interpleader relief by filing a counterclaim. *Id.*

[2] The question we must address is whether this order was final as to Bianchi's claim for a writ of mandamus. There is no express indication in the record of the district court's disposition of the petition for a writ of mandamus.

[3, 4] Our review of a district court's order granting or denying summary judgment is *de novo*. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998). "We may affirm the judgment of a district court on any basis established by the record." *DELTA v. Humane Soc. of U.S., Inc.*, 50 F.3d 710, 712 (9th Cir.1995).

The record shows that the district court lacked subject matter jurisdiction over Bianchi's complaint for a writ of mandamus. A district court has jurisdiction over an action filed against the United States arising out of a contract dispute where the amount in dispute does not exceed $10,000. 28 U.S.C. § 1346(a)(2). The United States Court of Federal Claims has jurisdiction over any claim against the United States concerning an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). Because Bianchi seeks damages totalling more than $10,000 based on the settlement agreement, the complaint for a writ of mandamus should have been filed in the Court of Federal Claims. *See id.*

[5] We conclude that we have jurisdiction over this appeal. The district court had subject matter jurisdiction to consider the merits of the Bank's claim that it was entitled to the amount owing to Bianchi under the assignment. It lacked subject matter jurisdiction to consider a claim, however disguised, that the Government owed Bianchi in excess of $10,000 based on the VECP provisions of the contract. The district court's decision that the Bank was entitled to the proceeds of the VECP award disposed of the only issues that were properly before it.

III

[6, 7] Bianchi contends that the Bank's claim to the money owed to Bianchi under the VECP provisions of his contracts with the Government as Bianchi's assignee is barred by the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America*. A grant of summary judgment is reviewed *de novo*. *See Margolis*, 140 F.3d at 852. Our review is governed by the same standard used by the trial court under Federal Rules of Civil Procedure 56(c). *See Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir.1997), *cert. denied*, — U.S. —, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998); *Parker v. United States*, 110 F.3d 678, 681 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Margolis*, 140 F.3d at 852; *see also Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997).

Bianchi's contention that the Government was required to pay the money due on the VECP claims was not presented to the Court of Federal Claims or the Federal Circuit in *Bank of America*. Therefore, Bianchi's reliance on the doctrine of res judicata is misplaced.

The Federal Circuit's decision was limited to an analysis of Bianchi's right to retain the amount the Government agreed to pay to settle the pending ASBCA claims pursuant to the first paragraph of the settlement agreement. It did not determine whether the Government was required to pay Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the Bank's rights under its as-

Case 1:04-cv-00440-MBH Document 26-6 Filed 11/15/2004 Page 2 of 50

signment agreement with Bianchi. The question whether the Government is liable to pay Bianchi the $58,613.03 Bianchi seeks to recover under its VECP claims has not been presented in the United States Court of Federal Claims in an action against the Government as required pursuant to 28 U.S.C. § 1491(a)(1), nor has this issue been reviewed by the Federal Circuit.

IV

[8, 9] Bianchi also maintains that this court's decision in *Bianchi v. Perry*, 140 F.3d 1294 (9th Cir.1998) is res judicata on the question whether the Bank is entitled to recover the amount owing on the VECP claim pursuant to the assignment agreement. This contention lacks merit. *Bianchi v. Perry* cannot serve as a bar to the Bank's claim because it was not a party or privy to that action.[3] Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim. *See In Re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997). The Bank and the Government are not in privity, they are adverse parties. Accordingly, neither *Bank of America* nor *Bianchi v. Perry* bars the Bank's rights under the assignment agreement.

V

Bianchi also asserts that the district court erred in denying his motion for a new trial, or in the alternative, his motion to alter or amend the district court's findings of fact and conclusions of law. The district court did not err in denying Binachi's motion because his contentions are without merit.

Bianchi claims that the district court was not aware of the prior judgment in the Bank of America case in which the Government was held liable to the Bank for a certain sum. Bianchi claims that this payment discharged the assignment and any further recovery by the Bank would put it in a position to receive double recovery.

Bianchi's arguments are without meri[t]. The Bank's award in *Bank of America* wa[s] based on Bianchi's compromise of certai[n] contract claims in the settlement agreement. As stated above, the VECP provision was no[t] included in this compromise. Therefore, jus[t] as Bianchi's rights to pursue this award were not foreclosed, neither were the Bank's rights as assignee of the underlying contract.

VI

We conclude that the district court was no[t] precluded from determining that the Ban[k] was entitled, as Bianchi's assignee, to b[e] awarded the amount owed by the Government on the VECP contracts. The clai[m] presented in this matter was not presente[d] to the Federal Circuit in *Bank of America*. This court's decision in *Bianchi v. Perry* i[s] not res judicata regarding the Bank's right t[o] recover on its assignment because the Ban[k] was not a party to the action, nor in privit[y] with the litigants, and the rights of the Bank under the assignment agreement were no[t] reviewed in that matter.

Bianchi's claim against the Government i[s] based on his express contracts with the Government. The amount in controversy concerning that dispute exceeds $10,000. Accordingly, the district court lacked subjec[t] matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) to determine whether the Government is liable to pay Bianchi $58,613.03. Only the Court of Federal Claims can resolv[e] that dispute.

AFFIRMED.

KEY NUMBER SYSTEM

In re FILTERCORP, INC., Filtercorp Partners Limited Partnership, Debtor.

3. We note also that *Bianchi v. Perry* did not involve the claim presented in this matter. The issue presented in *Bianchi v. Perry* was whether the Government was entitled to set off the debt owed to the United States against Bianchi's righ[t] to statutory fees and expenses under the EAJA. *Id.* at 1299.

000052

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI OF CALIFORNIA, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Rules of the United States Court of Federal Claims, defendant provides the following responses to Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

INTERROGATORY NO. 1:

If the Government paid Bank of America National Trust & Savings Association the Award under ASBCA No. 36518, in the principal amount of $58,613.03, identify the date of and the factual and legal basis for each payment, and every assignment, contract, note or other document upon which the Government relied in making said payment to Bank of America.

RESPONSE:

The United States paid the $58,613.03 award, plus interest, to the Bank of America on December 23, 1999.

We object to this interrogatory to the extent that it seeks information regarding the reasons for that payment. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of the entitlement of the Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank

> under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 2:

If the Government paid Bank of America National Trust & Savings Association the Award under ASBCA No. 36518, et al., in the principal amount of $16,574.74, identify the date of and the factual and legal basis for each payment, and every assignment, contract, note or other document upon which the Government relied in making said payment to Bank of America.

RESPONSE:

The United States paid the $16,574.74 award, plus interest, to the Bank of America on June 27, 2002.

We object to this interrogatory to the extent that it seeks information regarding the reasons for that payment. First, the entitlement of the Bank of America to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this

case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 3:

State every fact supporting the Government's decision to not pay Bianchi the award in ASBCA No. 36518 in the principal sum of $58,613.03.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of entitlement to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances

underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 4:

State every fact supporting the Government's decision to not pay Bianchi the award in ASBCA No. 37029, et al. in the principal sum of $16,574.74.

RESPONSE:

We object to this interrogatory. First, the interrogatory is overly broad. Second, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America.

INTERROGATORY NO. 5:

Identify with specificity every demand from Bank of America National Trust & Savings Association to the United States or any of its constituent departments or agencies for payment under ASBCA No. 36158 in the principal sum of $58,613.03.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of entitlement to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of

America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 6:

Identify with specificity every demand from Bank of America National Trust & Savings Association to the United States or any of its constituent departments or agencies for payment under ASBCA No. 37029, et al., in the principal sum of $16,574.74.

RESPONSE:

We object to this interrogatory. First, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America. Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to the claims to payment in this case.

INTERROGATORY NO. 7:

Identify with specificity the Purchasing Contract Officer who authorized payment of $58,613.03, principal, under ASBCA No. 36518 to Bank of America.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of the entitlement of Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances

underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 8:

Identify with specificity the Purchasing Contract Officer who authorized payment of $16,474.74, principal, under ASBCA No. 37029, et al. to Bank of America.

RESPONSE:

We object to this interrogatory. First, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America. Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 9:

Describe with specificity every document presented by the United States to the United States Department of the Treasury to authorize payment, or to cause payment to Bank of America, the principal sum of $58,613.03 under ASBCA No. 36518.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of the entitlement of Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of

America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 10:

Describe with specificity every document presented by the United States to the United States Department of the Treasury to authorize payment, or to cause payment to Bank of America, the principal sum of $16,574.74 under ASBCA No. 37029, et al.

RESPONSE:

We object to this interrogatory. First, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America. Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to the claims to payment in this case.

INTERROGATORY NO. 11:

Identify with specificity the officer or employee of the United States who authorized payment to Bank of America in the principal sum of $58,613.03.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of the entitlement of Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances

underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 12:

Identify with specificity the officer or employee of the United States who authorized payment to Bank of America in the principal sum of $16,574.74 under ASBCA No. 37029, et al.

RESPONSE:

We object to this interrogatory. First, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America. Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 13:

Identify with specificity every document which the Government claims establishes that its obligations or any portion thereof to Maurice Bianchi pursuant to that certain Stipulation to Board Decision dated September 27, 1988, have been paid or otherwise satisfied.

RESPONSE:

We object to this interrogatory. First, it is vague and ambiguous, in that it does not specify the obligations to which it refers. Second, to the extent that the interrogatory refers to paragraphs 1 and 3 of the Stipulation to Board Decision, the question of the Government's obligations pursuant to those paragraphs was resolved in the cases Bank of America v. United States, Bianchi, 23 F.3d 380 (Fed. Cir. 1994), and Bianchi v. Perry, 140 F.3d 1294 (9th Cir. 1998). Third, to the extent that the interrogatory refers to paragraph 2 of the Stipulation to Board Decision, we object to the implication that paragraph 2 imposed upon us any affirmative obligation.

INTERROGATORY NO. 14:

Identify with specificity every assignment from Maurice Bianchi in favor of Bank of America National Trust & Savings Association not extinguished by the Judgment or the Corrected Judgment in favor of Bank of America National Trust & Savings Association in United States Court of Federal Claims Case No. 90-3961C.

RESPONSE:

We object to this interrogatory because the question of the impact of the judgment in Case No. 90-3961C (Fed. Cl.) upon contract assignments from Maurice Bianchi to Bank of America was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999).

INTERROGATORY NO. 15:

State with specificity every fact upon which the Government relies in support of the Government's payment to Bank of America National Trust & Savings Association, to the exclusion of payment to Maurice Bianchi, of the award in ASBCA No. 36518 in the principal sum of $58,613.03.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of the entitlement of Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board

Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 16:

State with specificity every fact upon which the Government relies in support of the Government's payment to Bank of America National Trust & Savings Association, to the exclusion of payment to Maurice Bianchi, of the award in ASBCA No. 37029, et al. in the principal sum of $16,574.74.

RESPONSE:

We object to this interrogatory. First, the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), established that the Bank of America was entitled to VECP awards made to Mr. Bianchi pursuant to his assignment of contract proceeds to the Bank of America. Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of

America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 17:

Describe with specificity every payment made by the United States or any of its constituent, departments or agencies to Bank of America National Trust & Savings Association arising out of or in connection with assignments from Maurice Bianchi to Bank of America National Trust & Savings Association.

RESPONSE:

The United States paid to the Bank of America $110,339.94 ($58,613.03 plus interest) to the Bank of America on December 23, 1999. The United States paid to the Bank of America $44,807.22 ($16,574.74 plus interest) to the Bank of America on June 27, 2002.

We otherwise object to this interrogatory as overly broad and not designed to elicit evidence relevant to this case.

INTERROGATORY NO. 18:

If the United States, or any of its constituent agencies, made any payment to Bank of America National Trust & Savings Association pursuant to or as a result of assignments to it from Maurice Bianchi subsequent to the satisfaction of the judgment in favor of Bank of America issued by the United States Court of Federal Claims in case No. 90-3961C, state with specificity the date and amount of every payment, the legal and factual basis for the payment and identify all documents evidencing the Bank of America National Trust & Savings Association's entitlement to payment and the Government's payment of that entitlement of any funds arising from or as a result of Mr. Bianchi's claims.

RESPONSE:

The United States paid to the Bank of America $110,339.94 ($58,613.03 plus interest) to the Bank of America on December 23, 1999. The United States paid to the Bank of America $44,807.22 ($16,574.74 plus interest) to the Bank of America on June 27, 2002.

We otherwise object to this interrogatory. First, the Armed Services Board of Contract Appeals made the $58,613.03 award that resulted in the $110,339.94 payment on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, the question of

the entitlement of Bank of America to that award was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Third, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), plaintiff explained that, in this case:

> the government had two independent obligations: one to Mr. Bianchi pursuant to the Stipulation To Board Decision, and one to the Bank of America pursuant to Mr. Bianchi's assignments, and that payment to the Bank under Mr. Bianchi's assignments does not relieve the government of its direct obligation to pay Mr. Bianchi pursuant to the Stipulation To Board Decision.

Related Cases Stips. at 21-22. Because plaintiff's claim in this case is to payments arising pursuant to the Stipulation To Board Decision that are independent of any payments to the Bank of America pursuant to Mr. Bianchi's assignments, the circumstances underlying any payments by the United States to the Bank of America are irrelevant to plaintiff's claims to payment in this case.

INTERROGATORY NO. 19:

State all facts which distinguish the payment of $617,500.00, together with interest, to Bianchi, pursuant to the Stipulation to Board Decision of September 1988, from the obligation to honor the award in ASBCA No. 36518.

RESPONSE:

We object to this interrogatory. First, it is vague and ambiguous. Second, to the extent that the interrogatory refers to paragraph 1 of the Stipulation to Board Decision, the question of the Government's obligations pursuant to that paragraph was resolved in the case Bank of America v. United States, Bianchi, 23 F.3d 380 (Fed. Cir. 1994). Third, to the extent that the interrogatory refers to paragraph 2 of the Stipulation to Board Decision, we object to the implication that paragraph 2 imposed upon us any affirmative obligation.

INTERROGATORY NO. 20:

State all facts which distinguish the payment of $617,500, together with interest, to Bianchi, pursuant to the Stipulation to Board Decision of September 1988, from the obligation to honor the award in ASBCA No. 37029, et al.

RESPONSE:

We object to this interrogatory. First, it is vague and ambiguous. Second, to the extent that the interrogatory refers to paragraph 1 of the Stipulation to Board Decision, the question of the Government's obligations pursuant to that paragraph was resolved in the case Bank of America v. United States, Bianchi, 23 F.3d 380 (Fed. Cir. 1994). Third, to the extent that the interrogatory refers to paragraph 2 of the Stipulation to Board Decision, we object to the implication that paragraph 2 imposed upon us any affirmative obligation.

INTERROGATORY NO. 21:

If the United States, or any of its constituent agencies, now claims any rights of setoff as against Mr. Bianchi's award in ASBCA No. 36518, state the factual and legal basis for the claim setoff and describe with all documents in support of that setoff claim.

RESPONSE:

We object to this interrogatory. First, the Armed Services Board of Contract Appeals made that award on February 10, 1993, more than six years before the commencement of this action. Therefore, any claim to that award is barred by the statute of limitations, 28 U.S.C. § 2501 (2000). Second, in the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), the United States explained that this case "includes no claim by the Government . . . to set-off a payment against a debt to the Government . . . ." Related Cases Stips. at 23-24.

INTERROGATORY NO. 22:

If the United States, or any of its constituent agencies, now claims any rights of setoff as against Mr. Bianchi's award in ASBCA No. 37029, et al., state the factual and legal basis for the claim setoff and describe with all documents in support of that setoff claim.

RESPONSE:

We object to this interrogatory. In the parties' July 9, 2004 Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stips."), the United States explained that this case "includes no claim by the Government. . . to set-off a payment against a debt to the Government . . . ." Related Cases Stips. at 23-24.

INTERROGATORY NO. 23:

Explain did the Government continued to maintain its interpleader claim in the case captioned, *Maurice Bianchi fdba M. Bianchi of California v. Bouscher, et al.*, United States District Court for the District of Nevada, Case No. CV-S-94-00747-LDG (RJJ) subsequent to the Bank receiving the Judgment or Corrected Judgment in its favor in the United States Court of Federal Claims in Case No. 90-3961C.

RESPONSE:

We object to this interrogatory. Any question regarding Case No. CV-S-94-747-LDG (RJJ) (D. Nev.) was resolved in the case Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999)

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 1.

RESPONSE:

We object to this request because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the document labeled 001.

REQUEST NO. 2:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 2.

RESPONSE:

We object to this request because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the document labeled 002.

REQUEST NO. 3:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 3.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 3.

REQUEST NO. 4:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 4.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 4.

REQUEST NO. 5:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 5.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 5.

REQUEST NO. 6:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 6.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 6.

REQUEST NO. 7:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 7.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 7.

REQUEST NO. 8:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 8.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 8.

REQUEST NO. 9:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 9.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 9.

REQUEST NO. 10:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 10.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 10.

REQUEST NO. 11:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 11.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 11.

REQUEST NO. 12:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 12.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 12.

REQUEST NO. 13:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 13.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 13.

REQUEST NO. 14:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 14.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 14.

REQUEST NO. 15:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 15.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 15.

REQUEST NO. 16:

Produce copies of any and all documents relied upon or referred to in preparation of and/or support of your Answers to Interrogatory No. 16.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 16.

REQUEST NO. 17:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 17.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 17, and because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the documents labeled 001-010, with attorney-client communications redacted because they are privileged.

REQUEST NO. 18:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 18.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 18, and because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the documents labeled 001-010, with attorney-client communications redacted because

they are privileged.

REQUEST NO. 19:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 19.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 19.

REQUEST NO. 20:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 20.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 20.

REQUEST NO. 21:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 21.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 21.

000394

REQUEST NO. 22:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 22.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 22.

REQUEST NO. 23:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 23.

RESPONSE:

We object to this request for the reasons that we object to Interrogatory No. 23.

REQUEST NO. 24:

Produce copies of any and all documents upon which you relied or referred to in the preparation of and/or support of the Defendant's Answer and Affirmative Defenses.

RESPONSE:

We object to this request because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the documents labeled

001-010, with attorney-client communications redacted because they are privileged.

REQUEST NO. 25:

Produce copies of any and all documents upon which you will rely in presenting the Defendant's case in chief or in rebuttal at the time of the trial on this matter.

RESPONSE:

We object to this request because it seeks attorney work product and documents that are duplicative of documents that are, or should be, in plaintiff's possession. We are providing with this response, however, the documents labeled 001-010, with attorney-client communications redacted because they are privileged. We will supplement this request if we identify more responsive documents.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

July 30, 2004

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI OF CALIFORNIA, | ) | |
| Plaintiff, | ) | No. 04-440C (Judge Horn) |
| v. | ) | |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

VERIFICATION

I declare under penalty of perjury that I am signing the foregoing answers to Interrogatories Nos. 1, 2, 17, and 18 upon behalf of the Defense Logistics Agency; that all of the matters stated in those answers are within my personal knowledge, and that the facts stated in those answers are true and correct to the best of my knowledge, information, and belief as of the date stated below.

[signature]

Sarah Didonato
Contracting Officer
Defense Logistics Agency

Date:

JUL-27-2004 16:31 OFFICE OF COUNSEL 2157375913 P.03

Z-2968084

(160)

(1) Payee(s): Bank of America National Trust and Savings Assoc.

(2) Mailing addresss: U.S. Dept. of Justice
1100 L St. NW, Rm. 7010
Wash., DC 20530
Attn: Mark A. Melnick

PAID DEC 23 1999

(3) Taxpayer Identification No., SSN, or EIN 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

(4) Principal: $ 58,613.03

* (5) Interest: $ 51,726.91

(6) Total Amount: $ 110,339.94

(7) Electronic Funds Transfer (EFT) Information:

(a) Payee Account Name: ______ (e) Bank Name and Address: ______

(b) ABA Bank # (9 digits): ______

(c) Payee Account #: ______

(d) Checking: ______ Savings: ______

(8) Agency address for reimbursement purposes: Kathleen Hallam (DSCP-GA)
Defense Logistics Agency
700 Robbins Ave, Bldg. 36/3
Philadelphia, PA 19111-5093

(9) Contract #: DLA100-80-C-2972 9900

*WIRE TRANSFER/CHECK SHOULD BE DATED 12/23/99. IF THIS IS NOT POSSIBLE PLEASE RETURN THE VOUCHER FOR RECOMPUTATION OF INTEREST.

20 x 1743

I certify there is due and payable from the appropriations indicated the amount of $ 110,339.94, signature [signature]
For: Dir. Financial Accounting and Services Division, Financial Management Service, U.S. Dept. Of Treasury
Date: DEC 17 ...

000399

JUL-27-2004 12:20 DSCP CRDC 215 737 2486 P.01

SF1034 - EDP PUBLIC VOUCHERS FOR PURCHASES AND SERVICES OTHER THAN PERSONAL

US DEPARTMENT, BUREAU, OR ESTABLISHMENT AND LOCATION
FINANCE & ACCOUNTING OFFICE
PO BOX 182204
COLUMBUS, OHIO 43218-2204

DTE VOU PREP
06/27/02
CONTRACT NO
SC0100-2CTROYAL

VOUCHER NUM
263603

PAID BY
PAUL W PERRY
DFAS-CO
06/27/02
6355

PAYMENT NO. 001
TYPE: FINAL

PAYEE'S NAME AND ADDRESS
BANK OF AMERICA
ATTN NYDIA MIRANDA-SENA
MAIL CODE CA5-704-05-11
315 MONTGOMERY STREET
SAN FRANCISCO CA 94104-1666

| INVOICE NUMBER | MDSE AMOUNT | INTEREST/ (DISCOUNT) | DAYS LATE | INT RATE % | FREIGHT | AMOUNT |
|---|---|---|---|---|---|---|
| CTROYAL | | | | | | |
| | 44807.22 | 0.00 | 0 | 0.0000% | 0.00 | 44807.22 |

021771441040006 WCD: LSCBA
PREPARED BY: SIC

| | |
|---|---|
| VOUCHER SUBTOTAL: | 44807.22 |
| TAX WITHHELD: | 0.00 |
| EXCHANGE RATE/DIFFERENCE: | 0.00 |
| TOTAL PAYMENT: | 44807 22 |

AUT-CER: MILLSAP, KAREN

I CERTIFY THIS VOUCHER CORRECT AND PROPER FOR CHECK PAYMENT

06/27/02 PAUL W PERRY DISBURSING OFFICER

DATE AUTHORIZED CERTIFYING OFFICER TITLE

ACCOUNTING CLASSIFICATION

97X4930.5CP1 49-0000 P 2630 033181 US S43800 00S438 SC01002CTROYAL 28232.48

97X4930.5CT0 49-0000 P 2630 033150 US S76000 00S760 SC01002CTROYAL 16574.74

CHECK NUMBER 01775565

1