**Hallam, Kathleen**

From: Su, Lih-Yih
Sent: Thursday, June 20, 2002 3:21 PM
To: Hallam, Kathleen
Subject: RE: Judgment under Bianchi contract

Kathleen,

[redacted]

Lih-Yih

-----Original Message-----
From: Hallam, Kathleen
Sent: Thursday, June 20, 2002 2:42 PM
To: Su, Lih-Yih
Subject: RE: Judgment under Bianchi contract

[redacted]

[redacted]

[redacted]

-----Original Message-----
From: Su, Lih-Yih
Sent: Tuesday, June 18, 2002 1:00 PM
To: Hallam, Kathleen
Subject: FW: Judgment under Bianchi contract

[redacted]

Lih-Yih

-----Original Message-----
From: BUNDY, CHERI [mailto:CHERI.BUNDY@DFAS.MIL]
Sent: Tuesday, June 18, 2002 10:37 AM
To: 'Su, Lih-Yih'
Subject: RE: Judgment under Bianchi contract

Lih-Yih,

I still am waiting on the address that the check needs to be sent to.

Cheri

-----Original Message-----
From: Su, Lih-Yih [mailto:paal423@dscp.dla.mil]
Sent: Friday, June 07, 2002 10:20 AM
To: 'cheri.bundy@dfas.mil'

Subject: FW: Judgment under Bianchi contract

Cheri,
I just fax you a copy of court order, and interest payment worksheet. As soon as our legal office find out the consignee's address, I will send to you.
Your helps to process this payment is very much appreciated.
Lih-Yih

-----Original Message-----
From: Su, Lih-Yih
Sent: Friday, June 07, 2002 9:53 AM
To: 'BUNDY, CHERI'
Subject: RE: Judgment under Bianchi contract

Cheri,
This is the decision made by court, our contracting office did figure out the interest payment portion, include the principal of $ 16,574.74 plus interest $ 28,232.48, the total payment should be $ 44,807.22.
I will find out the address for you to mail the check.
Lih-Yih

-----Original Message-----
From: BUNDY, CHERI [mailto:CHERI.BUNDY@DFAS.MIL]
Sent: Friday, June 07, 2002 9:32 AM
To: 'Su, Lih-Yih'
Subject: RE: Judgment under Bianchi contract

Lih-Yih,

I don't have an address for this Bank. Is it included in the paperwork? Why would we be paying interest if DFAS has not received the invoice.

Cheri

-----Original Message-----
From: Su, Lih-Yih [mailto:paa1423@dscp.dla.mil]
Sent: Friday, June 07, 2002 9:25 AM
To: BUNDY, CHERI
Subject: RE: Judgment under Bianchi contract

Cheri,
Based on the direction from our legal office the check should be made to the consignee of:
Bank of America National Trust & Savings Association
By any chance do you have address for this company? Also, the interest payment part will you figure it out how much will cost to the Government?
The document number assigned to receive this royalty charge will be SC01002CTROYAL.
Thanks,
Lih-Yih

-----Original Message-----
From: BUNDY, CHERI [mailto:CHERI.BUNDY@DFAS.MIL]
Sent: Thursday, June 06, 2002 9:46 AM
To: 'Su, Lih-Yih'
Subject: RE: Judgment under Bianchi contract

000401

Lih-Yih,

I need a copy of the court order and the document number that you set up in the allotment file. I also need to know who the check is to be made out to and what is their addres. My fax number is 614-693-2472. Thanks,

Cheri

000402

**Hallam, Kathleen**

From: Springer, Margaret
Sent: Tuesday, May 28, 2002 11:19 AM
To: DiDonato, Sally; Hallam, Kathleen
Cc: Su, Lih-Yih
Subject: RE: Bianchi

Kathleen,

[redacted]

Thanks
Peg

-----Original Message-----
**From:** DiDonato, Sally
**Sent:** Tuesday, May 28, 2002 11:20 AM
**To:** Hallam, Kathleen
**Cc:** Springer, Margaret
**Subject:** FW: Bianchi

Kathleen

[redacted]

Peg - Kathleen's number is X2647.

Sarah DiDonato
Chief, Recruit Clothing CBU
Directorate of Clothing and Textiles

-----Original Message-----
**From:** Springer, Margaret
**Sent:** Tuesday, May 28, 2002 10:57 AM
**To:** DiDonato, Sally
**Subject:** RE: Bianchi

Sally,

Did Kathleen forward this to DFAS or us to get paid? If not need the info. If she did, who was it forwarded to, etc.

Peg

-----Original Message-----
**From:** DiDonato, Sally
**Sent:** Tuesday, May 28, 2002 11:02 AM
**To:** Springer, Margaret
**Subject:** FW: Bianchi

Peg - Can you help me with this - how do I get this paid - Legal is really bugging me so I appreciate the help

Sarah DiDonato
Chief, Recruit Clothing CBU
Directorate of Clothing and Textiles

000403

-----Original Message-----
**From:** Hallam, Kathleen

**Sent:** Monday, May 20, 2002 2:40 PM
**To:** DiDonato, Sally
**Cc:** McGonigle, Michael
**Subject:** Bianchi

[redacted]

000404

## Hallam, Kathleen

**From:** Su, Lih-Yih
**Sent:** Thursday, June 27, 2002 9:45 AM
**To:** Hallam, Kathleen
**Subject:** FW: Judgment under Bianchi contract

Hi Kathleen,
[redacted]
Lih-Yih

-----Original Message-----
From: BUNDY, CHERI [mailto:CHERI.BUNDY@DFAS.MIL]
Sent: Thursday, June 27, 2002 8:56 AM
To: 'Su, Lih-Yih'
Subject: RE: Judgment under Bianchi contract

Lih-Yih,

The payment is going out today via check through SRD1.

Cheri

-----Original Message-----
From: Su, Lih-Yih [mailto:paa1423@dscp.dla.mil]
Sent: Tuesday, June 25, 2002 2:50 PM
To: BUNDY, CHERI
Subject: FW: Judgment under Bianchi contract

Cheri,
Any idea when you will send out the check?
Thanks,
Lih-Yih

-----Original Message-----
From: Su, Lih-Yih
Sent: Tuesday, June 25, 2002 7:48 AM
To: 'cheri.bundy@dfas.mil'
Subject: FW: Judgment under Bianchi contract

Good Morning Cheri,
I got phone call from our legal office, Kathlee Hallam, this morning, can you please let me know when you can complete the payment action?
Thanks,
Lih-Yih

-----Original Message-----
From: Su, Lih-Yih
Sent: Thursday, June 20, 2002 3:02 PM
To: 'cheri.bundy@dfas.mil'
Subject: FW: Judgment under Bianchi contract

Hi Cheri,
Finally the information for payee address is arrived. Do you have any idea how long it will take to issue this royalty payment check?
Thanks,
Lih-Yih

000405

# ASSIGNMENT OF CLAIMS UNDER GOVERNMENT CONTRACT

For VALUE RECEIVED, the undersigned M. Bianchi of California,
(1)
a sole proprietorship of Maurice L. Bianchi
(hereinafter referred to as "Assignor") hereby assigns, transfers and sets over unto Bank of America National Trust and Savings Association, a National Banking Association having its principal place of business in San Francisco, California, and branches throughout the State of California, (hereinafter referred to as "Bank"), all the moneys now due or hereafter to become due from the United States of America under

Contract No. [illegible]
(2)

Letter Contract No. ______ and any superseding Definitive Contract of the same number dated ______ for cutting and sewing of 27,000 coats entered by
(3)

Assignor and Defense Personnel Support Center.
(4)

Any married woman who signs as Assignor below hereby expressly assents to the liability of her separate property.

Assignor hereby constitutes and appoints said Bank the true and lawful attorney, irrevocable, of Assignor, to demand, receive and enforce payment and to give receipts, releases and satisfactions, either in the name of Assignor or in the name of the Bank, in the same manner and with the same effect as Assignor could do if this assignment had not been made.

Assignor covenants that Assignor will receive all moneys advanced hereunder by the Bank as a trust fund to be first applied to the payment of claims of laborers, materialmen, sub-contractors, and of other expenditures arising out of the performance of said contract, and until such payments have been made Assignor will not use any part of said advances for any other purpose; and the said Assignor does hereby represent and warrant unto said Bank that no payments have been received on account of said contract, and that Assignor has not heretofore alienated or assigned said contract or any rights or interest therein or thereto.

This assignment is made pursuant to the Assignment of Claims Act of 1940.

IN WITNESS WHEREOF, Assignor has executed this assignment in several originals this

22 day of February 19 83.

OFFICIAL SEAL
LEONOR E PINEDO
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires JAN 6, 1984

[signature]
(5) M. Bianchi of California a sole proprietorship of Maurice L. Bianchi

## INSTRUCTIONS

(1) Insert name of Assignor and whether a corporation, partnership, or individual doing business under a trade name. Name must correspond with that in the contract.

(2) Insert number of contracts; delete line not applicable.

(3) Insert object of contract.

(4) Insert name of contracting party whether the United States or agency or department thereof.

(5) Signature of Assignor must correspond with that in contract. If a corporation, affix corporate seal.

Signature of Assignor should be acknowledged before a Notary Public. See forms of acknowledgment on the reverse hereof.

A true copy of this assignment must accompany each original copy of the notice of assignment. For form of written notice and the names of the parties with whom such notice must be filed, see accompanying form "Notice of Assignment."

000032

000408

# ASSIGNMENT OF CLAIMS UNDER GOVERNMENT CONTRACT

For VALUE RECEIVED, the undersigned, M. Bianchi of California (1)

a Sole Proprietorship of Maurice L. Bianchi

(hereinafter referred to as "Assignor") hereby assigns, transfers and sets over unto Bank of America National Trust and Savings Association, a National Banking Association having its principal place of business in San Francisco, California, and branches throughout the State of California, (hereinafter referred to as "Bank"), all the moneys now due or hereinafter to become due from the United States of America under

Contract No. DLA 100-80-C-2972 (2)

Letter Contract No. ______ (3) and any superseding Definitive Contract of the same number dated June 23, 1980 for mens black dress removable liner (4) C.M.T. 125,240 each, Govt. all voucher, issued by

Agency and Defense Personnel Support Center (5)

Any married woman who signs as Assignor below hereby expressly assents to the liability of her separate property.

Assignor hereby constitutes and appoints said Bank the true and lawful attorney, irrevocable, of Assignor, to demand, receive and enforce payments and to give receipts, releases and satisfactions, either in the name of Assignor or in the name of the Bank, in the same manner and with the same effect as Assignor could do if this assignment had not been made.

Assignor covenants that Assignor will devote all moneys advanced hereunder by the Bank as a trust fund to be first applied to the payment of claims of laborers, materialmen, sub-contractors, and of other expenditures arising out of the performance of said contract, and until such payments have been made Assignor will not use any part of said advances for any other purpose; and the said Assignor does hereby represent and warrant unto said Bank that no payments have been received on account of said contract, and that Assignor has not heretofore alienated or assigned said contract or any rights or interest therein or thereto.

This assignment is made pursuant to the Assignment of Claims Act of 1940.

IN WITNESS WHEREOF, Assignor has executed this assignment in [illegible] originals this

14th day of August, 1980.

Maurice L. Bianchi, DBA
M. Bianchi of California

INSTRUCTIONS

(1) Insert name of Assignor and whether a corporation, partnership, or individual doing business under a trade name. Name must correspond with that in the contract.

(2) Insert number of contract; delete line not applicable.

[illegible]

000407

000033

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on the 30th day of July, 2004, I caused to be placed in the United States mail (first-class postage prepaid) a copy of the foregoing "Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents," addressed as follows:

R. Vaughn Gourley
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, NV 89130

Lattie Burns

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MAURICE L. BIANCHI,
fdba M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 04-440C
(Judge Horn)

DEFENDANT'S SUPPLEMENTAL RESPONSES
TO PLAINTIFF'S FIRST SET OF INTERROGATORIES
AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Rules of the United States Court of Federal Claims, defendant, without waiving any previously asserted objections, provides the following supplemental responses to Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

INTERROGATORY NO. 1:

If the Government paid Bank of America National Trust & Savings Association the Award under ASBCA No. 36518, in the principal amount of $58,613.03, identify the date of and the factual and legal basis for each payment, and every assignment, contract, note or other document upon which the Government relied in making said payment to Bank of America.

RESPONSE:

The payment was made to the Bank of America because the United States District Court for the District of Nevada ordered that payment, and the United States Court of Appeals for the Ninth Circuit affirmed that order.

INTERROGATORY NO. 2:

If the Government paid Bank of America National Trust & Savings Association the Award under ASBCA No. 36518, et al., in the principal amount of $16,574.74, identify the date of and the factual and legal basis for each payment, and every assignment, contract, note or other document upon which the Government relied in making said payment to Bank of America.

RESPONSE:

The Government did not make a $16,574.74 payment under ASBCA No. 36518. If plaintiff means the payment of $16,574.74 award, plus interest, to the Bank of America on June 27, 2002, under ASBCA No. 37029, that payment was made upon the advice of counsel.

INTERROGATORY NO. 3:

State every fact supporting the Government's decision to not pay Bianchi the award in ASBCA No. 36518 in the principal sum of $58,613.03.

RESPONSE:

The United States District Court for the District of Nevada ordered payment of the award to the Bank of America, and the United States Court of Appeals for the Ninth Circuit affirmed that order.

INTERROGATORY NO. 4:

State every fact supporting the Government's decision to not pay Bianchi the award in ASBCA No. 37029, et al. in the principal sum of $16,574.74.

RESPONSE:

The order of the United States District Court for the District of Nevada that the Government pay the $58,613.03 award to the Bank of America, and the affirmance of that order by the United States Court of Appeals for the Ninth Circuit, supports the decision not to pay Mr. Bianchi the $16,574.74 award.

INTERROGATORY NO. 5:

Identify with specificity every demand from Bank of America National Trust & Savings Association to the United States or any of its constituent departments or agencies for payment under ASBCA No. 36158 in the principal sum of $58,613.03.

RESPONSE:

Demands were made on October 15, 1999, October 28, 1999, and November 3, 1999.

INTERROGATORY NO. 6:

Identify with specificity every demand from Bank of America National Trust & Savings Association to the United States or any of its constituent departments or agencies for payment under ASBCA No. 37029, et al., in the principal sum of $16,574.74.

RESPONSE:

At this time, defendant is not aware of any demands.

INTERROGATORY NO. 7:

Identify with specificity the Purchasing Contract Officer who authorized payment of $58,613.03, principal, under ASBCA No. 36518 to Bank of America.

RESPONSE:

The payment was not authorized by any Purchasing Contract Officer.

INTERROGATORY NO. 8:

Identify with specificity the Purchasing Contract Officer who authorized payment of $16,474.74, principal, under ASBCA No. 37029, et al. to Bank of America.

RESPONSE:

Contracting Officer Sarah DiDonato authorized that payment.

INTERROGATORY NO. 9:

Describe with specificity every document presented by the United States to the United States Department of the Treasury to authorize payment, or to cause payment to Bank of America, the principal sum of $58,613.03 under ASBCA No. 36518.

RESPONSE:

The Department of Justice presented the documents numbered 013-025, which accompany this supplemental response.

INTERROGATORY NO. 10:

Describe with specificity every document presented by the United States to the United States Department of the Treasury to authorize payment, or to cause payment to Bank of America, the principal sum of $16,574.74 under ASBCA No. 37029, et al.

RESPONSE:

No documents were presented to the Department of Treasury.

INTERROGATORY NO. 11:

Identify with specificity the officer or employee of the United States who authorized payment to Bank of America in the principal sum of $58,613.03.

RESPONSE:

David W. Ogden and David M. Cohen of the Department of Justice authorized that payment.

INTERROGATORY NO. 12:

Identify with specificity the officer or employee of the United States who authorized payment to Bank of America in the principal sum of $16,574.74 under ASBCA No. 37029, et al.

RESPONSE:

Contracting Officer Sarah DiDonato authorized that payment.

INTERROGATORY NO. 13:

Identify with specificity every document which the Government claims establishes that its obligations or any portion thereof to Maurice Bianchi pursuant to that certain Stipulation to Board Decision dated September 27, 1988, have been paid or otherwise satisfied.

RESPONSE:

The documents numbered 001-002 and 009-010 that accompanied the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents, and the documents numbered 023-024, 027-034, and 058-62 that accompany these supplemental responses, establish the Government's satisfaction of any obligations arising from paragraph 2 of the Stipulation to Board Decision.

INTERROGATORY NO. 14:

Identify with specificity every assignment from Maurice Bianchi in favor of Bank of America National Trust & Savings Association not extinguished by the Judgment or the Corrected Judgment in favor of Bank of America National Trust & Savings Association in United States Court of Federal Claims Case No. 90-3961C.

RESPONSE:

Pages 001-002 and 009-010 produced with the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents reflect those assignments.

INTERROGATORY NO. 15:

State with specificity every fact upon which the Government relies in support of the Government's payment to Bank of America National Trust & Savings Association, to the exclusion of payment to Maurice Bianchi, of the award in ASBCA No. 36518 in the principal sum of $58,613.03.

RESPONSE:

The United States District Court for the District of Nevada ordered that payment, and the United States Court of Appeals for the Ninth Circuit affirmed that order.

INTERROGATORY NO. 16:

State with specificity every fact upon which the Government relies in support of the Government's payment to Bank of America National Trust & Savings Association, to the exclusion of payment to Maurice Bianchi, of the award in ASBCA No. 37029, et al. in the principal sum of $16,574.74.

RESPONSE:

The order of the United States District Court for the District of Nevada that the Government pay the $58,613.03 award to the Bank of America, and the affirmance of that order by the United States Court of Appeals for the Ninth Circuit, supports the decision to pay the bank, and not Mr. Bianchi, the $16,574.74 award.

INTERROGATORY NO. 17:

Describe with specificity every payment made by the United States or any of its constituent, departments or agencies to Bank of America National Trust & Savings Association arising out of or in connection with assignments from Maurice Bianchi to Bank of America National Trust & Savings Association.

RESPONSE:

The only specific payments presently known are: payment in the amount of $717,009.94 made by November 2, 1995; payment in the amount of $110,339.94 made on December 23, 1999; and payment in the amount of $44,807.00 made on June 27, 2002.

INTERROGATORY NO. 18:

If the United States, or any of its constituent agencies, made any payment to Bank of America National Trust & Savings Association pursuant to or as a result of assignments to it from Maurice Bianchi subsequent to the satisfaction of the judgment in favor of Bank of America issued by the United States Court of Federal Claims in case No. 90-3961C, state with specificity the date and amount of every payment, the legal and factual basis for the payment and identify all documents evidencing the Bank of America National Trust & Savings Association's entitlement to payment and the Government's payment of that entitlement of any funds arising from or as a result of Mr. Bianchi's claims.

RESPONSE:

Defendant is unaware of any assignments from Mr. Bianchi to the Bank of America made subsequent to assignments reflected on pages 009-010 produced with the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

INTERROGATORY NO. 19:

State all facts which distinguish the payment of $617,500.00, together with interest, to Bianchi, pursuant to the Stipulation to Board Decision of September 1988, from the obligation to honor the award in ASBCA No. 36518.

RESPONSE:

The United States Court of Appeals for the Federal Circuit ordered the $617,500.00 payment to Mr. Bianchi pursuant to paragraph 1 of the Stipulation to Board Decision. The United States District Court for the District of Nevada ordered the payment of the award in ASBCA No. 36518 to the Bank of America pursuant to the contract assignments, and the United States Court of Appeals for the Ninth Circuit affirmed the district court's order.

INTERROGATORY NO. 20:

State all facts which distinguish the payment of $617,500, together with interest, to Bianchi, pursuant to the Stipulation to Board Decision of September 1988, from the obligation to honor the award in ASBCA No. 37029, et al.

RESPONSE:

The United States Court of Appeals for the Federal Circuit ordered the $617,500.00 payment to Mr. Bianchi pursuant to paragraph 1 of the Stipulation to Board Decision. The order of the United States District Court for the District of Nevada that the Government pay the award in ASBCA No. 36518 to the Bank of America pursuant to the contract assignments, an order that the United States Court of Appeals for the Ninth Circuit affirmed, establishes that, with respect to the award in ASBCA No. 37029, the Government was required to honor the contract assignments and pay the bank that award.

INTERROGATORY NO. 21:

If the United States, or any of its constituent agencies, now claims any rights of setoff as against Mr. Bianchi's award in ASBCA No. 36518, state the factual and legal basis for the claim setoff and describe with all documents in support of that setoff claim.

RESPONSE:

Defendant is unaware of any such claim at this time.

INTERROGATORY NO. 22:

If the United States, or any of its constituent agencies, now claims any rights of setoff as against Mr. Bianchi's award in ASBCA No. 37029, et al., state the factual and legal basis for the claim setoff and describe with all documents in support of that setoff claim.

RESPONSE:

Defendant is unaware of any such claim at this time.

INTERROGATORY NO. 23:

Explain did the Government continued to maintain its interpleader claim in the case captioned, *Maurice Bianchi fdba M. Bianchi of California v. Bouscher, et al.*, United States District Court for the District of Nevada, Case No. CV-S-94-00747-LDG (RJJ) subsequent to the Bank receiving the Judgment or Corrected Judgment in its favor in the United States Court of Federal Claims in Case No. 90-3961C.

RESPONSE:

Defendant objects to this interrogatory because it is vague and ambiguous. Without waiving this objection, the Court of Federal Claims entered the "Corrected Judgment" on August 22, 1995. The district court granted summary judgment in favor of the Government and against Mr. Bianchi on September 16, 1996.

REQUESTS FOR THE PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 1.

RESPONSE:

Defendant produces the accompanying pages 013-025, 027-034, and 058-064.

REQUEST NO. 2:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 2.

RESPONSE:

Defendant has no supplemental response to this request.

REQUEST NO. 3:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 3.

RESPONSE:

Defendant produces the accompanying pages 013-025, 027-034, and 058-064.

REQUEST NO. 4:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 4.

RESPONSE:

Defendant produces the accompanying pages 027-034 and 058-064.

REQUEST NO. 5:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 5.

RESPONSE:

Defendant produces the accompanying pages numbered 011-012 and 026-057.

REQUEST NO. 6:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 6.

RESPONSE:

There are no responsive documents.

<u>REQUEST NO. 7</u>:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 7.

<u>RESPONSE</u>:

There are no responsive documents.

<u>REQUEST NO. 8</u>:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 8.

<u>RESPONSE</u>:

Defendant has no supplemental response.

<u>REQUEST NO. 9</u>:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 9.

<u>RESPONSE</u>:

Defendant produces the accompanying pages numbered 013-025.

REQUEST NO. 10:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 10.

RESPONSE:

There are no responsive documents.

REQUEST NO. 11:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 11.

RESPONSE:

Defendant produces the accompanying pages numbered 013-014.

REQUEST NO. 12:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 12.

RESPONSE:

Defendant has no supplemental response.

REQUEST NO. 13:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 13.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, and 058-62, and refers plaintiff to pages 001-002 and 009-010 that accompanied the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

REQUEST NO. 14:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 14.

RESPONSE:

Defendant produced those documents on pages 001-002 and 009-010 of the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

REQUEST NO. 15:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 15.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, and 058-62.

REQUEST NO. 16:

Produce copies of any and all documents relied upon or referred to in preparation of and/or support of your Answers to Interrogatory No. 16.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, and 058-62.

REQUEST NO. 17:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 17.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, 058-62, and 075, and refers plaintiff to pages 001-002 and 009-010 produced with the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

REQUEST NO. 18:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 18.

RESPONSE:

Defendant refers plaintiff to pages 009-010 produced with the July 30, 2004 Defendant's Responses To Plaintiff's First Set Of Interrogatories And Requests For The Production Of Documents.

REQUEST NO. 19:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 19.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, and 065-072.

REQUEST NO. 20:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 20.

RESPONSE:

Defendant produces the accompanying pages 023-024, 027-034, and 058-072.

REQUEST NO. 21:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 21.

RESPONSE:

There are no such documents.

REQUEST NO. 22:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 22.

RESPONSE:

There are no such documents.

REQUEST NO. 23:

Produce copies of any and all documents relied upon or referred to in the preparation of and/or support of your Answers to Interrogatory No. 23.

RESPONSE:

Defendant produces the accompanying pages 027-034, and 073-074.

REQUEST NO. 24:

Produce copies of any and all documents upon which you relied or referred to in the preparation of and/or support of the Defendant's Answer and Affirmative Defenses.

RESPONSE:

Defendant has no supplemental response to this request.

REQUEST NO. 25:

Produce copies of any and all documents upon which you will rely in presenting the Defendant's case in chief or in rebuttal at the time of the trial on this matter.

RESPONSE:

Defendant is providing with this supplemental response pages 011-075. Defendant will supplement this request if more responsive documents are identified.

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

ROBERT E. KIRSCHMAN, JR.
Assistant Director

TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

~~OF COUNSEL~~

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center,
Philadelphia
Philadelphia, PA 19111-5092

September 3, 2004

Attorneys for Defendant

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI OF CALIFORNIA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-440C (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

VERIFICATION

I declare under penalty of perjury that I am signing the foregoing answers to Interrogatories Nos. 1-23 upon behalf of defendant; and that the facts stated in those answers are true and correct to the best of my knowledge, information, and belief as of the date stated below.

Sarah DiDonato
Contracting Officer
Defense Logistics Agency

Date:
September 2, 2004

M. Melnick
A. Steinme

JONES VARGAS

ATTORNEYS AT LAW
THIRD FLOOR SOUTH
3773 HOWARD HUGHES PARKWAY
LAS VEGAS, NEVADA 89109-0949

TELEPHONE
(702) 734-2220

TELECOPIER
(702) 737-7705

HERBERT M. JONES
MELVIN D. CLOSE, JR.
JOSEPH W. BROWN
ALBERT F. PAGNI
JOHN P. SANDE, III
WILLIAM J. RAGGIO
BOB MILLER
GARY R. GOODHEART
MICHAEL E. BUCKLEY
DOUGLAS G. CROSBY
RICHARD F. JOST
JANET L. CHUBB
DOUGLAS M. COHEN

KIRK B. LENHARD
KEVIN R. STOLWORTHY
STEPHEN M. RICE
ANTHONY C. GORDON
GREG L. JENSEN
JODI R. GOODHEART
PAUL A. LEMCKE
PHILIP M. BALLIF
RENEE R. REUTHER
MICHAEL P. LINDELL
MICHAEL G. ALONSO
ERIC W. LERUDE

KRIS T. BALLARD
MELISSA P. BARNARD
BRIAN P. CLARK
MICHAEL T. EGAN
EDWARD M. GARCIA
DAWN R. HINMAN
CARLA R. JONES
R. DOUGLAS KURDZIEL
JANIECE S. MARSHALL
KARL L. NIELSON
DENNIS L. OLSON
MICHAEL A. T. PAGNI

PATRICK A. ROSE
TONY F. SANCHEZ III
SCOTT M. SCHOENWALD
PATRICK J. SHEEHAN
DIANA L. SULLIVAN
ERIC W. SWANIS
SANDRA D. TURNER
TROY A. WALLIN*
GORDON H. WARREN
CAROL L. WETZEL
MARK E. WILKEY
*Licensed in Maryland Only

CLIFFORD A. JONES (Retired)
GEORGE L. VARGAS (1909 - 1985)
JOHN C. BARTLETT (1910 - 1982)
LOUIS MEAD DIXON (1919 - 1993)
GARY T. FOREMASTER (1953 - 1998)

October 15, 1999

David M. Cohen, Esq.
Mark Melnick, Esq.
U.S. Department of Justice - Commercial Litigation Branch
Civil Division - Attention: Classification Unit
1100 L Street, NW - 8th Floor
Washington, DC 20530

Re: *Maurice Bianchi, fdba M. Bianchi of California v. David M. Walker, Comptroller General of the United States, et al. No. 98-1860*

Dear Mr. Cohen and Mark:

As everyone is aware by this time, the U.S. Supreme Court denied Bianchi's petition for a writ of certiorari in the above-referenced case on October 4, 1999. Appellate review of this case should now be concluded and the judgment of the U.S. District Court for the District of Nevada final. The judgment of the District Court provided, in part:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in interpleader Bank of America National Trust & Savings Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bouscher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay

RENO OFFICE:
100 WEST LIBERTY STREET, 12TH FLOOR RENO, NEVADA 89501 TELEPHONE (775) 786-5000 TELECOPIER (775) 786-1177

---

to the Bank of America National Trust & Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

The Bank of America National Trust and Savings Association, by and through its counsel of record, hereby requests that the Defendant/Counterclaimant David M. Walker, Comptroller of the United States, pay the judgment amount of $58,613.03, plus interest from November 17, 1987, as provided in the judgment and such other interest as provided by law.

Please advise me of the proper procedures for the payment of the judgment by the United States to the Bank of America and please forward such documents, if any, which the Bank of America must execute in support of such payment.

I have enjoyed working with you on this case. I trust that this matter can now be concluded.

Sincerely,

JONES VARGAS

Dennis L. Olson

Dennis L. Olson, Esq.

DLO\kam

cc: Inge Ronk
Debbie Young, Esq.
Gary R. Goodheart, Esq.

U.S. Department of Justice

Civil Division

MAMelnick:
145-121-72

Telephone:
(202) 307-6288

*Washington, D.C. 20530*

October 27, 1999

Judgment Fund Group
Department of the Treasury
Financial Management Service
Prince George's Metro Center 2
3700 East-West Highway
Mailstop 6D37
Hyattsville, MD 20782

Re: Maurice Bianchi v. David M. Walker,
D. Nev. CV-S-94-747-LDG (RJJ)

Dear Sir or Madam:

I am the authorized representative of the United States in the captioned matter. As described in the enclosed documentation, I certify that the enclosed copy of the September 16, 1996 judgment to Bank of America National Trust and Savings Association in the amount of $58,613.03, plus interest calculated pursuant to the Contract Disputes Act due from November 17, 1987, is payable by the United States. The United States will seek no further judicial review of this award, and I have obtained all approvals necessary for its referral for payment.

I request that you certify this award for payment from the Judgment Fund established by 31 U.S.C. § 1304. Enclosed are the completed copies of FMS 196, and 197; a copy of the judgment; and any other enclosures required by FMS regulations.

Counsel for the Bank of America, who was provided a copy of this correspondence, will submit a separate request for payment on its behalf. Any questions about this request should be directed to Mark A. Melnick, the attorney handling this case.

FILE

000447

Thank you for your prompt attention to this matter.

Cordially yours,

DAVID W. OGDEN
Acting Assistant Attorney General

By: David M. Cohen /

DAVID M. COHEN
Director
Commercial Litigation Branch

Enclosures

cc: Dennis Olson
3773 Howard Hughes Parkway
Third Foor
Las Vegas, Nevada 89101-0949

000448

Financial Management Service

# Judgment Fund Award Data Sheet

For FMS use only: z-

*Instructions:* Both sides of this form must be completed. Use separate forms or schedules for separate payments to separate persons (for instance, separate awards to co-plaintiffs, or to an insurer and the insured). If extra space is needed (for instance, for class actions and multi-claimant awards attach additional copies of

1. Claim/Case
   a. Name of claim/case: Bianchi v. Walker
   b. Claimant/Plaintiff's file # (if known):
   c. If litigative award
      ii. Court name: United States District Court for Nevada
      iii. Docket #: CV-S-94-747-LDG(RJJ)
      iv. Justice Dept compromise settlement? ___ Yes X No
   d. Date award made (mo/day/year): 9/16/96
   e. Brief description of facts giving rise to claim/case:
      This was an ASBCA judgment upon a contract between Mr. Bianchi and DLA. GAO(responsible for judgment fund at the time) withheld payment from Mr. Bianchi because he had assigned his right to contract proceeds to the Bank of America. Accordingly, the issue of to whom the ASBCA judgment should be paid was litigated in the Nevada district court, which ultimately issued judgment for the bank. The judgment was affirmed. Ms. Carolyn Talley has been briefed.
2. Claimant/Plaintiff
   a. Name & address
      Bank of America National Trust and Savings Assoc.
      c/o Dennis Olson, Third Floor South, 3773 Howard
      Hughes Parkway, Las Vegas, Nevada 89109-0949
   b. If claim is for back pay, give claimant's
      i. Social Security Number:
      ii. Birth date (mo/day/year):
3. Payee name (if different from claimant/plaintiff named above)
   Bank of America, N.A. (send check to Ms. Inge Ronk
   Bank of America, N.A., Suite 740, 50 California St.
   San Francisco, CA 94111-4607)
4. Claimant/Plaintiff's Counsel (if any)
   a. Name & address:
      Dennis Olson, Third Floor South, 3773 Howard
      Hughes Parkway, Las Vegas, Nevada 89109-0949
5. Agency information
   a. Submitting agency: Department of Justice
   b. Submitting agency's file #: 145-121-72
   c. Submitting agency's contact: Mark A. Melnick
      i. Name & address
         1100 L Street, N.W., Rm. 7010
         Washington, D.C. 20530
      ii. Phone No.: (202) 307-6288
      iii. Fax No.: (202) 305-7644
   d. If agency subject to claim/suit is not submitting agency:
      i. Subject agency: Defense Logistics Agency
      ii. Subject agency's file #:
   e. Statutory function claim/case arose under:
   f. If claim is within Contract Disputes Act, 41 U.S.C. §§ 601, 612
      i. Name & address of agency reimbursement contact:
         Kathleen Hallam
         GSCP-GA
         Bld. 36/3
         700 Robbins Ave.
         Philadelphia, PA 19111-5092
      ii. Phone No.: (215) 737-2647
      iii. Contract No.: DLA100-80-C-2972
      iv. B.C.A No.: ASBCA No. 36518, February 11, 1993
6. If Payment will be made in a Foreign Currency
   a. Country & currency

**FAILURE TO FULLY COMPLETE THIS FORM WILL RESULT IN ITS RETURN TO THE SUBMITTER**

FMS Form 196
This form was electronically produced by Elite Federal Forms, Inc.

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE



000449

# Judgment Fund Award Data Sheet: Instructions for Lines 7-15

| Itemization of Amounts Payable from the Judgment Fund | Amounts to be Paid A |
|---|---|
| 7. Principal | 58,613.03 |
| 7a. Citation to legal authority | 41 U.S.C. sec. 15 |
| 8. Attorney Fees | |
| 8a. Citation to legal authority | |
| 9. Costs | |
| 9a. Citation to legal authority | |
| 10. Interest | approximately 51,150.70 |
| 10a. Citation to legal authority | CDA |
| 10b. Applicable interest rate (%) for award shown | |
| 10c. Compound interest period (daily, yearly, etc.), if any | |
| 10d. Beginning and ending dates for interest accrual | 11/17/87 until paid |
| 11. Total Amounts Payable from the Judgment Fund | approximately 109,763.73 |

**All** If payment will be in a foreign currency, specify all monetary data in that currency.

**7-10** If amount for fees, costs, or interest were included in the principal amount (stated on line 7) as part of a "lump sum" award, enter "INCLUDED ABOVE" in the white area of column A for each such item. Enter "NONE" for any of these items (principal, fees, costs, or interest) for which no amount was awarded/included.

**7.** Enter the principal amount payable (excluding attorney fees, costs, and interest) in the column A white area. Cite the legal authority for that award (for instance, "FTCA, 28EUSC 2672" or "5th Amend. Reg. Taking") in the gray area below the amount.

**8.** Enter attorney fee (if any) payable in column A white area. Cite legal authority for that award (for instance, "EAJA, 28 USC 2412(b)") in the gray area below the amount.

**9.** Enter costs payable (if any) in column A white area. Cite legal authority for that award (for instance, "EAJA, 28 USC 2412(a)") in the gray area below the amount.

**10.** If interest was payable and is calculable by the submitting agency, enter total amount in column A white are. Cite legal authority for that award (for instance, "Back Pay Act, 5 USC 5596(b)(2)") in the gray area below the amount, and, if known, the rate, compounding period (if any), and the dates interest accrual begins and ends.

**11.** Add and enter the total of amounts shown in white areas of lines 7 through 10.

| Deductions to be Made from Amounts Payable from the Judgment Fund | Amounts to be Deducted A | B | C |
|---|---|---|---|
| 12. Itemized Deductions | | | |
| 12a. Reason for deduction shown | | | |
| 12b. Entity and program to receive the deduction | | | |
| 12c. Appropriation account to receive deduction | | | |
| 12d. Address of entity to receive the deduction | | | |
| 13. Deductions from Other Pages (No. of add'l pages = ____) | | | |
| 14. Total Amount to be Deducted | | | |
| 15. Net Amount Payable to Claimant/Plaintiff from the Judgment Fund | 109,763.73 | | |

**12.** Starting in column A white area, enter any deductions specified in the judgment or settlement agreement, or to be set off under 31 USC 3728. Place each deduction in its own column and indicate in the gray areas below it the reason (for instance "debt setoff, 31 USC 3728" or "FICA withholding") for it and the recipient's name, address, and appropriation account. If more than 3 deductions, attach additional sheets. If there are no deductions, enter "NONE" in column A white area.

**13.** Enter the number of extra pages (if any) attached for line 12 deductions in the space provided. Enter total amount from all additional pages used.

**14.** Enter the total amounts shown in all columns of line 12 (A, B, & C) and line 13 (A).

**15.** Subtract the amount in line 14 from that in line 11. If greater than 0, enter difference on line 15. If the difference is 0 or less; enter "NONE" on line 15.

## Privacy Act Statement

This information is required in accordance with 31 U.S.C. § 1304 and 5 U.S.C § 552. The data you furnish will be used to effect certification of your claim. The information may be shared with other branches with FMS for the purpose of certifying your claim. Failure to provide this information may result in your claim being returned to you.

FMS Form 197
Department of the Treasury

AUTHORIZED FOR LOCAL REPRODUCTION

# VOUCHER FOR PAYMENT OF JUDGMENTS, COMPROMISE SETTLEMENTS, & ADMINISTRATIVE AWARDS

*Use attachments if additional space is needed. See reverse for additional instructions.*

Voucher No. ______
Schedule No. ______
Claim No. ______

## A. PAYMENT DATA:

(1) Submitting Agency/Office: Department of Justice

(2) Agency/Office Mailing Address: 1100 L Steet, N.W., Washington, D.C. 20530

(3) Payee(s): Bank of America National Trust and Savings Association

(4) Amount: 58,613.03, plus CDA interest since 11/17/87 $ 109,763.73 approximately

(5) Electronic Funds Transfer (EFT) Information:

(a) Payee Account Name: ______

(b) Payee Account #: ______

(c) ABA Bank #: ______

(d) Bank Name & Address: ______

PAID BY

(6) Briefly Identify Claim: This stems from a judgment for $58,613.03, plus interest since Nov. 17, 1987, issued by the ASBCA upon a contract between Maurice Bianchi and DLA. Mr. Bianchi had assigned his rights to contract proceeds to the Bank of America. Subsequent litigation concluded that because of Mr. Bianchi's assignment to the bank, the ASBCA judgment should be paid to the bank.

## B. ACCEPTANCE BY CLAIMANT(S) *(NOTE: This form should not be signed by the claimant(s) if another release signed by the claimant(s) is attached.)*

I, (We), the claimant(s) and beneficiaries, do hereby accept the within-stated award, compromise, or settlement as final and conclusive on me (us), on my (our) heirs, executors, administrators or assigns, and agree that said acceptance constitutes a complete release by me (us), my (our) heirs, executors, administrators or assigns of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising now or in the future from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries (including wrongful death), damages to property, breaches of contract or law, and any other acts or omissions, and the consequences thereof resulting, and to result, from the same subject matter that gave rise to the claim for which I (we) or my (our) heirs, executor, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States and against the employee(s) of the Government whose acts or omissions gave rise to the claim by reason of the same subject matter. I(We) further agree to reimburse, identify and hold harmless the United States, its agents, servants and employees from any and all claims or causes of action, including wrongful deaths, that arise or may arise from the acts or omissions that gave rise to the claim by reason of the same subject matter.

Date ______, 19 ___ SIGN ORIGINAL ONLY ______

(Claimants sign above)

## C. AGENCY APPROVING OFFICIAL:

This claim has been fully examined in accordance with ______ (Statutory Cite)

and approved in the amount of ______

Signed: ______

Title: ______

Date: ______

## D. AGENCY CERTIFYING OFFICER:

Pursuant to the authority vested in me, I certify that this voucher is correct and proper for payment in the amount of ______

Signed: ______

Title: ______

Date: ______

## E. OTHER ACCOUNTING INFORMATION AND CERTIFICATIONS

FMS Form 197
6/96

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE

000451