government contract must be to a bank, trust company, or other financial institution; the assignment must be for all amounts payable; and written notice of the assignment, together with a true copy of the instrument of assignment, has been provided to the contracting officer, the sureties upon the bonds connected to the contract, and the disbursing officer. If these elements are satisfied, then "[n]otwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this section shall constitute a valid assignment for all purposes." 41 U.S.C. § 15(c).

Bianchi has not offered any facts or argument suggesting that his assignments do not meet the requirements of 41 U.S.C. §15(b). Rather, as found by the Federal Circuit, "Bianchi assigned the proceeds and rights associated with each contract to the bank as security for loans to finance Bianchi's performance of the contracts. The bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988)." As the assignments were valid, summary judgment is appropriate in favor of the Bank and the court need not determine whether the Government is entitled to set-off its SBA claims. The Government must honor the assignment and pay the proceeds of the VECP award to the Bank.

Therefore,

IT IS **ORDERED** that the Bank's motion for summary judgment (#19) is GRANTED;

IT IS FURTHER **ORDERED** that Bianchi's motion for summary judgment (#20) is DENIED;

IT IS FURTHER **ORDERED** that Bianchi's cross-motion for summary judgment (#23) is DENIED.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

The only issue that the Bank and Bianchi dispute is whether Bianchi's assignment of the proceeds of the contracts was valid. The court now finds that the Bank met its burden of showing that the assignments were valid. Further, as Bianchi failed to meet his burden of offering any evidence to the contrary, summary judgment is appropriate in favor of the Bank.

Initially, the court notes that Bianchi is collaterally estopped from arguing that the assignments were not valid. Under the doctrine of collateral estoppel a party is precluded from re-litigating, in a subsequent action an issue previously adjudicated in a prior action. Collateral estoppel requires that the issue at stake is identical to the one alleged in the prior litigation; that the issue was actually litigated in the prior litigation; and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In addition, application of collateral estoppel is appropriate only if legal principles have not changed significantly since the prior litigation and other special circumstances do not warrant an exception to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155 (1979).

As recited by the United States Court of Federal Claims, Bianchi alleged that his assignments to the Bank were not valid. Exhibit B to Government's Response, p. 3. The court decided this issue adversely to Bianchi, finding that he had failed to offer any facts showing that there was a genuine issue for trial. *Id.* The ruling was not disturbed on appeal. Rather, the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act, and had not transferred its rights under the original loan when it transferred its rights under the SBA loans to the Government. *Bank of America*, 28 F.3d at 384.

Second, the dispute before the court is whether the Government must pay the VECP award to Bianchi or to the Bank pursuant to the assignment. As such, this court must determine only if the assignments meet the requirements of 41 U.S.C. § 15(b), requiring the Government to pay the proceeds to the Bank. To be valid, an assignment of the proceeds of a

(1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The following facts are not disputed and are relevant to disposition of this matter.[1] In 1979 and 1980, the Government awarded Bianchi three contracts to produce clothing for the military, including the contract underlying this suit. Bianchi borrowed money from the Bank to perform these contracts, and assigned the proceeds of these contracts to the Bank as security for the loans. The Bank properly notified the contracting and disbursing officers of these assignments. Subsequently, two of the contracts were terminated for Bianchi's default, and Bianchi defaulted on his loans to the Bank.

Bianchi then began a series of claims, including a Value Engineering Change Proposal (VECP)[2] claim Bianchi had made concerning one of the contracts. In 1988, the parties stipulated and the Board entered this stipulation as a decision, settling Bianchi's claims arising from the contracts. The settlement, however, was without prejudice to Bianchi's right to pursue his VECP claims.[3] Bianchi pursued his VECP claims, and the Board ultimately awarded him $58,613.03. The parties do not dispute that this amount represents proceeds of the underlying government contract. The Government is currently holding this amount, to which both Bianchi and the Bank claim entitlement.

---

[1] A more complete recitation of facts underlying this suit is set forth in *Bank of America National Trust and Savings Assoc. v. United States*, 23 F.3d 380, 381-382 (Fed. Cir. 1994).

[2] A VECP permits a government contractor to share in the Government's savings caused by a contractor-proposed, and Government-accepted, change to an existing contract specification.

[3] The settlement was also without prejudice to Bianchi's right to pursue an application under the Equal Access to Justice Act to recover legal fees and expenses. The EAJA claim, however, is not at issue in this litigation.

must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157

General Accounting Office (the Government), seeking to require the Government to pay him $58,613.03, plus interest, that the Armed Services Board of Contract Appeals (the Board) awarded to him. In its answer, the Government brings a counterclaim asserting that it is entitled to set-off certain Small Business Administration (SBA) loans upon which Bianchi defaulted. The Government further interplead Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association (the Bank), asserting that assignments Bianchi made to the Bank require the Government to pay the award to the Bank.

Presently, the following motions and papers are before the court for determination. The Bank moves for summary judgment (#19) against the Government. Bianchi opposes granting summary judgment in favor of the Bank and against the Government (#23), to which the Bank replied (#27).

Bianchi moves for summary judgment (#20) against the Government. The Bank opposes granting of summary judgment in favor of Bianchi and against the Government (#24), to which Bianchi replied (#35).

Bianchi also cross-moves for summary judgment against the Bank (#23). The Bank opposed (#27), and Bianchi replied (#35).

Finally, the Government filed its response to the above motions (#36), adopting the position of the Bank. In the alternative, the Government asserts that if the Bank is not entitled to the proceeds of the award, then the Government is entitled to offset the award with defaulted SBA loans. Bianchi filed its reply to the Government's response (#39).

<u>Motions for Summary Judgment</u>

In considering motions for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 17 1996
CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA
BY ____ DEPUTY

Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) sues Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States

Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Defendant. | Case No. CV-S-94-747-LDG (RJJ)<br><br>**JUDGMENT** |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Counterdefendant. | ENTERED AND SERVED<br>SEP 11 1998<br>CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA<br>BY ______ DEPUTY |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Counterdefendant/Claimant in Interpleader. | |

Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings

JONES VARGAS

ATTORNEYS AT LAW
THIRD FLOOR SOUTH
3773 HOWARD HUGHES PARKWAY
LAS VEGAS, NEVADA 89109-0949

TELEPHONE
(702) 734-2220

TELECOPIER
(702) 737-7705

HERBERT M. JONES
MELVIN D. CLOSE, JR
JOSEPH W. BROWN
ALBERT F. PAGNI
JOHN P. SANDE, III
WILLIAM J. RAGGIO
BOB MILLER
GARY R. GOODHEART
MICHAEL E. BUCKLEY
DOUGLAS G. CROSBY
RICHARD F. JOST
JANET L. CHUBB
DOUGLAS M. COHEN
KIRK B. LENHARD
KEVIN R. STOLWORTHY
STEPHEN M. RICE
ANTHONY C. GORDON
GREG L. JENSEN
JODI R. GOODHEART
PAUL A. LEMCKE
PHILIP M. BALLIF
RENEE R. REUTHER
MICHAEL P. LINDELL
MICHAEL G. ALONSO
ERIC W. LERUDE

KRIS T. BALLARD
MELISSA P. BARNARD
BRIAN P. CLARK
MICHAEL T. EGAN
EDWARD M. GARCIA
DANIEL W. CLASSER
DAWN R. HINMAN
CARLA R. JONES
R. DOUGLAS KURDZIEL
JANIECE S. MARSHALL
KARL L. NIELSON
DENNIS L. OLSON
MICHAEL A. T. PAGNI
PUONYARAT K. PREMSRIRUT
PATRICK A. ROSE
TONY F. SANCHEZ III
SCOTT M. SCHOENWALD
PATRICK J. SHEEHAN
JENNIFER A. SLOAN
DIANA L. SULLIVAN
ERIC W. SWANIS
SANDRA D. TURNER
TROY A. WALLIN
GORDON H. WARREN
CAROL L. WETZEL
MARK E. WILKEY

CLIFFORD A. JONES (Retired)
GEORGE L. VARGAS (1909-1985)
JOHN C. BARTLETT (1910-1982)
LOUIS MEAD DIXON (1919-1993)
GARY T. FOREMASTER (1959-1988)

October 28, 1999

DRAFT

Judgment Fund Group
Department of the Treasury
Financial Management Service
Prince George's Metro Center 2
3700 East/West Highway
Hyattsville, MD 20782

Re: *Request for Payment of Judgment by the United States to Bank of America, N.A.*

Dear Sirs and Mesdames:

1. The Bank of America, N.A., by and through its counsel of record, Dennis L. Olson, Esq., of the Jones Vargas law firm, Las Vegas, Nevada, hereby requests that the United States pay to the Bank of America, N.A., the amount of $58,613.03, plus interest from November 17, 1987, as provided for in the judgment dated September 17, 1996, in the United States District Court for the District of Nevada, Case No. CV-S-94-747-LDG (RJJ)).

2. A copy of the District Court's Order and Judgment are attached as Exhibits 1 and 2. The Judgment provides as follows:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in interpleader Bank of America National Trust & Savings Association and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and

RENO OFFICE:
100 WEST LIBERTY STREET, 12TH FLOOR RENO, NEVADA 89501 TELEPHONE (775) 786-5000 TELECOPIER (775) 786-1177

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

---

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 17 1996
CLERK, U.S. DISTRICT COURT DISTRICT OF NEVADA
BY ___ DEPUTY

Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) sues Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States

AO 72 (Rev 8/82)

General Accounting Office (the Government), seeking to require the Government to pay him $58,613.03, plus interest, that the Armed Services Board of Contract Appeals (the Board) awarded to him. In its answer, the Government brings a counterclaim asserting that it is entitled to set-off certain Small Business Administration (SBA) loans upon which Bianchi defaulted. The Government further interplead Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association (the Bank), asserting that assignments Bianchi made to the Bank require the Government to pay the award to the Bank.

Presently, the following motions and papers are before the court for determination. The Bank moves for summary judgment (#19) against the Government. Bianchi opposes granting summary judgment in favor of the Bank and against the Government (#23), to which the Bank replied (#27).

Bianchi moves for summary judgment (#20) against the Government. The Bank opposes granting of summary judgment in favor of Bianchi and against the Government (#24), to which Bianchi replied (#35).

Bianchi also cross-moves for summary judgment against the Bank (#23). The Bank opposed (#27), and Bianchi replied (#35).

Finally, the Government filed its response to the above motions (#36), adopting the position of the Bank. In the alternative, the Government asserts that if the Bank is not entitled to the proceeds of the award, then the Government is entitled to offset the award with defaulted SBA loans. Bianchi filed its reply to the Government's response (#39).

<u>Motions for Summary Judgment</u>

In considering motions for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party

must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157

(1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The following facts are not disputed and are relevant to disposition of this matter.[1] In 1979 and 1980, the Government awarded Bianchi three contracts to produce clothing for the military, including the contract underlying this suit. Bianchi borrowed money from the Bank to perform these contracts, and assigned the proceeds of these contracts to the Bank as security for the loans. The Bank properly notified the contracting and disbursing officers of these assignments. Subsequently, two of the contracts were terminated for Bianchi's default, and Bianchi defaulted on his loans to the Bank.

Bianchi then began a series of claims, including a Value Engineering Change Proposal (VECP)[2] claim Bianchi had made concerning one of the contracts. In 1988, the parties stipulated and the Board entered this stipulation as a decision, settling Bianchi's claims arising from the contracts. The settlement, however, was without prejudice to Bianchi's right to pursue his VECP claims.[3] Bianchi pursued his VECP claims, and the Board ultimately awarded him $58,613.03. The parties do not dispute that this amount represents proceeds of the underlying government contract. The Government is currently holding this amount, to which both Bianchi and the Bank claim entitlement.

---

[1] A more complete recitation of facts underlying this suit is set forth in *Bank of America National Trust and Savings Assoc. v. United States*, 23 F.3d 380, 381-382 (Fed. Cir. 1994).

[2] A VECP permits a government contractor to share in the Government's savings caused by a contractor-proposed, and Government-accepted, change to an existing contract specification.

[3] The settlement was also without prejudice to Bianchi's right to pursue an application under the Equal Access to Justice Act to recover legal fees and expenses. The EAJA claim, however, is not at issue in this litigation.

The only issue that the Bank and Bianchi dispute is whether Bianchi's assignment of the proceeds of the contracts was valid. The court now finds that the Bank met its burden of showing that the assignments were valid. Further, as Bianchi failed to meet his burden of offering any evidence to the contrary, summary judgment is appropriate in favor of the Bank.

Initially, the court notes that Bianchi is collaterally estopped from arguing that the assignments were not valid. Under the doctrine of collateral estoppel a party is precluded from re-litigating, in a subsequent action an issue previously adjudicated in a prior action. Collateral estoppel requires that the issue at stake is identical to the one alleged in the prior litigation; that the issue was actually litigated in the prior litigation; and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In addition, application of collateral estoppel is appropriate only if legal principles have not changed significantly since the prior litigation and other special circumstances do not warrant an exception to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155 (1979).

As recited by the United States Court of Federal Claims, Bianchi alleged that his assignments to the Bank were not valid. Exhibit B to Government's Response, p. 3. The court decided this issue adversely to Bianchi, finding that he had failed to offer any facts showing that there was a genuine issue for trial. *Id.* The ruling was not disturbed on appeal. Rather, the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act, and had not transferred its rights under the original loan when it transferred its rights under the SBA loans to the Government. *Bank of America*, 28 F.3d at 384.

Second, the dispute before the court is whether the Government must pay the VECP award to Bianchi or to the Bank pursuant to the assignment. As such, this court must determine only if the assignments meet the requirements of 41 U.S.C. § 15(b), requiring the Government to pay the proceeds to the Bank. To be valid, an assignment of the proceeds of a

government contract must be to a bank, trust company, or other financial institution; the assignment must be for all amounts payable; and written notice of the assignment, together with a true copy of the instrument of assignment, has been provided to the contracting officer, the sureties upon the bonds connected to the contract, and the disbursing officer. If these elements are satisfied, then "[n]otwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this section shall constitute a valid assignment for all purposes." 41 U.S.C. § 15(c).

Bianchi has not offered any facts or argument suggesting that his assignments do not meet the requirements of 41 U.S.C. §15(b). Rather, as found by the Federal Circuit, "Bianchi assigned the proceeds and rights associated with each contract to the bank as security for loans to finance Bianchi's performance of the contracts. The bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988)." As the assignments were valid, summary judgment is appropriate in favor of the Bank and the court need not determine whether the Government is entitled to set-off its SBA claims. The Government must honor the assignment and pay the proceeds of the VECP award to the Bank.

Therefore,

IT IS ORDERED that the Bank's motion for summary judgment (#19) is GRANTED;

IT IS FURTHER ORDERED that Bianchi's motion for summary judgment (#20) is DENIED;

IT IS FURTHER ORDERED that Bianchi's cross-motion for summary judgment (#23) is DENIED.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Defendant. | Case No. CV-S-94-747-LDG (RJJ)<br><br>**JUDGMENT** |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,<br><br>Counterdefendant. | ENTERED AND SERVED<br>SEP 11 1996<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF NEVADA<br>BY ________ DEPUTY |
| CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,<br><br>Counterclaimant,<br><br>v.<br><br>BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,<br><br>Counterdefendant/Claimant in Interpleader. | |

Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings

Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge



AO 72
(Rev 8/82)

# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | |
| M. Bianchi of California | ASBCA No. 35518 |
| Under Contract No. DLA100-80-C-2972 | |

APPEARANCE(S) FOR THE APPELLANT: Michael A. Hordell, Esq.
Laurel A. Heneghan, Esq.
Petrillo & Hordell
Washington, DC

APPEARANCE(S) FOR THE GOVERNMENT: Thomas Hornak, Esq.
Chief Trial Attorney
Stephanie L. Zimmt-Mack, Esq.
Patricia A. Papas, Esq.
Trial Attorneys
Defense Personnel Support Center (DLA)
Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE BURG

The Government accepted a Value Engineering Change Proposal (VECP) submitted by appellant during performance of this contract. The parties were unable to agree either as to the per unit amount which was saved because of the VECP or the number of units to which the savings applied. When the contracting officer failed to issue a decision, appellant filed this appeal pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §605(c)(5). Appellant seeks $2,175,807.56 as instant, concurrent and future contract savings and $3,997,660.80 as collateral savings, for a total of $6,173,468.36.

## FINDINGS OF FACT

1. Various findings of fact pertaining to this contract were the subject of a prior opinion of this Board on the motion for partial summary judgment filed in this appeal dated 2 March 1990 (unpublished) and in our opinion in ASBCA Nos. 37029 and 37071, 92-_ BCA ¶ ______, (decided 31 July 1992) and, to the extent to which we consider them relevant, they are adopted herein.

### The Contract

2. On 23 June 1980, the Defense Personnel Support Center (DPSC) of Philadelphia, Pennsylvania, Defense Logistics Agency (DLA), awarded appellant Contract No. DLA100-80-C-2972 for the manufacture of 125,240 Man's Black All Weather Coat with removable lining at a unit price of $31.92 and a total contract price of $3,997,366.40. The coat was to be manufactured in accordance with Limited Purchase Description 12-77A (DES 12-77A), dated

clause, concurrent contract savings are the negotiated savings to the concurrent contractor and future contract savings are, with certain exceptions, based upon the instant contract savings, we conclude that the prohibition of profit pertains to all savings permitted under the clause.

Instant Contract Savings

Considering all of the above, after eliminating those items in appellant's calculation which we have determined should not be included, we conclude that, based upon this record, the instant contract savings resulting for VECP 8680 was $0.14 (14¢) per unit. Contractor assigned savings, 50 percent of this amount, would be $0.07 (7¢) per unit. Multiplying $0.07 by the 837,329 units we have concluded was a reasonable number (F/F 38), we conclude appellant is entitled to the following as contract savings for instant, concurrent and future contracts:

$0.07 x 837,329 = $58,613.03

Collateral Savings

The Value Engineering Incentive clause included in this contract, J09 (F/F 3), did not contain the provision for collateral savings resulting from acceptance of a value engineering change proposal. ASPR 1-1703.2 (1 July 1976) permits such exclusion when the head of the procuring activity determines that the cost of computing and tracking collateral savings would exceed the benefits derived from the change (F/F 44). Appellant argues that the record fails to contain the requisite documentation for this determination so collateral savings should be awarded. By the same token, appellant failed to submit the requisite prediction of any collateral savings as required by J09 paragraph (b)(iv), the Value Engineering Incentive clause in the contract (F/F 3). We conclude that the unrebutted testimony that the DPSC Manual instructing that the collateral savings clause not be included because of a determination by the agency head is sufficient for purposes of this record.

Appellant is not entitled to recover collateral savings which it seeks ($3,997,660.80).

Interest

Appellant seeks interest from six months after approval of VECP 8680 since J09(f) requires payment of concurrent and future savings within six months of modification of concurrent or future contracts. That paragraph makes no provision for interest. It is well established that payment by the Government of interest is only permitted by contract, statute or regulation. Here there is no such provision. Interest is payable pursuant to the Contract Disputes Act from the date of receipt of the claim until paid. While the parties agree that that date was 16 November 1987, the facts indicate the claim was not received until 17 November 1987. Appellant is entitled to interest on any amount due from 17 November 1987 at the applicable rates.

Summary

The parties submitted well written and extensive briefs. We have considered all of the arguments which they included but, in order to not prolong an already lengthy opinion, we have not addressed them all directly. Those we have not discussed will not change the results we have reached. Because of the conclusions we have reached, we need not consider appellant's Motion to Strike Government Exhibits 28-38.

We have concluded that appellant's definition of its VECP was far broader and more extensive than the VECP 8680 which it submitted and which was approved. We have further concluded that under the record of this appeal recovery is limited to the all-weather coats which incorporated VECP 8680.

Since this appeal concerns determination of quantum, we have discussed the various elements which appellant included in calculating its claim and have concluded that the per unit savings were $0.14 per unit of which appellant is entitled to receive $0.07. Applying this to the number of units, we have concluded that appellant's share of savings is $58,613.03. Interest on amounts due appellant should be computed from 17 November 1987.

The appeal is sustained in the amount of $58,613.03 plus interest on amounts due appellant from 17 November 1987 and denied as to the rest.

Dated: 10 February 1993

RUTH C. BURG
Administrative Judge
Member of the Armed Services
Board of Contract Appeals

I concur

V. JOHN RIISMANDEL
Administrative Judge
Acting Chairman, Armed Services
Board of Contract Appeals

I concur

WILLIAM J. RUBERRY
Administrative Judge
Vice Chairman, Armed Services
Board of Contract Appeals



600471

File

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

October 4, 1999

Mr. Gary R. Goodheart
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89101

Re: Maurice Bianchi, fdba M. Bianchi of California v. David M. Walker, Comptroller General of the United States, et al.
No. 98-1860

Dear Mr. Goodheart:

The Court today entered the following order in the above entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter, Clerk

000472



Received 10/7/99
JV GRG

---

defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust & Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

3. This request for payment has been coordinated with Mark Melnick, Esq., U.S. Department of Justice, Commercial Litigation Branch, Civil Division, 1100 L Street, NW-8th Floor, Washington DC 20530, Mr. Melnick's telephone number is (202) 307-6288.

4. Payment by check of the settlement amount is requested . The check should be made payable to the Bank of America, N.A., and sent to the following:

Ms. Inge Ronk
Bank of America, N.A.
Suite 740
50 California Street
San Francisco, CA 94111-4607

5. A brief discussion of the background of this case follows. During 1979 and 1980, the Defense Logistics Agency awarded three contracts for miliary clothing (numbers DLA100-79-C2894, DLA 100-80-C2290, and DLA100-80-C2972) to M. Bianchi of California, a sole proprietorship of Bianchi. Shortly after the award of the contracts, Bianchi assigned the proceeds and rights associated with each contract to the Bank of America ("Bank") as security for the loans to finance Bianchi's performance of the contracts.

6. The Bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. Section 3727 (1988), 41 U.S.C. Section 15 (1988); the government acknowledged and accepted each assignment. The Bank later made Bianchi additional loans which were guaranteed by the Small Business Administration.

---

7. The DLA terminated two of the contracts for default. Bianchi defaulted on the loans, both the SBA guaranteed loans and the Bank's prior non-guaranteed loans. In 1981, Bianchi instituted a series of claims under the clothing contracts before the Armed Services Board of Contract Appeals ("ASBCA"). In 1988, the Bank and the government entered into a settlement agreement whereby the government paid Bianchi. The parties also agreed that the settlement was without prejudice to Bianchi's right to pursue a claim for Value Engineering Change Proposal ("VECP").

8. A VECP claim is a claim pursuant to a contract clause that permits the contractor to share in the savings realized by the government from a change to an existing contract proposed by the contractor and accepted by the government. The clothing contracts in this case contained such a clause. The settlement agreement was incorporated into a decision of the ASBCA.

9. On February 10, 1993, the ASBCA awarded Bianchi $58,613.03 on his VECP claim plus interest on amounts due him from 17 November 1997. A copy of this award is attached as Exhibit 3. This award is the subject of the lawsuit which resulted in the decision of the United States District Court for the District of Nevada that the Bank is entitled to the VECP award based on Bianchi's perfected assignment of his contract rights to the Bank.

10. The parties litigated other issues concerning payments erroneously made by the government to Bianchi and not to the Bank. See Bank of America Nat'l Trust & Sv. Ass'n v. United States, 23 F.3d 380 (Fed. Cir. 1994.). The Court of Appeals held, *inter alia,* that the Government was obligated to pay the same settlement amount to the Bank on the ground that the government's payment to Bianchi in settlement of the contract dispute was a payment under the contract that should have gone to the Bank under its assignment rights.

11. Meanwhile, Bianchi requested payment of the $58,613.03 VECP award. The government refused. Bianchi initiated the action in the United States District Court for the District of Nevada by filing a complaint in the nature of a writ of mandamus for an order to compel the United States to pay the VECP award. The government filed an answer and

a counterclaim for interpleader thus bringing the Bank into the action for a determination of which party was entitled to the $58,613.03.

12. The District Court granted summary judgment for the Bank and ordered the Government to pay the VECP award to the Bank and not Bianchi. The District Court held that Bianchi was collaterally estopped from contesting the validity of its assignment to the Bank because that issue had been litigated in Bank of America, Id. The Court also held that the assignment was valid under the Assignment of Claims Act. Consistent with the ASBCA decision, the District Court ordered interest to run from November 17, 1987 See Exhibit 3.

13. The Ninth Circuit Court of Appeals affirmed the District Court judgment. 163 F.3d 564 (9th Cir. 1998). Bianchi's Petition For a Writ of Certiorari to the United States Supreme Court was denied on October 4, 1999. See Exhibit 4, letter, Office of the Clerk, Supreme Court of the United States, dated October 4, 1999.

14. Accordingly, Bank of America, N.A., respectfully requests payment of the $58,613.03 plus interest from November 17, 1987, as ordered by the United States District Court for the District of Nevada. Please contact me if your have any questions or if you need any additional documents.

Sincerely yours,

JONES VARGAS

DRAFT

Dennis L. Olson, Esq.

DLO/kam
cc: Inge Ronk
Debbie Young, Esq.
Mark Melnick, Esq.

H:\USERS\DLO\Bank of America\BIANCHI\JUDGMENT FUND GROUP 10-28-99.wpd

JONES VARGAS

ATTORNEYS AT LAW
THIRD FLOOR SOUTH
3773 HOWARD HUGHES PARKWAY
LAS VEGAS, NEVADA 89109-0949

TELEPHONE (702) 734-2220
TELECOPIER (702) 737-7705

HERBERT M. JONES
MELVIN D. CLOSE, JR.
JOSEPH W. BROWN
ALBERT F. PAGNI
JOHN P. SANDE, III
WILLIAM J. RAGGIO
BOB MILLER
GARY R. GOODHEART
MICHAEL E. BUCKLEY
DOUGLAS G. CROSBY
RICHARD F. JOST
JANET L. CHUBB
DOUGLAS M. COHEN
KIRK B. LENHARD
KEVIN R. STOLWORTHY
STEPHEN M. RICE
ANTHONY C. GORDON
GREG L. JENSEN
JODI R. GOODHEART
PAUL A. LEMCKE
PHILIP M. BALLIF
RENEE R. REUTHER
MICHAEL P. LINDELL
MICHAEL G. ALONSO
ERIC W. LERUDE

KRIS T. BALLARD
MELISSA P. BARNARD
BRIAN P. CLARK
MICHAEL T. EGAN
EDWARD M. GARCIA
DANIEL W. GLASSER
DAWN R. HINMAN
CARLA R. JONES
R. DOUGLAS KURDZIEL
JANIECE S. MARSHALL
KARL L. NIELSON
DENNIS L. OLSON
MICHAEL A. T. PAGNI
PUONYARAT K. PREMSRIRUT
PATRICK A. ROSE
TONY F. SANCHEZ III
SCOTT M. SCHOENWALD
PATRICK J. SHEEHAN
JENNIFER A. SLOAN
DIANA L. SULLIVAN
ERIC W. SWANIS
SANDRA D. TURNER
TROY A. WALLIN
GORDON H. WARREN
CAROL L. WETZEL
MARK E. WILKEY

CLIFFORD A. JONES (Retired)
GEORGE L. VARGAS (1909 - 1985)
JOHN C. BARTLETT (1910 - 1982)
LOUIS MEAD DIXON (1919 - 1993)
GARY T. FOREMASTER (1953 - 1998)

November 3, 1999

Judgment Fund Group
Department of the Treasury
Financial Management Service
Prince George's Metro Center 2
3700 East/West Highway
Hyattsville, MD 20782

Re: *Request for Payment of Judgment by the United States to Bank of America, N.A.*

Dear Sirs and Mesdames:

1. The Bank of America, N.A., by and through its counsel of record, Dennis L. Olson, Esq., of the Jones Vargas law firm, Las Vegas, Nevada, hereby requests that the United States pay to the Bank of America, N.A., the amount of $58,613.03, plus interest from November 17, 1987, as provided for in the judgment dated September 17, 1996, in the United States District Court for the District of Nevada, Case No. CV-S-94-747-LDG (RJJ)).

2. A copy of the District Court's Order and Judgment are attached as Exhibits 1 and 2. The Judgment provides as follows:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in interpleader Bank of America National Trust & Savings Association and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and

C00477

defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust & Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

3. This request for payment has been coordinated with Mark Melnick, Esq., U.S. Department of Justice, Commercial Litigation Branch, Civil Division, 1100 L Street, NW-8th Floor, Washington DC 20530, Mr. Melnick's telephone number is (202) 307-6288.

4. Payment by check of the settlement amount is requested . The check should be made payable to the Bank of America, N.A., and sent to the following:

Ms. Inge Ronk
Bank of America, N.A.
Suite 740
50 California Street
San Francisco, CA 94111-4607

5. A brief discussion of the background of this case follows. During 1979 and 1980, the Defense Logistics Agency awarded three contracts for miliary clothing (numbers DLA100-79-C2894, DLA 100-80-C2290, and DLA100-80-C2972) to M. Bianchi of California, a sole proprietorship of Bianchi. Shortly after the award of the contracts, Bianchi assigned the proceeds and rights associated with each contract to the Bank of America ("Bank") as security for the loans to finance Bianchi's performance of the contracts.

6. The Bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. Section 3727 (1988), 41 U.S.C. Section 15 (1988); the government acknowledged and accepted each assignment. The Bank later made Bianchi additional loans which were guaranteed by the Small Business Administration.

---

7. The DLA terminated two of the contracts for default. Bianchi defaulted on the loans, both the SBA guaranteed loans and the Bank's prior non-guaranteed loans. In 1981, Bianchi instituted a series of claims under the clothing contracts before the Armed Services Board of Contract Appeals ("ASBCA"). In 1988, the Bank and the government entered into a settlement agreement whereby the government paid Bianchi. The parties also agreed that the settlement was without prejudice to Bianchi's right to pursue a claim for Value Engineering Change Proposal ("VECP").

8. A VECP claim is a claim pursuant to a contract clause that permits the contractor to share in the savings realized by the government from a change to an existing contract proposed by the contractor and accepted by the government. The clothing contracts in this case contained such a clause. The settlement agreement was incorporated into a decision of the ASBCA.

9. On February 10, 1993, the ASBCA awarded Bianchi $58,613.03 on his VECP claim plus interest on amounts due him from 17 November 1997 until paid. A copy of this award is attached as Exhibit 3. This award is the subject of the lawsuit which resulted in the decision of the United States District Court for the District of Nevada that the Bank is entitled to the VECP award based on Bianchi's perfected assignment of his contract rights to the Bank.

10. The parties litigated other issues concerning payments erroneously made by the government to Bianchi and not to the Bank. See _Bank of America Nat'l Trust & Sv. Ass'n v. United States_, 23 F.3d 380 (Fed. Cir. 1994.). The Court of Appeals held, *inter alia*, that the Government was obligated to pay the same settlement amount to the Bank on the ground that the government's payment to Bianchi in settlement of the contract dispute was a payment under the contract that should have gone to the Bank under its assignment rights.

11. Meanwhile, Bianchi requested payment of the $58,613.03 VECP award. The government refused. Bianchi initiated the action in the United States District Court for the District of Nevada by filing a complaint in the nature of a writ of mandamus for an order to compel the United States to pay the VECP award. The government filed an answer and

a counterclaim for interpleader thus bringing the Bank into the action for a determination of which party was entitled to the $58,613.03.

12. The District Court granted summary judgment for the Bank and ordered the Government to pay the VECP award to the Bank and not Bianchi. The District Court held that Bianchi was collaterally estopped from contesting the validity of its assignment to the Bank because that issue had been litigated in Bank of America, Id. The Court also held that the assignment was valid under the Assignment of Claims Act. Consistent with the ASBCA decision, the District Court ordered interest to run from November 17, 1987. See Exhibit 3.

13. The Ninth Circuit Court of Appeals affirmed the District Court judgment. 163 F.3d 564 (9th Cir. 1998). Bianchi's Petition For a Writ of Certiorari to the United States Supreme Court was denied on October 4, 1999. See Exhibit 4, letter, Office of the Clerk, Supreme Court of the United States, dated October 4, 1999.

14. Accordingly, Bank of America, N.A., respectfully requests payment of the $58,613.03 plus interest from November 17, 1987, as ordered by the United States District Court for the District of Nevada. Please contact me if your have any questions or if you need any additional documents.

Sincerely yours,

JONES VARGAS

Dennis L. Olson

Dennis L. Olson, Esq.

DLO/kam
Enclosures
cc: Inge Ronk
Debbie Young, Esq.
Mark Melnick, Esq.

H:\USERS\DLO\Bank of America\BIANCHI\JUDGMENT FUND GROUP 10-28-99.wpd

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

---

Case No. CV-S-94-747-LDG (RJJ)

**ORDER**

ENTERED AND SERVED
SEP 17 1996
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ____ DEPUTY

Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) sues Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States

AO 72
(Rev 8/82)

General Accounting Office (the Government), seeking to require the Government to pay him $58,613.03, plus interest, that the Armed Services Board of Contract Appeals (the Board) awarded to him. In its answer, the Government brings a counterclaim asserting that it is entitled to set-off certain Small Business Administration (SBA) loans upon which Bianchi defaulted. The Government further interplead Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association (the Bank), asserting that assignments Bianchi made to the Bank require the Government to pay the award to the Bank.

Presently, the following motions and papers are before the court for determination. The Bank moves for summary judgment (#19) against the Government. Bianchi opposes granting summary judgment in favor of the Bank and against the Government (#23), to which the Bank replied (#27).

Bianchi moves for summary judgment (#20) against the Government. The Bank opposes granting of summary judgment in favor of Bianchi and against the Government (#24), to which Bianchi replied (#35).

Bianchi also cross-moves for summary judgment against the Bank (#23). The Bank opposed (#27), and Bianchi replied (#35).

Finally, the Government filed its response to the above motions (#36), adopting the position of the Bank. In the alternative, the Government asserts that if the Bank is not entitled to the proceeds of the award, then the Government is entitled to offset the award with defaulted SBA loans. Bianchi filed its reply to the Government's response (#39).

Motions for Summary Judgment

In considering motions for summary judgment, the court performs "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To succeed on a motion for summary judgment, the moving party

must show (1) the lack of a genuine issue of any material fact, and (2) that the court may grant judgment as a matter of law. Fed. R. Civ. Pro. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A material fact is one required to prove a basic element of a claim. *Anderson*, 477 U.S. at 248. The failure to show a fact essential to one element, however, "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. As such, when the non-moving party bears the initial burden of proving, at trial, the claim or defense that the motion for summary judgment places in issue, the moving party can meet its initial burden on summary judgment "by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Conversely, when the burden of proof at trial rests on the party moving for summary judgment, then in moving for summary judgment the party must establish each element of its case.

Once the moving party meets its initial burden on summary judgment, the non-moving party must submit facts showing a genuine issue of material fact. Fed. R. Civ. Pro. 56(e). As summary judgment allows a court "to isolate and dispose of factually unsupported claims or defenses," *Celotex*, 477 U.S. at 323-24, the court construes the evidence before it "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157

(1970). The allegations or denials of a pleading, however, will not defeat a well-founded motion. Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

The following facts are not disputed and are relevant to disposition of this matter.[1] In 1979 and 1980, the Government awarded Bianchi three contracts to produce clothing for the military, including the contract underlying this suit. Bianchi borrowed money from the Bank to perform these contracts, and assigned the proceeds of these contracts to the Bank as security for the loans. The Bank properly notified the contracting and disbursing officers of these assignments. Subsequently, two of the contracts were terminated for Bianchi's default, and Bianchi defaulted on his loans to the Bank.

Bianchi then began a series of claims, including a Value Engineering Change Proposal (VECP)[2] claim Bianchi had made concerning one of the contracts. In 1988, the parties stipulated and the Board entered this stipulation as a decision, settling Bianchi's claims arising from the contracts. The settlement, however, was without prejudice to Bianchi's right to pursue his VECP claims.[3] Bianchi pursued his VECP claims, and the Board ultimately awarded him $58,613.03. The parties do not dispute that this amount represents proceeds of the underlying government contract. The Government is currently holding this amount, to which both Bianchi and the Bank claim entitlement.

---

[1] A more complete recitation of facts underlying this suit is set forth in *Bank of America National Trust and Savings Assoc. v. United States*, 23 F.3d 380, 381-382 (Fed. Cir. 1994).

[2] A VECP permits a government contractor to share in the Government's savings caused by a contractor-proposed, and Government-accepted, change to an existing contract specification.

[3] The settlement was also without prejudice to Bianchi's right to pursue an application under the Equal Access to Justice Act to recover legal fees and expenses. The EAJA claim, however, is not at issue in this litigation.

The only issue that the Bank and Bianchi dispute is whether Bianchi's assignment of the proceeds of the contracts was valid. The court now finds that the Bank met its burden of showing that the assignments were valid. Further, as Bianchi failed to meet his burden of offering any evidence to the contrary, summary judgment is appropriate in favor of the Bank.

Initially, the court notes that Bianchi is collaterally estopped from arguing that the assignments were not valid. Under the doctrine of collateral estoppel a party is precluded from re-litigating, in a subsequent action an issue previously adjudicated in a prior action. Collateral estoppel requires that the issue at stake is identical to the one alleged in the prior litigation; that the issue was actually litigated in the prior litigation; and the determination of the issue in the prior litigation was a critical and necessary part of the judgment in the earlier action. *Town of North Bonneville v. Callaway*, 10 F.3d 1505, 1508 (9th Cir. 1993). In addition, application of collateral estoppel is appropriate only if legal principles have not changed significantly since the prior litigation and other special circumstances do not warrant an exception to the normal rules of preclusion. *Montana v. United States*, 440 U.S. 147, 155 (1979).

As recited by the United States Court of Federal Claims, Bianchi alleged that his assignments to the Bank were not valid. Exhibit B to Government's Response, p. 3. The court decided this issue adversely to Bianchi, finding that he had failed to offer any facts showing that there was a genuine issue for trial. *Id.* The ruling was not disturbed on appeal. Rather, the Federal Circuit held that the Bank was an assignee under the Assignment of Claims Act, and had not transferred its rights under the original loan when it transferred its rights under the SBA loans to the Government. *Bank of America*, 28 F.3d at 384.

Second, the dispute before the court is whether the Government must pay the VECP award to Bianchi or to the Bank pursuant to the assignment. As such, this court must determine only if the assignments meet the requirements of 41 U.S.C. § 15(b), requiring the Government to pay the proceeds to the Bank. To be valid, an assignment of the proceeds of a





AO 72
(Rev 8/82)

government contract must be to a bank, trust company, or other financial institution; the assignment must be for all amounts payable; and written notice of the assignment, together with a true copy of the instrument of assignment, has been provided to the contracting officer, the sureties upon the bonds connected to the contract, and the disbursing officer. If these elements are satisfied, then "[n]otwithstanding any law to the contrary governing the validity of assignments, any assignment pursuant to this section shall constitute a valid assignment for all purposes." 41 U.S.C. § 15(c).

Bianchi has not offered any facts or argument suggesting that his assignments do not meet the requirements of 41 U.S.C. §15(b). Rather, as found by the Federal Circuit, "Bianchi assigned the proceeds and rights associated with each contract to the bank as security for loans to finance Bianchi's performance of the contracts. The bank notified the appropriate contracting and disbursing officers in accordance with the Assignment of Claims Act, 31 U.S.C. § 3727 (1988), 41 U.S.C. § 15 (1988)." As the assignments were valid, summary judgment is appropriate in favor of the Bank and the court need not determine whether the Government is entitled to set-off its SBA claims. The Government must honor the assignment and pay the proceeds of the VECP award to the Bank.

Therefore,

IT IS **ORDERED** that the Bank's motion for summary judgment (#19) is GRANTED;

IT IS FURTHER **ORDERED** that Bianchi's motion for summary judgment (#20) is DENIED;

IT IS FURTHER **ORDERED** that Bianchi's cross-motion for summary judgment (#23) is DENIED.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge



000436

000437

AO 72
(Rev 8/82)

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SEP 16 10 05 AM '96

BY ______

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Plaintiff,

v.

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Defendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

MAURICE BIANCHI fdba as M. BIANCHI OF CALIFORNIA,

Counterdefendant.

---

CHARLES BOUSHER, Comptroller General of the United States General Accounting Office,

Counterclaimant,

v.

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION,

Counterdefendant/Claimant in Interpleader.

Case No. CV-S-94-747-LDG (RJJ)

JUDGMENT

ENTERED AND SERVED
SEP 11 1996
CLERK, U.S. DISTRICT COURT
DISTRICT OF NEVADA
BY ______ DEPUTY

Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings



AO 72
(Rev 8/82)

Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of $58,613.03, plus interest due from November 17, 1987.

DATED this 16 day of September, 1996.

Lloyd D. George
Chief United States District Judge

ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| M. Bianchi of California | ) | ASBCA No. 36518 |
| | ) | |
| Under Contract No. DLA100-80-C-2972 | ) | |

APPEARANCE(S) FOR THE APPELLANT: Michael A. Hordell, Esq.
Laurel A. Heneghan, Esq.
Petrillo & Hordell
Washington, DC

APPEARANCE(S) FOR THE GOVERNMENT: Thomas Hornak, Esq.
Chief Trial Attorney
Stephanie L. Zimmt-Mack, Esq.
Patricia A. Papas, Esq.
Trial Attorneys
Defense Personnel Support Center (DLA)
Philadelphia, PA

OPINION BY ADMINISTRATIVE JUDGE BURG

The Government accepted a Value Engineering Change Proposal (VECP) submitted by appellant during performance of this contract. The parties were unable to agree either as to the per unit amount which was saved because of the VECP or the number of units to which the savings applied. When the contracting officer failed to issue a decision, appellant filed this appeal pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §605(c)(3). Appellant seeks $2,175,307.56 as instant, concurrent and future contract savings and $3,997,660.80 as collateral savings, for a total of $6,173,468.36.

FINDINGS OF FACT

1. Various findings of fact pertaining to this contract were the subject of a prior opinion of this Board on the motion for partial summary judgment filed in this appeal dated 2 March 1990 (unpublished) and in our opinion in ASBCA Nos. 37029 and 37071, 92-_ BCA ¶ ______, (decided 31 July 1992) and, to the extent to which we consider them relevant, they are adopted herein.

The Contract

2. On 23 June 1980, the Defense Personnel Support Center (DPSC) of Philadelphia, Pennsylvania, Defense Logistics Agency (DLA), awarded appellant Contract No. DLA100-80-C-2972 for the manufacture of 125,240 Man's Black All Weather Coat with removable lining at a unit price of $31.92 and a total contract price of $3,997,366.40. The coat was to be manufactured in accordance with Limited Purchase Description 12-77A (DES 12-77A), dated

clause, concurrent contract savings are the negotiated savings to the concurrent contractor and future contract savings are, with certain exceptions, based upon the instant contract savings, we conclude that the prohibition of profit pertains to all savings permitted under the clause.

Instant Contract Savings

Considering all of the above, after eliminating those items in appellant's calculation which we have determined should not be included, we conclude that, based upon this record, the instant contract savings resulting for VECP 8680 was $0.14 (14¢) per unit. Contractor assigned savings, 50 percent of this amount, would be $0.07 (7¢) per unit. Multiplying $0.07 by the 837,329 units we have concluded was a reasonable number (F/F 38), we conclude appellant is entitled to the following as contract savings for instant, concurrent and future contracts:

$0.07 x 837,329 = $58,613.03

Collateral Savings

The Value Engineering Incentive clause included in this contract, J09 (F/F 3), did not contain the provision for collateral savings resulting from acceptance of a value engineering change proposal. ASPR 1-1703.2 (1 July 1976) permits such exclusion when the head of the procuring activity determines that the cost of computing and tracking collateral savings would exceed the benefits derived from the change (F/F 44). Appellant argues that the record fails to contain the requisite documentation for this determination so collateral savings should be awarded. By the same token, appellant failed to submit the requisite prediction of any collateral savings as required by J09 paragraph (b)(iv), the Value Engineering Incentive clause in the contract (F/F 3). We conclude that the unrebutted testimony that the DPSC Manual instructing that the collateral savings clause not be included because of a determination by the agency head is sufficient for purposes of this record.

Appellant is not entitled to recover collateral savings which it seeks ($3,997,660.80).

Interest

Appellant seeks interest from six months after approval of VECP 8680 since J09(f) requires payment of concurrent and future savings within six months of modification of concurrent or future contracts. That paragraph makes no provision for interest. It is well established that payment by the Government of interest is only permitted by contract, statute or regulation. Here there is no such provision. Interest is payable pursuant to the Contract Disputes Act from the date of receipt of the claim until paid. While the parties agree that that date was 16 November 1987, the facts indicate the claim was not received until 17 November 1987. Appellant is entitled to interest on any amount due from 17 November 1987 at the applicable rates.

Summary

The parties submitted well written and extensive briefs. We have considered all of the arguments which they included but, in order to not prolong an already lengthy opinion, we have not addressed them all directly. Those we have not discussed will not change the results we have reached. Because of the conclusions we have reached, we need not consider appellant's Motion to Strike Government Exhibits 28-38.

We have concluded that appellant's definition of its VECP was far broader and more extensive than the VECP 8680 which it submitted and which was approved. We have further concluded that under the record of this appeal recovery is limited to the all-weather coats which incorporated VECP 8680.

Since this appeal concerns determination of quantum, we have discussed the various elements which appellant included in calculating its claim and have concluded that the per unit savings were $0.14 per unit of which appellant is entitled to receive $0.07. Applying this to the number of units, we have concluded that appellant's share of savings is $58,613.03. Interest on amounts due appellant should be computed from 17 November 1987.

The appeal is sustained in the amount of $58,613.03 plus interest on amounts due appellant from 17 November 1987 and denied as to the rest.

Dated: 10 February 1993

RUTH C. BURG
Administrative Judge
Member of the Armed Services
Board of Contract Appeals

I concur

V. JOHN RIISMANDEL
Administrative Judge
Acting Chairman, Armed Services
Board of Contract Appeals

I concur

WILLIAM J. RUBERRY
Administrative Judge
Vice Chairman, Armed Services
Board of Contract Appeals

File

SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D. C. 20543

October 4, 1999

Mr. Gary R. Goodheart
3773 Howard Hughes Parkway
Third Floor South
Las Vegas, NV 89101

Re: Maurice Bianchi, fdba M. Bianchi of California v. David M. Walker, Comptroller General of the United States, et al.
No. 98-1860

Dear Mr. Goodheart:

The Court today entered the following order in the above entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

William K. Suter

William K. Suter, Clerk

000492



Received 10/7/99
JV GRG

Briefs and Other Related Documents

United States Court of Appeals,
Ninth Circuit.

**Maurice BIANCHI, f/d/b/a M. Bianchi of California, Plaintiff-counter-defendant-Appellant,**

**v.**

**David M. WALKER, [FN1] Comptroller General of the United States General Accounting Office, Defendant-counter-claimant-Appellee,**

FN1. David M. Walker is substituted for Charles Bousher, former Comptroller General of the United States General Accounting Office, pursuant to Fed. R.App. P. 43(c)(1).

**v.**

**Bank of America National Trust & Savings Association, Counter-defendant/claimant in Interpleader-Appellee.**

**No. 97-17024.**

Argued and Submitted Nov. 5, 1998.
Decided Dec. 11, 1998.

Government contractor filed complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA). Government filed counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. The United States District Court for the District of Nevada, Lloyd D. George, J., entered summary judgment for bank on its claim in interpleader. Contractor appealed. The Court of Appeals, Alarcon, Circuit Judge, held that: (1) district court lacked jurisdiction over contractor's complaint for writ of mandamus, but it did have jurisdiction over government's counterclaim for interpleader; (2) Court of Appeals had jurisdiction over appeal of district court's grant of summary judgment to bank on its claim in interpleader; and (3) prior Ninth Circuit and Federal Circuit opinions were not res judicata as to bank's claim to money owed to contractor under value engineering change proposal (VECP) provisions of his contracts with federal government.

Affirmed.

See also: 23 F.3d 380, 140 F.3d 1294.

West Headnotes

**[1] Federal Courts ⚷973**
170Bk973

In context of government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), district court had jurisdiction over government's counterclaim for interpleader, requesting determination as to whether bank, as contractor's assignee, should be awarded amount owed to contractor. 28 U.S.C.A. § 1345; Fed.Rules Civ.Proc.Rule 22, 28 U.S.C.A.

**[2] Federal Courts ⚷1139**
170Bk1139

District court lacked subject matter jurisdiction over government contractor's complaint for writ of mandamus, seeking order to compel United States to pay amount awarded to him by Armed Services Board of Contract Appeals (ASBCA), since contractor sought damages totalling more than $10,000 based on settlement agreement, such that complaint for writ of mandamus should have been filed instead in the Court of Federal Claims. 28 U.S.C.A. §§ 1346(a)(2), 1491(a)(1).

**[3] Federal Courts ⚷776**
170Bk776

Appellate review of district court's order granting or denying summary judgment is de novo. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[4] Federal Courts ⚷759.1**
170Bk759.1

On appeal of summary judgment order, Court of Appeals may affirm judgment of district court on any basis established by the record.

**[5] Federal Courts ⚷542**
170Bk542

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works. 000193

Though district court lacked subject matter jurisdiction over government contractor's mandamus complaint, seeking to compel United States to pay amounts awarded by Armed Services Board of Contract Appeals (ASBCA), Court of Appeals nonetheless had jurisdiction over appeal of district court's grant of summary judgment to bank on its interpleader claim, since trial court had jurisdiction to consider merits of bank's claim that, as contractor's assignee, it was entitled to the amount owing to contractor, and court's decision that bank was entitled to proceeds of ASBCA award disposed of the only issues that were properly before it. 28 U.S.C.A. § 1346(a)(2).

**[6] Judgment ⚷735**
228k735

Assignee-bank's claim to money owed to government contractor under value engineering change proposal (VECP) provisions of his contracts with federal government was not barred by prior appellate decision regarding parties' rights in monies awarded to contractor in his appeals before the Armed Services Board of Contract Appeals (ASBCA), since prior appellate decision did not reach question whether government was liable to pay amounts sought on VECP claims.

**[7] Federal Courts ⚷766**
170Bk766

**[7] Federal Courts ⚷802**
170Bk802

On appeal of order granting summary judgment, Court of Appeals must determine, viewing evidence in light most favorable to nonmoving party, whether there are any genuine issues of material fact and whether district court correctly applied relevant substantive law. Fed.Rules Civ.Proc.Rule 56, 28 U.S.C.A.

**[8] Judgment ⚷707**
228k707

Prior appellate decision, issued in connection with government contractor's action to collect fees and expenses he was awarded under Equal Access to Justice Act (EAJA) in accordance with settlement agreement with government, was not res judicata on question whether bank, as contractor's assignee, was entitled to recover amount owing on certain claim under government contract pursuant to assignment agreement, since bank was not party or privy to prior EAJA action; bank and government were not in privity, but were adverse parties. 28 U.S.C.A. § 2412 .

**[9] Judgment ⚷540**
228k540

Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim.

***566** Gerson B. Kramer, Braude & Margulies, Washington, DC; Scott Michael Cantor and George E. Graziadei (on the briefs), Graziadei & Cantor, Ltd., Las Vegas, Nevada, for the plaintiff-counter-defendant-appellant.

Mark A. Melnick, Assistant Director and David M. Cohen, Director (on the briefs), United States Department of Justice, Washington, DC, for the defendant-counter-claimant-appellee.

Dennis L. Olson and Diana L. Sullivan (on the briefs), Jones Vargas, Las Vegas, Nevada, for the counter-defendant-claimant-appellee.

Appeal from the United States District Court for the District of Nevada; Lloyd D. George, District Judge, Presiding. D.C. No. CV-94-00747-LDG.

Before: ALARCON, O'SCANNLAIN and FERNANDEZ, Circuit Judges.

ALARCON, Circuit Judge:

Maurice Bianchi, formerly doing business as M. Bianchi of California, ("Bianchi") appeals from the order granting summary judgment in favor of Bank of America ("Bank"), and the denial of his motions for summary judgment against the Bank and Charles Bousher, Comptroller General of the United States of America, the United States of America, and the United States General Accounting Office ("Government") and his motion for a new trial or, in the alternative, to alter and amend findings of facts and conclusions of law, and to amend the judgment. Bianchi contends that the district court erred in ruling that the Bank was entitled to recover the money owed to Bianchi by the Government based on the assignment agreement between the Bank and Bianchi. We affirm because we conclude that Bianchi was barred by the collateral estoppel doctrine from contending that the assignment agreement was not valid.



Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

I

A recitation of the factual and procedural background of this case is essential to understanding the issue before this court. This dispute arose out of the contracts between Bianchi and the Government. Prior to the filing of this action, this same dispute spawned three separate actions, two in the federal courts and one in a California state court. In 1979 and 1980, Bianchi was awarded three contracts by the Defense Personnel Support Center to produce clothing for the military. These contracts were assigned to the Bank by Bianchi as collateral for money loaned to Bianchi. The Bank properly notified the Government of this assignment under the Assignment of Claims Act. During 1980, the Bank loaned Bianchi additional money on these contracts which was guaranteed by the Small Business Administration ("SBA").

A dispute arose regarding Bianchi's performance of certain of these contracts. Bianchi filed appeals before the Armed Services Board of Contract Appeals ("ASBCA") in ASBCA case numbers 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934 ("the ASBCA claims"). These appeals did *not* include Bianchi's Value Engineering Change Proposal ("VECP") claims.

On September 27, 1988, the Government and Bianchi entered into an agreement to settle the ASBCA claims. The settlement provided for a monetary award to Bianchi of $617,500 plus interest for a total of $1,141,330.83. The settlement contract expressly reserved Bianchi's right to pursue his VECP claims, and to apply for an award of Bianchi's legal fees and expenses under the Equal ***567** Access to Justice Act. [FN2]

FN2. The settlement agreement provides:
1. The parties agree that Mr. Maurice Bianchi, as the successor to M. Bianchi of California is entitled to recover $617,500.00 on his claims in the following appeals: ASBCA Nos. 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934; that Mr. Bianchi is entitled to interest ... at the rates prescribed by the Secretary of the Treasury ... and that the parties waive their rights to seek reconsideration of this stipulated decision of the Board or to appeal that stipulated decision;
2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with DPSC; and
3. This settlement is without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act to recover whatever legal fees and litigation expenses to which he may be entitled in connection with these claims and appeals ...
It is the Board's decision pursuant to 41 U.S.C. § 607(d), § 612(b), and the parties' stipulation and agreement, that the appeals are sustained. In the nature of a consent judgment the Board makes a monetary award in the amount of $617,500 with interest from 18 June 1981.

The settlement agreement was integrated in the decision of the ASBCA. The Government paid Bianchi $1,141,220.83 to settle each of the claims identified in the settlement agreement. This amount did not include any payment to satisfy Bianchi's VECP claims.

On November 21, 1990, the Bank filed an action in the United States Court of Federal Claims against the Government in which it alleged that under its assignment agreement with Bianchi, it was entitled to be paid the amount of $1,141,220.83 awarded to Bianchi by the ASBCA. *See Bank of America Nat'l. Trust and Sav. Ass'n. v. United States,* 23 F.3d 380, 382 (Fed.Cir.1994) ( *"Bank of America"*). In its answer, the Government denied liability to the Bank based on its contention that the SBA had a superior security interest in the proceeds of the ASBCA claims. The Government also filed a third-party claim against Bianchi to recover the $1,141,220.83 it had paid to him. *See id.*

The United States Court of Federal Claims granted the Government's motion for a summary judgment. It held that the SBA had a superior security interest in money owing to Bianchi to that asserted by the Bank. The Court of Federal Claims also ordered Bianchi to return the $1,141,220.83 to the Government. *See Bank of America,* 23 F.3d at 382.

The Federal Circuit reversed the judgment of the Court of Federal Claims. It held that the Bank was entitled to be paid the amount awarded by the ASBCA pursuant to its rights under the assignment. The Federal Circuit also determined that Bianchi was entitled to retain the money paid to him by the Government under the terms of the settlement agreement. The court further held that the SBA's

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

security interests in the ASBCA claims were subordinate to the Bank's rights under the assignment. *Id.* at 384. In addition, the Federal Circuit decided that the Government could not set off Bianchi's debt to the SBA because Bianchi's right to receive the total amount awarded to him pursuant to the settlement agreement was independent of any liability to the SBA. *Id.* at 385.

Bianchi initiated this action by filing a complaint in the nature of a writ of mandamus for an order to compel the United States to pay the amount awarded to him by the ASBCA. The ASBCA determined that the Government was liable to Bianchi in the amount of $58,613.03 under a VECP provision of an express contract. The Government refused to make payment.

The Government filed an answer and a counterclaim for interpleader. In its counterclaim, the Government requested that the district court determine whether the Bank should be awarded the amount owed to Bianchi on the VECP claim pursuant to the assignment agreement between the Bank and Bianchi. The Government requested that if the court determined that the Bank was entitled to the amount due under the ASBCA decision, the Government should be discharged from any liability to Bianchi. The Government further requested that, if the district court concluded that the Bank was not entitled to the amounts due under the ASBCA decision, the court should offset the amount Bianchi owes to the SBA from the ***568** $58,613.03 sought by Bianchi in his complaint for a writ of mandamus.

In its claim, the Bank asserted that "the Bank's claim to the interpleader stake is prior to any other claim and that the Bank is entitled to all funds at issue held by the Government." In his answer to the Bank's claim in interpleader, Bianchi asserted that the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America* "speaks for itself" regarding the Bank's claim that under the assignment agreement it was entitled to the amount owing to Bianchi.

The Bank moved for summary judgment. It argued that it was entitled to the money held by the Government because, under the doctrine of collateral estoppel, Bianchi was precluded from relitigating the question whether the assignments were valid.

Bianchi filed a motion for summary judgment against the Government. He asserted that he was entitled to the $58,613.03 because the Government had agreed to pay the VECP claim as part of a stipulated agreement that was integrated into the decision of the ASBCA. Bianchi also requested summary judgment on the Government's claim that it was entitled to an offset.

Bianchi also filed a cross-motion for a summary judgment against the Bank. In the court below, Bianchi argued that he was entitled to summary judgment on the Bank's claim in interpleader because the Bank breached the terms of the assignment agreement. However, subsequent to the denial of his motion for summary judgment and prior to his motion for a new trial, the California Court of Appeals found that the Bank had not breached the assignment agreement. *See Bianchi v. Bank of America Nat'l. Trust and Savings Ass'n.*, G014893 (Cal.Ct.App.1997) (unpublished). Bianchi now asserts that he is entitled to recovery on two different grounds: (1) the Federal Circuit's decision in *Bank of America* establishes that he is entitled to recover on the settlement agreement regardless of whether the Government remains liable to the Bank; and (2) the Bank's recovery in *Bank of America* was in full settlement of the assignment agreement and, therefore, the assignment was discharged. Bianchi no longer contends that the Bank breached the assignment agreement.

The district court granted the Bank's motion for a summary judgment. It also denied Bianchi's motion for summary judgment against the Government and his cross-motion for a summary judgment against the Bank.

In explaining its decision, the district court reasoned that the Bank was entitled to summary judgment because "Bianchi is collaterally estopped from arguing that the assignments were not valid." The court stated that precise issue had been resolved against Bianchi in *Bank of America*, 23 F.3d at 384.

The district court's judgment reads as follows:

> Pursuant to this Court's Order, JUDGMENT is entered in favor of Counterdefendant/Claimant in Interpleader Bank of America National Trust and Savings Association, and against Plaintiff Maurice Bianchi fdba as M. Bianchi of California (Bianchi) and Defendant/Counterclaimant Charles Bousher, Comptroller General of the United States General Accounting Office. Defendant/Counterclaimant Charles Bousher shall pay to the Bank of America National Trust and Savings Association the amount of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

$58,613.03, plus interest due from November 17, 1987.

The court's judgment is silent regarding Bianchi's complaint for a writ of mandamus.

Bianchi filed a motion for a new trial or, in the alternative, to alter and amend findings of fact, conclusions of law, and to amend judgment. The district court denied these motions and this timely appeal followed. This motion makes no reference to Bianchi's complaint for a writ of mandamus.

II

Before discussing the merits of this appeal, we have a duty to determine *sua sponte* whether the district court entered a final decision in this matter. The parties have represented that we have jurisdiction pursuant to 28 U.S.C. § 1291. None of the parties have argued before this court that the district court's judgment did not encompass a ***569** disposition of Bianchi's complaint for a writ of mandamus.

[1] The district court had jurisdiction over the Government's counterclaim for interpleader in this matter pursuant to 28 U.S.C. § 1345 and Rule 22 of the Federal Rules of Civil Procedure. A person who is subject to claims from more than one claimant may require them to interplead their claims to avoid multiple liability. Fed.R.Civ.P. 22. A defendant exposed to liability from more than one claimant may obtain interpleader relief by filing a counterclaim. *Id.*

[2] The question we must address is whether this order was final as to Bianchi's claim for a writ of mandamus. There is no express indication in the record of the district court's disposition of the petition for a writ of mandamus.

[3][4] Our review of a district court's order granting or denying summary judgment is *de novo*. *See Margolis v. Ryan*, 140 F.3d 850, 852 (9th Cir.1998). "We may affirm the judgment of a district court on any basis established by the record." *DELTA v. Humane Soc. of U.S., Inc.*, 50 F.3d 710, 712 (9th Cir.1995).

The record shows that the district court lacked subject matter jurisdiction over Bianchi's complaint for a writ of mandamus. A district court has jurisdiction over an action filed against the United States arising out of a contract dispute where the amount in dispute does not exceed $10,000. 28 U.S.C. § 1346(a)(2). The United States Court of Federal Claims has jurisdiction over any claim against the United States concerning an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1). Because Bianchi seeks damages totalling more than $10,000 based on the settlement agreement, the complaint for a writ of mandamus should have been filed in the Court of Federal Claims. *See id.*

[5] We conclude that we have jurisdiction over this appeal. The district court had subject matter jurisdiction to consider the merits of the Bank's claim that it was entitled to the amount owing to Bianchi under the assignment. It lacked subject matter jurisdiction to consider a claim, however disguised, that the Government owed Bianchi in excess of $10,000 based on the VECP provisions of the contract. The district court's decision that the Bank was entitled to the proceeds of the VECP award disposed of the only issues that were properly before it.

III

[6][7] Bianchi contends that the Bank's claim to the money owed to Bianchi under the VECP provisions of his contracts with the Government as Bianchi's assignee is barred by the decision of the United States Court of Appeals for the Federal Circuit in *Bank of America*. A grant of summary judgment is reviewed *de novo*. *See Margolis*, 140 F.3d at 852. Our review is governed by the same standard used by the trial court under Federal Rules of Civil Procedure 56(c). *See Ghotra v. Bandila Shipping, Inc.*, 113 F.3d 1050, 1054 (9th Cir.1997), *cert. denied*, --- U.S. ----, 118 S.Ct. 1034, 140 L.Ed.2d 101 (1998); *Parker v. United States*, 110 F.3d 678, 681 (9th Cir.1997). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Margolis*, 140 F.3d at 852; *see also Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir.1997).

Bianchi's contention that the Government was required to pay the money due on the VECP claims was not presented to the Court of Federal Claims or the Federal Circuit in *Bank of America*. Therefore, Bianchi's reliance on the doctrine of res judicata is misplaced.

The Federal Circuit's decision was limited to an

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

analysis of Bianchi's right to retain the amount the Government agreed to pay to settle the pending ASBCA claims pursuant to the first paragraph of the settlement agreement. It did not determine whether the Government was required to pay Bianchi any amount he might recover under the reservation-of-rights provisions of the second paragraph of the settlement agreement, notwithstanding the Bank's rights under its assignment ***570** agreement with Bianchi. The question whether the Government is liable to pay Bianchi the $58,613.03 Bianchi seeks to recover under its VECP claims has not been presented in the United States Court of Federal Claims in an action against the Government as required pursuant to 28 U.S.C. § 1491(a)(1), nor has this issue been reviewed by the Federal Circuit.

IV

[8][9] Bianchi also maintains that this court's decision in *Bianchi v. Perry*, 140 F.3d 1294 (9th Cir.1998) is res judicata on the question whether the Bank is entitled to recover the amount owing on the VECP claim pursuant to the assignment agreement. This contention lacks merit. *Bianchi v. Perry* cannot serve as a bar to the Bank's claim because it was not a party or privy to that action. [FN3] Res judicata only applies to persons who were parties or their privies in a prior action involving the same claim. *See In Re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997). The Bank and the Government are not in privity, they are adverse parties. Accordingly, neither *Bank of America* nor *Bianchi v. Perry* bars the Bank's rights under the assignment agreement.

FN3. We note also that *Bianchi v. Perry* did not involve the claim presented in this matter. The issue presented in *Bianchi v. Perry* was whether the Government was entitled to set off the debt owed to the United States against Bianchi's right to statutory fees and expenses under the EAJA. *Id.* at 1299.

V

Bianchi also asserts that the district court erred in denying his motion for a new trial, or in the alternative, his motion to alter or amend the district court's findings of fact and conclusions of law. The district court did not err in denying Binachi's motion because his contentions are without merit.

Bianchi claims that the district court was not aware of the prior judgment in the Bank of America case in which the Government was held liable to the Bank for a certain sum. Bianchi claims that this payment discharged the assignment and any further recovery by the Bank would put it in a position to receive double recovery.

Bianchi's arguments are without merit. The Bank's award in *Bank of America* was based on Bianchi's compromise of certain contract claims in the settlement agreement. As stated above, the VECP provision was not included in this compromise. Therefore, just as Bianchi's rights to pursue this award were not foreclosed, neither were the Bank's rights as assignee of the underlying contract.

VI

We conclude that the district court was not precluded from determining that the Bank was entitled, as Bianchi's assignee, to be awarded the amount owed by the Government on the VECP contracts. The claim presented in this matter was not presented to the Federal Circuit in *Bank of America*. This court's decision in *Bianchi v. Perry* is not res judicata regarding the Bank's right to recover on its assignment because the Bank was not a party to the action, nor in privity with the litigants, and the rights of the Bank, under the assignment agreement were not reviewed in that matter.

Bianchi's claim against the Government is based on his express contracts with the Government. The amount in controversy concerning that dispute exceeds $10,000. Accordingly, the district court lacked subject matter jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) to determine whether the Government is liable to pay Bianchi $58,613.03. Only the Court of Federal Claims can resolve that dispute.

AFFIRMED.

163 F.3d 564, 98 Cal. Daily Op. Serv. 9019, 98 Daily Journal D.A.R. 12,635

Briefs and Other Related Documents (Back to top)

. 1998 WL 34104778T2 (Appellate Brief) Appellant's Reply to Briefs of Bank of America and Charles Bousher (Apr. 22, 1998)Original Image of this Document (PDF)

. 1998 WL 34104783T2 (Appellate Brief) Brief for Defendant/Counter-Claimant/Appellee Charles

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Bousher (Mar. 04, 1998)Original Image of this Document with Appendix (PDF)

. 1998 WL 34104772T2 (Appellate Brief) Appellant's Reply Brief to Brief of Bank of America (Mar. 02, 1998)Original Image of this Document (PDF)

. 1998 WL 34104765T2 (Appellate Brief) Brief of Appellee Bank of America National Trust & Savings Association (Feb. 19, 1998)Original Image of this Document (PDF)

. 1998 WL 34104771T2 (Appellate Brief) Appellant's Opening Brief (Jan. 07, 1998)Original Image of this Document (PDF)

. 97-17024 (Docket) (Oct. 24, 1997)

END OF DOCUMENT



Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.