**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MAURICE L. BIANCHI<br>fdba M. BIANCHI | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 04-440C<br>(Judge Horn) |
| THE UNITED STATES, | ) | Electronically Filed December 8, 2004 |
| Defendant. | ) | |

**JOINT STIPULATIONS OF FACT**

Pursuant to the Court's November 17, 2004 Order, the parties provide the following Joint Stipulations of Fact. Also pursuant to the Court's Order, the parties provide separate statements of fact. The parties state:

1. In 1979 and 1980, Maurice Bianchi, formerly doing business as M. Bianchi of California, was awarded three contracts by the Defense Personnel Support Center ("DPSC") to produce clothing for the military. Appendix ("App." 495)

2. Two of the three contracts were Contract No. DLA100-80-C-2972 and Contract No. DLA100-80-C-2290. (App. 63; 469)

3. Mr. Bianchi executed an "Assignment Of Claims Under Government Contract," with respect to both Contract No. DLA100-80-C-2290 and Contract No. DLA100-80-C-2972, in favor of the Bank of America. (App. 65; 69; 200-201)

4. The Bank properly notified the Government of the assignments. (App. 62-70)

5. Mr. Bianchi filed appeals before the Armed Services Board of Contract Appeals

("ASBCA") in ASBCA case numbers 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933, and 29934 ("the ASBCA claims"). (App. 202-204)

6. On September 27, 1988, the Government and Mr. Bianchi entered into an agreement to settle the ASBCA claims, titled "Stipulation To Board Decision." (App. 202-204)

7. The settlement agreement provides:

The parties to the above-listed appeals agree to stipulate to the following decision by the Board:

"1. The parties agree that Mr. Maurice Bianchi, as the successor to M. Bianchi of California, is entitled to recover $617,500.00 on his claims in the following appeals: ASBCA Nos. 26362, 26363, 26364, 26365, 26366, 26505, 26506, 26523, 26642, 29932, 29933 and 29934; that the government is entitled to take nothing on its claims in the following appeals: ASBCA Nos. 2632, 26363, 26364, 26365, 26366, 26505, 26506, 26513, 26642, 29932, 29933 and 29934; that Mr. Bianchi is entitled to interest computed in accordance with Clauses L78 (Disputes (1979 MAR)) of the contracts, at the rates prescribed by the Secretary of the Treasury, under the Renegotiation Act, Public Law 92-41, on the principal amount of $617,500, such interest to run from June 19, 1981 until the date of payment; and that the parties waive their rights to seek reconsideration of this stipulated decision of the Board or to appeal that stipulated decision;

"2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with DPSC; and

"3. This settlement is without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act to recover whatever legal fees and litigation expenses to which he may be entitled in connection with these claims and appeals. The parties stipulate that the issues of prevailing party and substantial justification will be decided on the basis of the record made at the first trial. The parties agree that the application for legal fees and litigation expenses under the Equal Access to Justice Act will be submitted within thirty days of receipt by Appellant of the agreed-upon settlement payment."

Except as noted, above, Appellant and the government agree to stipulate to the dismissal of these appeals with prejudice. (App. 202-204)

8. On September 29, 1988, the ASBCA issued a decision that incorporated the settlement agreement and further provided:

**DECISION**

It is the Board's decision, pursuant to 41 U.S.C. § 607(d), § 612(b), and the parties' stipulation and agreement, that the appeals are sustained. In the nature of a consent judgment the Board makes a monetary award in the amount of $617,500 with interest from 18 June 1981. (App. 202-204)

9. With interest, the Government paid Mr. Bianchi $1,141,220.83 pursuant to paragraph 1 of the September 28, 1988 Stipulation To Board Decision. (App. 502)

10. On February 10, 1993, in ASBCA Case No. 36518, the ASBCA awarded Mr. Bianchi $58,613.03 plus interest from November 17, 1987, upon his VECP claim relating to Contract No. DLA100-80-C-2972. (App. 205-235)

11. On December 23, 1999, the United States paid Bank of America $58,613.03 awarded to Mr. Bianchi as Value Engineering Change Proposal ("VECP") royalties, together with interest thereon from November 17, 1987, until paid, for a total payment of $110,339.94. (App. 37; 55 ¶ 28)

12. On December 28, 2000, in ASBCA Case No. 37029, the ASBCA awarded Mr. Bianchi $16,574.74 plus interest from March 3, 1988, upon his VECP claim relating to Contract No. DLA100-80-C-2290. (App. 236-245)

13. On June 27, 2002, the United States paid Bank of America $16,574.74 awarded to Mr. Bianchi as VECP royalties, together with interest thereon from March 3, 1998,

until paid, for a total payment of $44,807.02. (App. 55 ¶ 28; 61; 236-245)

**Plaintiff, separately, states:**

1. A dispute arose regarding certain of the contracts in which Mr. Bianchi claimed entitlement to cost overruns and the Government claimed Mr. Bianchi to be in breach. That dispute was resolved at the Armed Services Board of Contract Appeals by the Stipulation To Board Decision. (App. 202-204)

2. While the ASBCA Appeals did not include any Value Engineering Change Proposal ("VECP") claims, the Stipulation to Board Decision was drafted so as to address other claims Mr. Bianchi had against the government and reserved to Mr. Bianchi his rights to pursue VECP royalty claims and Equal Access to Justice litigation fees and expenses. (App. 202-204)

3. After the United States paid Mr. Bianchi the $617,500, plus interest, ($1,141,220.83)pursuant to paragraph 1 of the Stipulation To Board Decision, Bank of America sued the United States in the United States Court of Federal Claims in Case No. 90-3961C, claiming that pursuant to the assignments given it by Mr. Bianchi, the United States should have paid the monetary settlement to it. (App. 246-251)

4. Mr. Bianchi had assigned the Bank “all the moneys now due or hereinafter to become due from the United States” pursuant to the contracts to the Bank of America as collateral for money loaned to Mr. Bianchi, "as a trust fund to be first applied to the payment of all claims of laborers, materialmen, subcontractors, and of other expenditures arising out of the performance of said contracts and until such payments have been made Assignor would not use any part of such advances for any

other purpose....." (App. 200-201)

5. The United States answered that Complaint and brought a third-party action against Mr. Bianchi. By that third-party action, the United States claimed, alternatively, that it had paid Mr. Bianchi erroneously because Mr. Bianchi was indebted to the Small Business Administration (SBA) for a sum in excess of that awarded to him, or that, if the United States was found to be liable to Bank of America pursuant to the assignments, the Government should have judgment over and against Mr. Bianchi for the amount of any such judgment in favor of the Bank. (App. 246-251)

6. The issues were litigated before the United States Court of Federal Claims. All parties brought motions for summary Judgment. Based upon those motions, Judge Hodges of the Court ruled in favor of the United States and against both Mr. Bianchi and the Bank. (App. 246-251) Accordingly, the Bank and Mr. Bianchi appealed the decision of the United States Court of Federal Claims to the United States Court of Appeals for the Federal Circuit in Bank of America National Trust and Savings Association vs. United States, 23 F.3rd 380 (1994). (App. 252-260)

7. In the case of Bank of America National Trust and Savings Association vs. United States, 23 F.3rd 380 (1994), the Federal Circuit reversed the decision of Judge Hodges. As to Mr. Bianchi's claims, the Federal Circuit ruled that the United States entered into the Stipulation To Board Decision with full knowledge of the facts, including knowledge of the assignments from Mr. Bianchi to the Bank which had been disclosed pursuant to the Assignment of Claims Act, and that the Stipulation To Board Decision was entered into at arms-length and free of any fraud, concealment or misdirection on Mr. Bianchi's part. (App. 252-260)

8. Accordingly the United States Court of Appeals for the Federal Circuit held that the United States could not avoid its obligation to Mr. Bianchi pursuant to the negotiated settlement as contained in the Stipulation To Board Decision, and was obligated to pay Mr. Bianchi pursuant to the terms of that stipulated settlement. (App. 252-260)

9. As to the Bank's appeal, the United States Court of Appeals for the Federal Circuit held that the assignments from Mr. Bianchi to the Bank were fully disclosed and that, for whatever its reason, the Government failed to protect itself and that the United States, thus, had incurred two, distinct obligations, an obligation to the Bank under the assignments while being independently obligated to Mr. Bianchi under the terms of the settlement. (App. 252-260)

10. As to Mr. Bianchi's appeal, the Court, by its decision at 23 F.3rd 380, determined that the United States had two separate and distinct obligations: one to Mr. Bianchi pursuant to the terms of the Stipulation To Board Decision and the other, to Bank of America pursuant to the disclosed assignments. (App. 252-260)

11. As a result of that appeal, Mr. Bianchi was not required to repay the monies paid to him pursuant to paragraph 1 of the Stipulation To Board Decision. By a subsequent order, the United States Court of Appeals for the Federal Circuit directed that Mr. Bianchi should be dismissed from the Court of Federal Claims litigation. Mr. Bianchi was eventually dismissed by the Court, sua sponte, and the Bank continued to litigate its claims against the United States. (App. 261-263; 264-265; 267; 268)

12. The Bank's claim in the United States Court of Federal Claims litigation

was subsequently resolved by judgment in favor of Bank of America in the sum of $342,140.05. A "Corrected Judgment" was then entered to provide the Bank with interest, making a judgment in favor of the Bank of $717,009.94. (App. 264-265; 267; 268)

13. Pursuant to the rights reserved to him pursuant to paragraphs 2 and 3 of the Stipulation To Board Decision, Mr. Bianchi pursued his claims for his Equal Access to Justice Act litigation fees and expenses, and to Value Engineering Change Proposal royalties, respectively. (App. 269-278)

14. Based upon those reserved claims, Mr. Bianchi was awarded Equal Access to Justice Act litigation fees and expenses in the sum of approximately $475,000.00. Despite the ruling of the Federal Circuit in Bank of America vs. United States, supra, the United States failed and refused to pay the EAJA litigation fees and expenses to Mr. Bianchi, claiming a right to set-off that award against the monies which it claimed was due and owing the SBA from Mr. Bianchi. (App. 269-278)

15. As a result, Mr. Bianchi filed a Complaint in the United States District Court for the District of Nevada in the Nature of Mandamus, seeking an order compelling the United States to pay the Equal Access to Justice Act award. The United States filed its Answer to that Complaint and filed a set-off claim. Both Parties then brought Motions for Summary Judgment, and the District Court ruled in favor of the United States and against Mr. Bianchi. (App. 279-297)

16. As a result, Mr. Bianchi brought an appeal from that District Court decision to the United States Court of Appeals for the Ninth Circuit. In the case captioned,

Bianchi vs. Perry, 140 F.3rd 1294 (1998), the United States Court of Appeals for the Ninth Circuit held that the decision of the United States Court of Appeals for the Federal Circuit in Bank vs. United States, supra, was res judicata as to Mr. Bianchi's entitlements. Accordingly, the Ninth Circuit Court of Appeals held that the Government was obligated to pay Mr. Bianchi the EAJA litigation fees and expenses which had been awarded to him. By dicta, the Court also addressed the other terms of the Stipulation To Board Decision and Mr. Bianchi's entitlement, including the reserved VECP Claims at issue here. Addressing the Government's claim that in stipulating to resolve the Contracts Dispute Act litigation before the ASBCA, it had promised that Mr. Bianchi could pursue his claims to VECP royalties and EAJA litigation fees and expenses, but did not promise to pay him if he prevailed, the Ninth Circuit noted:

> "Any honest and competent lawyer would understand this settlement agreement in the same way. It means Bianchi gets $617,500.00 plus interest, plus whatever he can win on his "Value Engineering Change Proposal claims," plus whatever he can win on his Equal Access to Justice Act claim...."

Ibid., at 1297. (App. 298-303)

17. As a result of that Decision, the United States paid Mr. Bianchi his Equal Access to Justice Act litigation fees and expenses. Mr. Bianchi, then sought additional EAJA fees and expenses incurred in compelling payment of the earlier $475,000.00 EAJA Award, upon the grounds that the Government was not substantially justified in withholding that payment, and was granted further EAJA fees and expenses by the Ninth Circuit Court of Appeals in the approximate sum of $67,961.24. (App. 304-307)

18. In the interim, Mr. Bianchi pursued clams to Value Engineering Change Proposal royalties pursuant to the reservation of rights contained in paragraph 2 of the

Stipulation to Board Decision. In Case No. 36518, the ASBCA determined that Mr. Bianchi was entitled to VECP royalties in the amount of $58,613.03, with interest thereon from March 3, 1988, until paid. Mr. Bianchi made demand for payment of those royalties. (App. 205-235)

19. Again, the United States refused to pay Mr. Bianchi. As a result, Mr. Bianchi filed a Complaint in the Nature of Mandamus in the United States District Court for the District of Nevada. Again, the Parties brought Crossmotions for Summary Judgment and, again, the District Court ruled in favor of the United States, holding that the Bank was entitled to payment of the $58,613.03 VECP award. (App. 308-345)

20. As a result, Mr. Bianchi, again, appealed the determination of the District Court to the United States Court of Appeals for the Ninth Circuit. In the case of Bianchi vs. Walker, 163 F3rd 564 (1998), the Ninth Circuit affirmed the Bank's entitlement to payment of the VECP royalties pursuant to the assignments, consistent with the decision of the United States Court of Appeals for the Federal Circuit in Bank vs. United States, supra, and the United States Court of Appeals for the Ninth Circuit in Bianchi vs. Perry, supra. However, as to Mr. Bianchi's claim, the United States Court of Appeals for the Ninth Circuit held that the District Court lacked subject matter jurisdiction, as Mr. Bianchi was claiming an amount from the United States in excess of $10,000.00 and that, therefore, the jurisdiction to entertain that claim was vested in the United States Court of Federal Claims. (App. 252-260; 298-303; 346-352)

21. During the pendency of the District Court Mandamus actions, the United States Court of Federal Claims litigation between the United States and Bank of America was resolved as discussed in paragraph 12 of Plaintiff’s separately stated

facts, above. The Bank of America received a "Corrected Judgment" against the United States in the amount of $717,009.94, and the United States satisfied that judgment by paying the Bank. Therefore, pursuant to the terms of 28 U.S.C. 2517, and 28 U.S.C. 2519, the assignments which formed the basis of the Bank's claims for payment were discharged as a matter of law. (App. 267-268)

22. Despite the discharge of the assignments which formed the basis of the Bank's claim, the United States continued to make payments to the Bank pursuant to the terms of those discharged assignments, including payment to the Bank of the VECP royalties at issue herein, in the amounts of $58,613.03 and $16,574.74, together with interest from November 17, 1987 and March 3, 1998, until paid. (App. 236-245)

23. Although the United States relied upon the holding of the Federal Circuit Court of Appeals and the Ninth Circuit Court of Appeals in paying Bank of America, the United States disregarded the holdings of those Courts that held (and then re-affirmed) that the United States had a separate, distinct and executory obligation to Mr. Bianchi pursuant to the terms of the Stipulation To Board Decision and has failed and refused, and continues to fail and refuse, to pay Mr. Bianchi either VECP royalty awards received pursuant to the reservation of rights as contained in paragraph 2 of the September 1988 Stipulation To Board Decision. (App. 202-204)

24. In its responses to the Plaintiff's First Set of Interrogatories, the United States has acknowledged the validity of the Federal Circuit decision and the Ninth Circuit decisions, insofar as those decisions allowed payment to the Bank of America. At the same time, the United States has disregarded those very same decisions to the extent that they hold that the Government has a separate and distinct obligation to pay

Mr. Bianchi pursuant to the Stipulation To Board Decision of September 1988. (App. 353-408; 409-511)

25. The judgment obtained by Bank of America in the United States Court of Federal Claims, Case No. 90-3961C preceded both the Government's payment of the $58,613.03 VECP award and the $16,574.74 VECP award to the Bank of America. (App. 002; 013; 264-265; 266-267)

26. In response to the Plaintiff's First Requests for Production of Documents seeking any assignments not extinguished upon the Bank obtaining its "Corrected Judgment", the United States has produced no new assignments which were in effect prior to the entry of the United States Court of Federal Claims Judgment in favor of Bank of America. The Government relies on and has produced no other assignments. (App. 427)

27. In answer to the Plaintiff's Interrogatories and Requests for Production of Documents, the United States has now acknowledged that while it received a demand from Bank of America for payment of the $58,613.03 VECP award, it received no demand from the Bank for payment of the $16,574.74 VECP award, which the Government paid to the Bank. (App. 415)

28. The United States has now acknowledged that is has no present claims for setoff against Mr. Bianchi's claimed entitlement. (App. 430) However, even assuming that the Government asserted such a set-off, any set-off was disallowed by the holding of the United States Court of Appeals for the Federal Circuit in Bank of America vs. United States, supra. (App. 252-260)

29. Title 28, United States Code, Section 1494(2) allows Mr. Bianchi to bring the instant claim only after he has tried, unsuccessfully, for a three-year period to enforce his entitlements: (App. 512)

> "The United States Court of Federal Claims shall have jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States, or guarantor, surety or personal representative of any such officer, agent or contractor, and to render judgment thereof, where -
>
> (1) claimant or the person he represents has applied to the proper department of the Government for settlement of the account;
>
> (2) three years have elapsed from the date of such application without settlement; and
>
> (3) no suit upon the same has been brought by the United States."

30. Title 28, United States Code, Section 1500 provides:

> "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the Plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States." (App. 513)

31. In its answer to Mr. Bianchi's initial discovery requests, the United States has acknowledged that it paid the $16,574.74 VECP royalty award to the Bank of America on June 27, 2002, and the $58,613.03 VECP award to Bank of America on December 23, 1999, and has asserted that those payments were in satisfaction of Mr. Bianchi's claims herein. (App. 002; 013)

32. Mr. Bianchi applied to the Government for payment of the respective VECP royalty awards and was prohibited from bringing suit under the jurisdictional

statute, Title 28 United States Code, Section 1494(2), prior to the lapse of three years from that demand. (App. 512)

33. Because the period of limitations to bring the substantive claim is 6 years pursuant to Title 28, United States Code, Section 2401(a), Mr. Bianchi's claims were made well within the limitation period and are now ripe for adjudication. (App. 514)

34. In response to Mr. Bianchi's Requests for Production of Documents, the United States has asserted that their documents Bates stamped 001 - 002 and 009 - 010, which accompanied the July 30, 2004 Defendant's Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents, and its documents Bates stamped 023 - 024, 027 - 034 and 058 - 062, which accompanied the Government's supplemental responses to the discovery requests, established that the Government satisfied any obligations to Mr. Bianchi arising out of paragraph 2 of the Stipulation To Board Decision. Those specifically identified documents evidence the payment of monies to Bank of America, not to Mr. Bianchi. (App. 422)

35. The United States further claims that Mr. Bianchi's separate entitlements to VECP royalties were satisfied by the Government's payments to the Bank of America in 1999 and in 2002, respectively. (App. 426)

**<u>Defendant, separately, states</u>:**

1. Mr. Bianchi assigned the proceeds and rights associated with Contract No. DLA100-80-C-2290 and Contract No. DLA100-80-C-2972 to the Bank of America. (App. 65; 69)

2. Mr. Bianchi was aware of his claim to payment of the $58,613.03 VECP

award more than six years before he commenced Case No. 04-440C (Fed. Cl.). (App. 1-2)

3. Mr. Bianchi commenced Case No. CV-S-94-747-LDG (RJJ) (D. Nev.) on August 31, 1994. In that case, Mr. Bianchi sought payment of the $58,613.03 VECP award. (App. 6; 35)

4. Mr. Bianchi commenced Case No. 04-440C (Fed. Cl.) on March 18, 2004, seeking payment of the $58,613.03 VECP award. (App. 45)

5. On September 17, 1996, in Case No. CV-S-94-747-LDG (RJJ) (D. Nev.), the United States District Court for the District of Nevada held that Mr. Bianchi's contract assignments to the Bank of America were valid and that, consequently, the United States was required to pay the proceeds of the $58,613.03 VECP award to the bank. (App. 76; 78.) In a motion for a new trial, Mr. Bianchi argued that the August 14, 1995 Corrected Judgment of the United States Court of Federal Claims in Case No. 90-3961C extinguished his contract assignments to the Bank of America. (App. 79; 81; 86.) The district court denied the motion. (App. 111-12.) The United States Court of Appeals for the Ninth Circuit affirmed the judgment of the district court. (App. 118)

///

///

///

///

Respectfully submitted,

__s/R. Vaughn Gourley_______
R. VAUGHN GOURLEY
Stephens, Gourley & Bywater
3636 North Rancho Drive
Las Vegas, NV 89130
Telephone:(702) 656-2355
Facsimile: (702) 656-2776

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

SCOTT MICHAEL CANTOR
Graziadei & Cantor, LTD.
302 East Carson Street
Suite 400
Las Vegas, Nevada 89101
Telephone: (702) 477-7733
Facsimile: (702) 477-0020
Attorneys for Plaintiff

December 8, 2004

ROBERT E. KIRSCHMAN, JR.
Assistant Director

___s/Timothy P. McIlmail____
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965
Attorneys for Defendant

December 8, 2004

**CERTIFICATE OF FILING**

I hereby certify that on December 8, 2004, a copy of the foregoing Joint Stipulations Of Fact was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Robert E. Kirschman. Jr.