IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS,
IN PART, FOR LACK OF SUBJECT MATTER JURISDICTION

One of the claims that plaintiff, Maurice L. Bianchi, sets forth in this case is that the United States owes him a contract award that the Armed Services Board of Contract Appeals made in 1993. The United States requests that the Court dismiss that claim, for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims, because the claim is barred by the six-year statute of limitations.

Mr. Bianchi seeks payment of a $58,613.03 Value Engineering Change Proposal ("VECP") award. Complaint ¶¶ 14, 23. A claim in this Court, however, is barred unless it is filed within six years after the claim first accrues. 28 U.S.C. § 2501 (2000). The Armed Services Board of Contract Appeals made the $58,613.03 award on February 10, 1993. Joint Stipulations of Fact ("Fact Stip.") ¶ 10. Mr. Bianchi was aware of his claim to payment of that award as early as August 31, 1994; indeed, on that date, Mr. Bianchi commenced Case No. CV-S-94-747-LDG (RJJ)

(D. Nev.), in which he sought payment of the $58,613.03 VECP award. Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ¶ 5; Appendix To Joint Stipulations Of Fact 3, 4-5 ¶ 8, 5-6 ¶ 15. Therefore, the latest that Mr. Bianchi's claim to the award could have accrued was August 31, 1994. See Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (explaining that a cause of action accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit).

Mr. Bianchi, however, did not file the complaint commencing this case until March 18, 2004; more than nine years later. Because Mr. Bianchi's claim to the 1993 award accrued more than six years before this case was filed, that claim is barred by the six-year statute of limitations. The Court, therefore, does not possess jurisdiction to entertain that claim. Although paragraph one of Mr. Bianchi's complaint also invokes as a source of this Court's jurisdiction the opinion of the United States Court of Appeals for the Ninth Circuit in Bianchi v. Walker, 163 F.3d 564 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999), "[a]nother court's jurisdictional determination cannot confer jurisdiction on this or any other court." Lee v. United States, 33 Fed. Cl. 374, 380 (1995) (citing Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816-18 (1988)).

For these reasons, we request that the Court dismiss Mr. Bianchi's claim to the 1993 VECP award for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

March 9, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 9, 2005, a copy of the foregoing Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail