IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

# DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

Plaintiff, Maurice L. Bianchi, formerly doing business as M. Bianchi, claims that the United States owes him two awards that the Armed Services Board of Contract Appeals ("ASBCA") made in 1993 and 2000. The United States requests that the Court enter judgment in favor of the United States upon those claims, and opposes Mr. Bianchi's requests for summary judgment upon those claims, because the Government paid those awards to Mr. Bianchi's contract assignee.[1]

[1] We request judgment in our favor upon the claim to the 1993 award in the alternative to our request, which we set forth in a motion to dismiss that we also file today, for dismissal of that claim for lack of subject matter jurisdiction.

STATEMENT OF FACTS

In 1979 and 1980 Mr. Bianchi entered into contracts with the Government to produce military clothing. Joint Stipulations Of Fact ("Fact Stip.") ¶ 1. Mr. Bianchi assigned his payments pursuant to those contracts to the Bank of America. Fact Stip. ¶ 3; Appendix To Joint Stipulations Of Fact ("Fact Stip. App.") 65, 69. The Bank of America notified the Government of those assignments. Fact Stip. ¶ 4.

On September 27, 1988, the Government and Mr. Bianchi entered into an agreement to settle contract claims that were pending before the ASBCA. Fact Stip. ¶ 6. Paragraph one of the three-paragraph settlement agreement provided that Mr. Bianchi was "entitled to recover $617,500.00 on his [ASBCA] claims . . . ." Fact Stip. ¶ 7. Paragraph three provided that the settlement was "without prejudice to Mr. Bianchi's right to pursue an application under the Equal Access to Justice Act ['EAJA'] . . . ." Fact Stip. ¶ 7. Paragraph two provided that the settlement was "without prejudice to Mr. Bianchi's right to pursue any and all Value Engineering Change Proposal Claims under his contracts with [the Government]." Fact Stip. ¶ 7.

In 1993 and 2000, the ASBCA made Value Engineering Change Proposals ("VECP") awards to Mr. Bianchi. Fact Stip. ¶¶ 10, 12. The United States has paid those awards to the Bank of America. Fact Stip. ¶¶ 11, 13.

ARGUMENT

Mr. Bianchi claims entitlement, pursuant to a 1988 settlement agreement with the Government, to VECP awards made by the ASBCA in 1993 and 2000. Complaint ¶¶ 2, 14, 15, 23. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c) of the Rules of the United States Court of Federal Claims.

A settlement agreement is a contract. Peckham v. United States, 61 Fed. Cl. 102, 106 (2004). The interpretation of a Government contract is a matter of law. Id. The language of the contract must be given that meaning that would be derived from the contract by a reasonable, intelligent person acquainted with the contemporaneous circumstances. Id. at 106-07. Moreover, words are to be given their plain and ordinary meanings. Id. at 107. Finally, when a valid assignment of proceeds under a Government contract has been made, the assignee is entitled to all amounts earned by the contractor's performance. See Produce Factors Corp. v. United States, 199 Ct. Cl. 572, 582, 467 F.2d 1343, 1349 (1972).

Paragraph two of the settlement agreement reserved Mr. Bianchi's right to pursue VECP claims under his contract with

the Government. Fact Stip. ¶ 7. He pursued those claims and obtained VECP awards. Fact Stip. ¶¶ 10, 12. The Government paid Mr. Bianchi those awards, in effect, by paying the bank; the entity to whom he directed contract payments be made. Fact Stip. ¶¶ 3, 11, 13; Fact Stip. App. 65, 69. See Produce Factors, 199 Ct. Cl. at 582, 467 F.2d at 1349. The plain and ordinary meaning of paragraph two required nothing more. Because the Government paid Mr. Bianchi's contract assignee the VECP awards, the Government has satisfied its obligations to Mr. Bianchi respecting both paragraph two of the settlement agreement and those awards, and is entitled to judgment in its favor upon Mr. Bianchi's claims in this case.

In his motion for summary judgment, in which he assumes the validity of his contract assignments to the Bank of America, Mr. Bianchi nevertheless argues that regardless of the Government's payments to the bank, the 1988 settlement agreement requires that the Government pay him the VECP awards as well. Plaintiff's Motion For Summary Judgment at 20-22 n.1. Paragraph two of the settlement agreement, however, only reserved Mr. Bianchi's right to pursue VECP claims (Fact Stip. ¶ 7); it does not further provide that, regardless of his assignment of contract payments to the Bank of America, the Government must pay Mr. Bianchi any VECP awards directly, or in addition to whatever

VECP payments it makes to the bank. And the judicial opinions that Mr. Bianchi relies upon do not require that conclusion.

Bianchi v. Perry, 140 F.3d 1294 (9th Cir. 1998), which Mr. Bianchi relies upon beginning at page 18 of his motion, did not involve the issue presented in this case: whether the Government was required to pay Mr. Bianchi pursuant to paragraph two of the settlement agreement, notwithstanding the rights of the Bank of America to payment as contract assignee. See Bianchi v. Walker, 163 F.3d 564, 569-70 & n.3 (9th Cir. 1998), cert. denied, 528 U.S. 814 (1999). Rather, the issue presented in Bianchi v. Perry was whether the Government was entitled to set off a debt owed to the United States against Mr. Bianchi's right to attorney fees and expenses pursuant to EAJA. Id. at 570 n.3. Because this case concerns VECP awards and paragraph two of the settlement agreement, not paragraph three or any EAJA award or set-off claim, Bianchi v. Perry is inapposite.

Nor does Bank of America National Trust and Saving Association v. United States, 23 F.3d 380 (Fed. Cir. 1994), which Mr. Bianchi relies upon beginning at page 16 of his motion, entitle him to judgment. In Bank of America, the United States Court of Appeals for the Federal Circuit held that the bank was entitled, as contract assignee, to the $617,500 settlement amount (plus interest) provided for in paragraph one of the settlement

agreement. See 23 F.3d at 384. The court also held that the Government could not recoup the payment to Mr. Bianchi of that same amount, or set off Mr. Bianchi's debt to the Government against any money owed to the bank. Id. at 384-85.

In holding that the Government could not recoup the payment to Mr. Bianchi, the court stated that the Government "could easily have taken appropriate steps to avoid incurring any liability to the bank . . . [but] did not do so, perhaps because [Mr.] Bianchi would not have agreed to that arrangement . . . ." Id. at 383. Neither that statement nor the court's holding, however, is an interpretation of the settlement agreement as a whole, or of paragraph two in particular. Rather, the Bank of America court was concerned with an effort to recoup or set off an amount that the parties had stipulated, in paragraph one, "Mr. Maurice Bianchi . . . [was] entitled to recover" (Fact Stip. ¶ 7), and that had already been paid to Mr. Bianchi. 23 F.3d at 383-84. Because this case does not concern paragraph one of the settlement agreement, and does not include any set off claim or claim to recoup a specified amount already paid to Mr. Bianchi, Bank of America has no impact upon this case. See Applied Cos. v. United States, 37 Fed. Cl. 749, 757 (1997) (distinguishing Applied Companies from Bank of America and noting that in Bank of America, the Government "sought to recoup funds that it had agreed to pay directly to the contractor pursuant to

the terms of the settlement agreement.") (emphasis added), aff'd, 144 F.3d 1470 (Fed. Cir. 1998).

## CONCLUSION

For these reasons, we request that the Court deny Mr. Bianchi's motion for summary judgment, and enter judgment in favor of the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

March 9, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on March 9, 2005, a copy of the foregoing Defendant's Cross-Motion For Summary Judgment And Opposition To Plaintiff's Motion For Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail