R. VAUGHN GOURLEY, ESQ.
Nevada Bar No. 0503
STEPHENS, GOURLEY & BYWATER
3636 North Rancho Drive
Las Vegas, Nevada 89130
(702) 656-2355
AND
SCOTT MICHAEL CANTOR, ESQ.
Nevada Bar No. 1713
GRAZIADEI & CANTOR, LTD.
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
(702) 477-7733
Attorneys for Plaintiff
MAURICE L. BIANCHI

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, Plaintiff, | No. 04-440C (Judge Horn) |
| vs. | |
| THE UNITED STATES OF AMERICA, Defendant, | Electronically Filed April 5, 2005 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS,**

**IN PART, FOR LACK OF SUBJECT MATTER JURISDICTION**

On March 18,2004, Mr. Bianchi filed the instant Complaint seeking to adjudicate his right to receive monies awarded him by the Armed Services Board of Contract Appeals pursuant to rights reserved to him in a settlement contract resolving Contract Disputes Act litigation. (Appendix, pages 45-60) The United States contends that the

filing of this Complaint was untimely within the meaning of 28 USC § 2501 and that, therefore, this Court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims.

The government's claim is misplaced. The limitation period has been tolled by other provisions of the United States Code, and the Complaint filed on March 18, 2004, was timely, thus conferring this Court with subject matter jurisdiction.

Relying upon the provisions of 28 USC § 2501, the government contends that Mr. Bianchi's Complaint was not brought within six years of the Armed Services Board of Contract of Appeals Award of February 10,1993, or within six years of August 31,1994, the latest date upon which Mr. Bianchi could have been deemed aware of his claim herein. However, 28 USC § 2501 has been tolled by other Code sections and that, when those Code provisions are considered, it is clear that Mr. Bianchi's Complaint was timely filed.

Title 28, United States Code, § 1494(2) allowed Mr. Bianchi to bring the instant claim only after he had tried, unsuccessfully, to enforce his entitlement for a period of three (3) years. That statute provides, in relevant portion, as follows:

> "The United States Court of Federal Claims shall have jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States, or guarantor, surety or personal representative of any such officer, agent or contractor, and to render judgment thereof, where -
>
> (1) claimant or the person he represents has applied to the proper department of the government for settlement of the account;
>
> (2) three years have elapsed from the date of such application without settlement; and

> (3) no suit upon the same has been brought by the United States."

The government acknowledges in its Motion that the Armed Services Board of Contract Appeals made its award in favor of Mr. Bianchi on February 10, 1993, and that Mr. Bianchi was aware of his claim to payment as early as August 31, 1994. Therefore, by application of 28 USC § 1494(2) the earliest date upon which Mr. Bianchi could have brought his claims herein was three years from the date of the Award, to wit: February 10,1996, or three years from the latest date upon which he could have become aware of that claim, to wit: August 31,1997.

Therefore, the six-year limitation period pursuant to 28 USC § 2501 is tolled, or extended by application of 28 USC § 1494(2); the six years cannot be deemed to begin until the three year prohibition has passed.

Adding the six-year limitation period to the earliest dates upon which Mr. Bianchi was conferred with standing to bring the instant claim, Mr. Bianchi could have brought his claims herein on or before February 10, 2002, or August 31, 2003.

However, that limitation period was further tolled or extended by application of the provisions of Title 28, United States Code, § 1500. That statute provides:

> "The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the Plaintiff or his assignee has pending in any other Court any suit or process against the United States or person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States."

As appears by the parties' Joint Stipulations of Fact of record herein, Mr. Bianchi brought suit in the United States District Court for the District of Nevada by a Complaint

in the Nature of Mandamus seeking to enforce the government's obligation to honor the ASBCA award and to compel the United States to pay him that award on August 31,1994. (Appendix, pages 3-7) That Complaint was resolved against Mr. Bianchi by a summary judgment in favor of the United States, resulting in Mr. Bianchi's appeal to the United States Court of Appeals for the Ninth Circuit in the matter of *Bianchi vs. Walker, supra*. (Appendix, pages 113-118) As appears by that Ninth Circuit decision, that case was decided on December 11,1998, thus, having tolled the limitation period pursuant to the provisions of 28 USC § 1500. Because 28 USC § 1500 could not confer this Court with subject matter jurisdiction during the pendency of that litigation, Mr. Bianchi had four years and 292 days from February 11,1999, or until November 11, 2004, to file the instant Complaint. Thus, the filing of this action on March 18, 2004, was timely upon the application of the provisions of 28 USC § 1494 (2) and 28 USC § 1500.

Moreover, the United States has further acknowledged, on record herein, that it claims to have discharged and paid its obligation to Mr. Bianchi by paying Mr. Bianchi's assignee, the Bank of America, the VECP Award at issue herein on December 23, 1999. (Appendix, page 354)

When the government paid the monies due Mr. Bianchi to a third-party, it vested Mr. Bianchi with a new claim. Therefore, even applying the government's logic that 28 USC § 2501 mandates that the claim be brought within six years from the date that the claim arose, Mr. Bianchi had until December 23, 2005, in which to bring the instant action. By either theory, that is, by the application of the tolling or restrictive provisions of 28 USC § 1494(2) and 28 USC § 1500, or by application of 28 USC § 2501 to the new claim arising upon the government paying monies due Mr. Bianchi to a third-party,

Mr. Bianchi's Complaint was filed herein in a timely fashion, thus, conferring this Court with subject matter jurisdiction.

## CONCLUSION

The government's Motion to Dismiss should be denied.

DATED this 5th day of April, 2005.

STEPHENS, GOURLEY & BYWATER.

s/R. Vaughn Gourley

R. VAUGHN GOURLEY, ESQ.
Nevada Bar No. 0503
3636 North Rancho Drive
Las Vegas, Nevada 89130
AND
SCOTT MICHAEL CANTOR, ESQ.
Nevada Bar No. 1713
GRAZIADEI & CANTOR, LTD.
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
Attorneys for Plaintiff
MAURICE L. BIANCHI

## CERTIFICATE OF FILING

I hereby certify that on April 5, 2005, a copy of the foregoing Plaintiffs' Opposition To Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/R. Vaughn Gourley