IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS, IN PART, FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff, Maurice L. Bianchi, argues that 28 U.S.C. §§ 1494(2) and 1500 tolled the six-year statute of limitations set forth at 28 U.S.C. § 2501 (2000), with respect to his claim to a 1993 Armed Services Board of Contract Appeals award. Plaintiff's Opposition To Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction ("Pl. Opp.") at 2. The Court should reject those arguments.

Section 1494(2) of Title 28, United States Code, provides the Court jurisdiction to entertain claims involving "unsettled account[s]" with the United States. There is no evidence that there is an unsettled account between Mr. Bianchi and the United States. Indeed, a settled account is one in which the balance has been paid. Black's Law Dictionary 11 (6th ed., abridged 1991). The 1993 award was made pursuant to Contract No. DLA100-80-C-2972. Joint Stipulations Of Fact ("Fact Stip.") ¶ 10. Mr. Bianchi had assigned his payments pursuant to that contract

to the Bank of America. Fact Stip. ¶ 3; Appendix To Joint Stipulations Of Fact at 65. The United States has paid that award to the bank. Fact Stip. ¶ 11. That payment settled whatever unsettled account existed between Mr. Bianchi and the United States pursuant to Contract No. DLA100-80-C-2972.

Section 1500 deprives the Court of jurisdiction to entertain a claim that is pending in another court; it does not expressly provide for tolling section 2501 pending resolution of such a claim. 28 U.S.C. § 1500 (2000). And although it is unsettled whether equitable tolling is available under 28 U.S.C. § 2501, Martinez v. United States, 333 F.3d 1295, 1318 (Fed. Cir. 2003) (en banc), cert. denied, 124 S. Ct. 1404 (2004), section 2501 contains its own tolling provision, for persons "under legal disability or beyond the seas at the time the claim accrues." That tolling provision weighs against recognizing other nonstatutory exceptions to a statute of limitations period. Id.

Even if it were available under section 2501, Mr. Bianchi does not demonstrate that he is entitled to tolling of the statute of limitations. Equitable tolling against the Government is a narrow doctrine. Id. There must be a compelling justification for delay, id., and a plaintiff who fails to act diligently in pursuing his claim cannot avail himself of equitable tolling. See Carter v. United States, 62 Fed. Cl. 66, 70 (2004). Mr. Bianchi, however, did not diligently pursue his

current claim to the 1993 Value Engineering Change Proposals ("VECP") award. Even after the United States Court of Appeals for the Ninth Circuit indicated that he should have brought his claim in this Court, 163 F.3d at 570, Mr. Bianchi waited years to file this action. Indeed, the Ninth Circuit issued its opinion in December 1998, and the Supreme Court denied certiorari in October 1999. Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases ("Related Cases Stip.") at 11 ¶ 5. Mr. Bianchi, however, did not file this action until March 18, 2004. Cf. Joseph v. United States, 62 Fed. Cl. 415, 417 & n.4 (2004) (holding that, where plaintiff had filed Court of Federal Claims action more than six years after claim accrued, claim was barred pursuant to 28 U.S.C. § 2501 and equitable tolling would not be available, even though plaintiff had filed same action in district court within six-year statute of limitations period).

Mr. Bianchi also argues that "[w]hen the government paid the monies due [him] to a third-party," it vested him with a new claim for which a new filing period commenced. Pl. Opp. at 4-5. The Court should reject that argument. Mr. Bianchi is collaterally estopped from disputing the payment to the bank. A question distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties.

18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4416 (2d ed. 2002). A district court, in an action to which Mr. Bianchi and the Government were parties, held that the Government was required to pay the 1993 award to the bank. Appendix To Joint Stipulations Outlining Chronology, Status, And Impact Of Previous, Related Cases at 123. The Ninth Circuit affirmed that judgment. Bianchi v. Walker, 163 F.3d 564, 570 (9th Cir. 1998), cert denied, 528 U.S. 814 (1999). Indeed, Mr. Bianchi has argued that his entitlement to payment of the 1993 award is distinct from any obligation that the Government incurred to the bank. Plaintiff's Motion For Summary Judgment at 21; Related Cases Stip. at 20.

For these reasons and those set forth in our motion to dismiss, we request that the Court dismiss Mr. Bianchi's claim to the 1993 VECP award for lack of subject matter jurisdiction.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

April 21, 2005 Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 21, 2005, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition To Defendant's Motion To Dismiss, In Part, For Lack Of Subject Matter Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail