IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Plaintiff, Maurice L. Bianchi, formerly doing business as M. Bianchi, argues that the United States had both an obligation to pay him and to pay his assignee awards that the Armed Services Board of Contract Appeals ("ASBCA") made in 1993 and 2000 and, therefore, that our payments of those awards to his contract assignee did not satisfy our obligations to him. Plaintiff's Opposition To Defendant's Cross-Motion For Summary Judgment And Opposition To Plaintiff's Motion For Summary Judgment ("Pl. Opp. Cross-Mot.") at 2. We addressed that "dual obligation" argument by demonstrating that this case involves paragraph two of Mr. Bianchi’s 1988 settlement agreement with the United States, and that although paragraph two reserved Mr. Bianchi's right to pursue Value Engineering Change Proposals ("VECP") awards, it does not provide that the Government must pay those awards to him in addition to his assignee. Defendant's Cross-Motion For Summary Judgment And Opposition To Plaintiff's Motion For Summary Judgment at 5-7. Mr. Bianchi does not explain how the language

of paragraph two imposes a dual payment obligation upon the United States.

We also demonstrated in our cross-motion that neither the opinion in Bank of America National Trust and Saving Association v. United States, 23 F.3d 380 (Fed. Cir. 1994), nor Bianchi v. Perry, 140 F.3d 1294 (9th Cir. 1998), both of which Mr. Bianchi continues to rely upon (Pl. Opp. Cross-Mot. at 3-8), holds to the contrary. As the United States Court of Appeals for the Ninth Circuit has noted, the claim that paragraph two of the settlement agreement required the Government to pay Mr. Bianchi notwithstanding the bank's rights was not presented in Bank of America. Bianchi v. Walker, 163 F.3d 564, 569-70 (9th Cir. 1998), cert denied, 528 U.S. 814 (1999). Indeed, although Mr. Bianchi notes that the court ruled upon both the Government’s third-party and contingent claims in Bank of America (Pl. Opp. Cross-Mot. at 5), he does not point to where in the court’s opinion it addresses the meaning of paragraph two of the settlement agreement.

And although Mr. Bianchi relies (Pl. Opp. Cross-Mot. at 6) upon the statement in Bianchi v. Perry, 140 F.3d at 1297, that the settlement agreement "means that [he] gets . . . whatever he can win on his [VECP] claims," that statement is dictum: the Ninth Circuit subsequently held that Bianchi v. Perry did not include that issue. Bianchi v. Walker, 163 F.3d at 570 n.3. In

any case, Mr. Bianchi has received the benefit of what he won upon his VECP claims, through payment of the VECP awards to his assignee. Fact Stip. ¶¶ 11, 13.

For these reasons and those set forth in our cross-motion, we request that the Court deny Mr. Bianchi's motion for summary judgment, and enter judgment in favor of the United States.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Robert E. Kirschman, Jr.
ROBERT E. KIRSCHMAN, JR.
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

April 21, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on April 21, 2005, a copy of the foregoing Defendant's Reply To Plaintiff's Opposition To Defendant's Cross-Motion For Summary Judgment was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail