R. VAUGHN GOURLEY, ESQ.
Nevada Bar No. 0503
STEPHENS, GOURLEY & BYWATER, P.C.
3636 N. Rancho Drive
Las Vegas, Nevada 89130
(702) 656-2355
and
GEORGE E. GRAZIADEI, ESQ.
Nevada Bar No. 1775
SCOTT MICHAEL CANTOR, ESQ.
Nevada Bar No. 1713
GRAZIADEI & CANTOR, LTD.
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
(702) 477-7733
Attorneys for Plaintiff,
MAURICE L. BIANCHI

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant, | ) | No. 04-440C<br>(Judge Horn) |

**PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING JURISDICTION**

COMES NOW, Plaintiff, MAURICE L. BIANCHI, fdba M. BIANCHI OF CALIFORNIA, by and through his counsel of record, and pursuant to the Court's

/ / / /

/ / / /

/ / / /

/ / / /

directive of August 5, 2005, provides the following supplemental brief to aide the court in its analysis of the Court's jurisdiction herein.

Dated this _____ day of August, 2005.

STEPHENS, GOURLEY & BYWATER, P.C.

s/R. Vaughn Gourley
R. VAUGHN GOURLEY, ESQ.
Nevada Bar No. 0503
3636 N. Rancho Drive
Las Vegas, Nevada 89130

and

SCOTT MICHAEL CANTOR, ESQ.
Nevada Bar No. 1713
GRAZIADEI & CANTOR, LTD.
302 E. Carson Avenue, Suite 400
Las Vegas, Nevada 89101
Attorneys for Plaintiff

## I.

## SUPPLEMENTAL AUTHORITIES AND DISCUSSION

### A. Mr. Biachi's Entitlement to VECP Royalties Is a Matter of Contract Within the Court's Jurisdiction.

This Court's analysis that the Value Engineering Change Proposal (VECP) claims at issue in this litigation were "carved out" by a Stipulation to Board Decision of September, 1988, as incorporated into the Decision of Administrative Judge Berg of the Armed Services Board of Contract Appeals (ASBCA), is in error. The VECP claims were part and parcel of the underlying contracts and were not carved out to Mr. Bianchi; they were reserved to him as contract claims.

Each of Mr. Bianchi's contracts with the Defense Personnel Support Center (DPSC) contained Master Solicitation Clauses incorporated therein by reference. A copy of one of the contracts at issue (DLA 100-80-C-2972) is attached hereto for the Court's reference. (Mr. Bianchi's copy does not contain the signature of the Procuring Contract Officer, but is submitted to the Court to aide the Court in its analysis.) Among the Master Solicitation Clauses incorporated into that contract is Clause JO9, entitled

"Value Engineering Incentive". The JO9 provision is attached to the subject contract as pages PEP 004224-004225.

Thus, Mr. Bianchi's right to apply for VECP royalties is a part of his contract with the government. The Settlement Agreement of September, 1988, did not carve out those contract rights; it reserved those contract rights to him as a part of a comprehensive settlement of disputed contracts litigation and they remain claims under the contracts.

28 USC §1491(a)(1) provides in relevant portion:

> "(a)(1) The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the constitution, or any Act of Congress or any regulation of the executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. . ."

Whether or not the government paid Mr. Bianchi the VECP royalties pursuant to the reserved contract clauses is an issue of contract, or its breach, and , therefore, this Court has jurisdiction to resolve Mr. Bianchi's claims pursuant to 28 USC §1491(a)(1).

Mr. Bianchi's complaint herein sets forth two distinct claims. First, Mr. Bianchi complained that the United States failed and refused to pay him the money awarded him pursuant to the reserved contract claims by the Armed Services Board of Contract Appeals.[1]

Second, Mr. Bianchi complained that the United States paid the bank the VECP

---

[1]The United States Court of Appeals for the Federal Circuit in Bank v. United States, 23 F.3d 380 (1994) did not hold, as the Court suggested, that the Bank's right to payment was first and primary; the decision first addressed Mr. Bianchi's right to his negotiated settlement (contract) with the government. The Court ruled that the United States was obligated to honor that settlement contract and to provide Mr. Bianchi the benefits which it agreed to provide him in consideration of Mr. Bianchi giving up claims in settlement of disputed contract litigation and that because the government agreed to give Mr. Bianchi certain benefits knowing that the Bank had certain claims pursuant to assignments, the government had to honor those assignments, as well.

royalties, the rights to which were reserved to him in the settlement contract, after the assignments to the bank were discharged by operation of law pursuant to 28 USC §2517 and 28 USC §2519.[2]

Under either claim, Mr. Bianchi argued a breach of contract, that is, the failure of the government to pay him the royalties based upon his reserved contract clauses.

Moreover, the language of the Stipulation to Board Decision of September, 1988, as incorporated into the Decision of Administrative Judge Berg, acknowledged the reservations to be that of contract.

Paragraph Two of the stipulation to Board Decision provides, in relevant portion:

> "2. This settlement is without prejudice to Mr. Bianchi's right to pursue any and all value engineering change proposal claims <u>under his contracts with DPSC</u> . . ."

(Emphasis supplied.)

The JO9 clause found at PEP 004224-004225 sets forth the procedure for bringing the Value Engineering Change Proposals. It requires VECPs to be submitted to the Procuring Contract Officer, who then makes the initial determination as to whether the proposal is accepted or rejected. Therefore, it is clear that the VECP is a matter of contract. Although further proceedings were necessary to vindicate Mr. Bianchi's claim to VECP royalties, those subsequent actions do not render the right to VECP claims anything other than a contract right and, as appears hereinafter, this Court has jurisdiction to enter judgment upon the claim as liquidated by the ASBCA award.

The instant dispute is one of contract and this Court has jurisdiction pursuant to 28 USC §1491 (a)(1).

---

[2]The records of this Honorable Court show that the bank received its judgment upon the assignments in August, 1995. The Joint Stipulations of Fact entered in this case establish that On September 23, 1999, more than four (4) years after those assignments were discharged, the United States paid Bank of America the VECP royalties in the principal amount of $58,613.03 and that on June 27, 2002, almost seven (7) years after the discharge of the assignments, paid Bank of America VECP royalties in the principal amount of $16,574.74.

**B. This Court Has Jurisdiction to Enter Judgment on a Liquidated Claim.**

The language of 28 USC §1491(a)(1) provides this Court with jurisdiction irrespective of whether Mr. Bianchi's account with the government is "unsettled" or not.

In the Court's August 3, 2005, colloquy with counsel, the "unsettled" account language of 28 USC §1494 was discussed. Plaintiff's counsel argued that there is a distinction between the term "unsettled" and the word "unliquidated" and that, while the ASBCA liquidated the amount due to Mr. Bianchi, the account between Mr. Bianchi and the government, itself, was unsettled upon the failure of the government to pay money to Mr. Bianchi pursuant to the reserved contract claims. In this regard, an "unliquidated" claim is a claim in which the liability of the party or the amount of the claim is in dispute. See, Black's Law Dictionary, p. 240 (7th ed.). On the other hand, settlement refers to payment, satisfaction, or final adjustment of an account. Ibid, at 1377. Had Congress intended that the Court would have jurisdiction of an unliquidated account, it would have so stated. Rather, Congress used the term "unsettled", that is, in its plain and ordinary meaning, unpaid.

In any event, 28 USC §1491 (a)(1) vests the Court with jurisdiction irrespective of how the term "unsettled" in 28 USC §1494 is interpreted. 28 USC §1491 (a)(1) provides this Honorable Court with jurisdiction to render judgment ". . . for liquidated or unliquidated damages in cases not sounding in tort . . ." Therefore, even upon the ASBCA liquidating the amount due, this Court has jurisdiction to render judgment upon that liquidated, but unpaid, account.

**C. Summary of Argument**

1. Mr. Bianchi's rights to pursue VECP royalties was part of his contract with the United States pursuant to Clause JO9.

2. The Settlement Agreement with the United States resolving disputed contracts litigation reserved those contract claims to Mr. Bianchi as part of a comprehensive settlement of claims in litigation.

/ / / /

3. The Stipulation settling the contract dispute claims specifically reserved Mr. Bianchi's right to VECP as claims under the DPSC contracts.

4. Under either of his causes of action herein, that is, that the government breached the Settlement Agreement by its failure to pay or breached that agreement by paying monies due him to a third party despite the discharge of assignments forming the basis of the third party's claim for payment, the action sounds in breach of contract.

5. This Court has jurisdiction by virtue of 28 USC §1491 (a)(1) to render judgment upon the ASBCA liquidating the amount due from the government to Mr. Bianchi.

**II.**

**CONCLUSION**

This Court has jurisdiction to decide the controversy pursuant to 28 USC §1491, and to render judgment upon the contract claims and upon the claim liquidated by the ASBCA award.

DATED this _____ day of August, 2005.

Respectfully submitted,

STEPHENS, GOURLEY & BYWATER, P.C.

s/R. Vaughn Gourley

R. VAUGHN GOURLEY, ESQ.
Nevada Bar No. 0503
3636 N. Rancho Drive
Las Vegas, Nevada 89130

and

SCOTT MICHAEL CANTOR, ESQ.
GRAZIADEI & CANTOR, LTD.
Nevada Bar No. 1713
302 East Carson Avenue, #400
Las Vegas, Nevada 89101
Attorneys for Plaintiff

**CERTIFICATE OF FILING**

I hereby certify that on August 9, 2005, a copy of the foregoing Plaintiff's Supplemental Brief Regarding Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/R. Vaughn Gourley