IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MAURICE L. BIANCHI, fdba M. BIANCHI, | ) | |
| Plaintiff, | ) | No. 04-440C |
| v. | ) | (Judge Horn) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S SUPPLEMENTAL BRIEF RESPECTING JURISDICTION

Pursuant to the Court's August 5, 2005 order, defendant, the United States, submits this supplemental brief respecting a previously unaddressed issue regarding the jurisdiction of the Court to consider the complaint in this case, and whether the complaint essentially calls for the enforcement in this Court of Board of Contract Appeals decisions.

In his Plaintiff's Motion For Summary Judgment ("Mot.") at 3, plaintiff, Maurice L. Bianchi, characterizes this as an action to enforce a 1988 settlement agreement between him and the Government. He argues that the settlement agreement required that the Government pay to him the proceeds of two Value Engineering Change Proposal ("VECP") awards made by the Armed Services Board of Contract Appeals, regardless of whether the Government was also obligated to pay the proceeds of those awards to his contract assignee. Mot. at 3-4.

The Court does not possesses jurisdiction to enforce an ASBCA award. See Ingalls Shipbuilding, Inc. v. United States,

13 Cl. Ct. 757, 760 & n.3 (1987), overruled on other grounds, 857 F.2d 1448 (Fed. Cir. 1989). However, regardless of the merits of Mr. Bianchi's argument that the settlement agreement requires payment to him of the VECP awards, the Court would possess jurisdiction to entertain a claim based upon that argument (at least with respect to the claim to the 2000 award which, unlike the claim to the 1993 award, is not barred by the statute of limitations set forth at 28 U.S.C. § 2501) because the Court possesses jurisdiction to entertain a claim that the Government has breached an agreement settling a civil action. See Chevron Chem. Corp. v. United States, 5 Cl. Ct. 807, 808, 810 (1984); see also Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988) (stating that a settlement agreement is a contract). That is, even if, in view of the language of the settlement agreement, Mr. Bianchi's argument lacks merit, the Court possesses jurisdiction to entertain a claim based upon that argument because Mr. Bianchi, at least in his motion for summary judgment, invokes a settlement agreement between him and the Government.

Mr. Bianchi's complaint, however, does not expressly assert a claim that the Government has breached the 1998 settlement agreement by not paying the VECP award amounts to him. Indeed, his complaint does not allege that the United States is in breach of any contract with him. Rather, his complaint seeks payment of

the VECP awards. Complaint at p. 14. Consequently, the complaint essentially calls for the enforcement in this Court of Board of Contract Appeals decisions.

The Court does not possess jurisdiction to enforce Board of Contract Appeals decisions. See Ingalls Shipbuilding, 13 Cl. Ct. at 760 & n.3. Therefore, although the Court would possess jurisdiction to entertain a claim based upon the argument set forth in Mr. Bianchi's motion for summary judgment, it does not possess jurisdiction to entertain the claims asserted in his complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/Donald E. Kinner
DONALD E. KINNER
Assistant Director

s/Timothy P. McIlmail
TIMOTHY P. MCILMAIL
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 307-0361
Facsimile: (202) 514-7965

OF COUNSEL
KATHLEEN HALLAM
Office of Counsel
Defense Supply Center, Philadelphia
Philadelphia, PA 19111-5092

August 10, 2005

Attorneys for Defendant

Certificate of Filing

I hereby certify that on August 10, 2005, a copy of the foregoing Defendant's Supplemental Brief Respecting Jurisdiction was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Timothy P. McIlmail